IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

| | |
|---|---|
| JOHN ANTHONY CASTRO<br>12 Park Place, Mansfield, TX 76063<br><br>Plaintiff,<br><br>v.<br><br>SECRETARY OF STATE ANDREW WARNER<br>1900 Kanawha Boulevard E, Charleston, WV 25305<br><br>DONALD JOHN TRUMP<br>1100 S. Ocean Blvd, Palm Beach, FL 33480<br><br>Defendants. | Case No. 2:23-cv-00598 |

FILED SEP 20 2023 RORY L. PERRY II, CLERK U.S. District Court Southern District of West Virginia

## EMERGENCY APPLICATION FOR A TEMPORARY RESTRAINING ORDER AND EXPEDITED PRELIMINARY INJUNCTION HEARING CONSOLIDATED WITH A PRELIMINARY BENCH TRIAL ON THE MERITS

Plaintiff John Anthony Castro, pursuant to Fed. R. Civ. P. 65(b), moves this Honorable Court for the entry of a Temporary Restraining Order ("TRO") enjoining Defendant Secretary of State from accepting or scheduling an appointment for the acceptance of Defendant Donald John Trump's declaration of candidacy, ballot access fee, petitions in support thereof, and any other ballot access documentation that Defendant Donald John Trump may submit or others, including, but not limited to, the State or National Republican Party, may submit for, on behalf of, or for the benefit of Defendant Donald John Trump to prevent a violation of Section 3 of the 14th Amendment to the United States Constitution.

1

In addition, pursuant to Fed. R. Civ. P. 65(b)(3), Plaintiff requests an Expedited Preliminary Injunction Hearing to take place on or before Friday, September 29, 2023.

Furthermore, pursuant to Fed. R. Civ. P. 65(a)(2), Plaintiff requests the Expedited Preliminary Injunction Hearing to be consolidated with a trial on the merits. As such, "evidence that is received on the motion and that would be admissible at trial becomes part of the trial record and need not be repeated at trial."

Please note that the only procedural method by which to achieve an Expedite Preliminary Injunction Hearing is with the granting of a Temporary Restraining Order without notice: "If the [temporary restraining] order is issued without notice, the motion for a preliminary injunction must be set for hearing at the earliest possible time, taking precedence over all other matters except hearings on older matters of the same character." Fed. R. Civ. P. 65(b)(3).

## STANDARD OF REVIEW &
## SCARCELY KNOWN RULE 65 PRELIMINARY BENCH TRIAL ON THE MERITS

"To prevail in an application for a stay or an injunction, an applicant must carry the burden of making a strong showing that it is 'likely to succeed on the merits,' that it will be 'irreparably injured absent [relief],' that the balance of the equities favors it, and that [relief] is consistent with the public interest." *Whole Woman's Health v. Jackson*, 141 S. Ct. 2494, 2495 (2021).

Fed. R. Civ. P 65(b)(1)(A)-(B) permits the Court to "issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if specific facts in… a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and the movant… certifies in writing any efforts made to give notice and the reasons why it should not be required." In this case, Plaintiff has satisfied this. The Verified Complaint, incorporated herein by reference, shows the

immediacy of irreparable harm that will result before the adverse parties can be heard and even goes further by showing the substantial likelihood of success on the merits.

Fed. R. Civ. P 65(b)(2) states that every "temporary restraining order issued without notice must state the date and hour it was issued; describe the injury and state why it is irreparable; state why the order was issued without notice; and be promptly filed in the clerk's office and entered in the record. The order expires at the time after entry--not to exceed 14 days--that the court sets, unless before that time the court, for good cause, extends it for a like period or the adverse party consents to a longer extension. The reasons for an extension must be entered in the record." In this case, the proposed order attached hereto complies.

Fed. R. Civ. P 65(b)(3) states that "[i]f the order is issued without notice, the motion for a preliminary injunction must be set for hearing at the earliest possible time, taking precedence over all other matters except hearings on older matters of the same character. At the hearing, the party who obtained the order must proceed with the motion; if the party does not, the court must dissolve the order." In this case, that is precisely why Plaintiff is requesting an Expedite Preliminary Injunction Hearing on or before Friday, September 29, 2023, which would be before the 14-day expiration deadline of the Temporary Restraining Order.

Fed. R. Civ. P 65(a)(2) states that "[b]efore… the hearing on a motion for a preliminary injunction, the court may advance the trial on the merits and consolidate it with the hearing… But the court must preserve any party's right to a jury trial." In other words, this rule permits for an ***emergency preliminary bench trial*** but still mandates the preservation of a jury trial for Defendants Donald John Trump and Secretary of State.

The U.S. Supreme Court has explained that the purpose of an injunction is to prevent future violations and it can be utilized even without a showing of past wrongs. *See U.S. v. W. T. Grant*

*Co.*, 345 U.S. 629 (1953). In this case, that is the precise situation. The U.S. Constitution bars Defendant Donald John Trump from holding public office, so it is only logical that be prevented by denying him access to appear on the state ballot and enjoining the state from counting his write-in votes.

### LIKELIHOOD OF SUCCESS ON THE MERITS

On September 29, 2020, Defendant Donald John Trump, then Commander-in-Chief of the United States Armed Forces, issued a verbal executive military order on live television to a paramilitary organization known as the Proud Boys that was led by Chairman and now-convicted felon Enrique Tarrio to "stand back and standby."

On January 6, 2021, Defendant Donald John Trump verbally instructed the United States Secret Service to allow armed men into his speech event where he radicalized the crowd with incendiary statements instructing them to "fight like hell."

On January 6, 2021, after witnessing a large group of his supporters violently attacking the United States Capitol to prevent the lawful certification of the 2020 election results with the goal of unlawfully compelling Donald John Trump's inauguration on January 20, 2021 (hereafter referred to as the "January 6th Insurrection"), Defendant Donald John Trump stated on live television, "we love you, you're very special" to the insurrectionists, which included Enrique Tarrio and Stewart Rhodes who were later convicted of seditious conspiracy. Defendant Donald John Trump's statements on live television were unambiguous words of sympathy toward the violent insurrectionary movement that shocked the nation.

On January 29, 2022, Defendant Donald John Trump publicly stated, "If I run and if I win, we will treat those people from January 6 fairly. We will treat them fairly. And if it requires pardons, we will give them pardons." Defendant Donald John Trump promised the insurrectionists

aid in the form of executive pardons for their criminal attempt to unlawfully overturn the 2020 election results.

On May 4, 2023, Proud Boys Chairman Enrique Tarrio was convicted of Seditious Conspiracy. The words "sedition" and "insurrection" are synonymous. In effect, Enrique Tarrio, the individual to whom Defendant Donald John Trump issued an executive military order, was convicted of conspiracy to commit an insurrection.

On June 22, 2023, Defendant Donald John Trump hosted a fundraiser for the January 6 insurrectionists thereby assisting in the acquisition of financial aid for their legal bills. More aid and comfort to the insurrectionary movement.

Based on these acts of aid, comfort, and expressions of sympathy for the convicted criminals of the January 6th Insurrection, it is plain and irrefutable that Defendant Donald John Trump provided "aid or comfort" to an insurrection in violation of Section 3 of the 14th Amendment to the U.S. Constitution and is, therefore, constitutionally ineligible to pursue or hold *any* public office in the United States.

Because Plaintiff is a fellow FEC-registered Republican primary candidate and intends to file his declaration of write-in candidacy, Plaintiff will suffer a political competitive injury in the form of diminution of votes. It is not remote or hypothetical; absent untimely death, Plaintiff will be a 2024 Republican Presidential candidate.

On September 18, 2023, Plaintiff completed service of process of Defendants Secretary of State and Donald John Trump.

On September 18, 2023, Plaintiff began diligently preparing this comprehensive motion. Plaintiff immediately notified Counsel for Defendant Donald John Trump and Counsel for

Defendant Secretary of State. Nevertheless, notice is not required because Defendant Doanld John Trump cannot even submit his ballot access documentation at the moment.

Plaintiff's only remedy is a Temporary Restraining Order in order to obtain an Expedite Preliminary Injunction Hearing Consolidated with a Trial on the Merits on or before September 29, 2023, to permit resolution on appeal as well as certain review by the U.S. Supreme Court prior to the commencement of the State Presidential Primary filing period.

A denial of this requested relief guarantees the issue will be mooted; thus, it is effectively a final decision under the Collateral-Order Doctrine and appealable under 28 U.S.C. § 1291(a)(1).

### IMMEDIACY OF IRREPARABLE HARM

Plaintiff is already suffering irreparable competitive injuries because Defendant Donald John Trump, who is constitutionally ineligible to hold office, is siphoning off votes and contributions. Defendant Donald John Trump's unconstitutional candidacy is putting Plaintiff at both a voter and donor disadvantage.

Votes cannot be redistributed once cast. Financial contributions cannot be refunded once given. This is prima facie irreparable harm.

The "degree of the threat" is satisfied because Plaintiff is presently being irreparably injured every day that Defendant Donald John Trump is permitted to continue his unconstitutional candidacy.

The U.S. Supreme Court has held that infringement of the U.S. Constitution "unquestionably constitutes irreparable injury." *Roman Cath. Diocese of Brooklyn v. Cuomo*, 141 S. Ct. 63, 67 (2020); *also see Elrod v. Burns*, 427 U.S. 347, 373 (1976).

### BALANCE OF EQUITIES FAVORS INJUNCTIVE RELIEF

Plaintiff's sustained harm and ongoing harm outweighs the harm an injunction would cause Defendant Donald John Trump. We cannot ignore the intent of the framers of the Fourteenth Amendment. For they saw with their own eyes what men like Defendant Donald John Trump can do to the seams that bind our nation. They foresaw that men like Defendant Donald John Trump would not be satisfied until they spilled the blood of every American citizen that disagreed with them.

Defendant Donald John Trump has promised to imprison his political enemies if re-elected President of the United States.

The entire nation knows that Defendant Donald John Trump provided aid and comfort to the January 6th Insurrection. The only remaining question is whether the federal judiciary has the courage to do the right thing. All evil needs in order to prevail is for good men and women to do nothing.

## PUBLIC INTEREST DEMANDS JUDICIAL DETERMINATION

The public interest is greatly served by preventing a violation of the United States Constitution. *See Council of Alternative Political Parties v. Hooks*, 121 F.3d 876, 883-884 (3d. Cir. 1997) (stating that in "the absence of legitimate, countervailing concerns, the public interest clearly favors the protection of constitutional rights.").

The public has an interest in preserving our Republic from a pro-insurrection candidate who is constitutionally disqualified and presently both a state and federal criminal defendant facing over 300 years in state and federal prison.

If a denial of temporary injunctive relief will moot the issue given the time-sensitive nature of the circumstances, it has the "practical effect" of denying preliminary injunctive relief and is,

therefore, appealable under 28 U.S.C. § 1292(a)(1) as of right. *See Carson v. Am. Brands, Inc.*, 450 U.S. 79, 83 (1981).

The public interest in upholding and enforcing the U.S. Constitution always outweighs the interest of a single individual.

## REQUESTED RELIEF

Plaintiff requests that this Honorable Court guard the United States Constitution it swore to defend and uphold by (1) granting a Temporary Restraining Order not to initially exceed 14 days unless extended before the expiration by the Court for good cause and (2) holding an emergency hearing within said 14 days to make a determination with regard to granting a preliminary injunction.

Plaintiff further requests a waiver of security under Fed. R. Civ. P. 65(c) since a Temporary Restraining Order will not result in any costs or damages. Defendant Donald John Trump would still have time to file his ballot access documentation with the Secretary of State's Office.

Dated: September 18, 2023.                    Respectfully submitted,

By: /s/ *John Anthony Castro*
John Anthony Castro
12 Park Place
Mansfield, TX  76063
(202) 594 – 4344
J.Castro@JohnCastro.com
**Plaintiff** *Pro Se*

## CERTIFICATE OF NOTICE AND CONFERENCE

Per Fed. R. Civ. P. 65(b)(1)(B), I hereby certify that I contacted Defendants and their legal counsel about my intent to file this motion. Contact was made via email on September 16, 2023. Plaintiff has had prior email communications with counsel for Defendant Donald John Trump, Jesse R. Binnall and Jared J. Roberts, who are currently representing Defendant Donald John Trump on appeal with Plaintiff John Anthony Castro before the U.S. Court of Appeals for the 11th Circuit as well as the U.S. Supreme Court. With regard to Defendant Secretary of State and counsel, Plaintiff confirmed their email accounts with other state officials and did not receive an email bounce-back.

In said email, Plaintiff specifically informed them of his intent to pursue a Temporary Restraining Order and requested their response as to whether they object to said relief. Neither Defendants nor their counsel responded. All parties have notice even though notice is not required for the reasons stated in the motion.

The parties that received the email are as below:

*Defendant*
Secretary of State
Adrian Fontes
1700 W Washington Street
Floor 7
Phoenix, AZ 85007
wvsos@wcsos.com
process@wvsos.com
elections@wvsos.com

*Counsel for Defendant Secretary of State*
State Attorney General
Patrick Morrisey
1900 Kanawha Blvd. E
Bldg. 1, Rm E-26
Charleston, WV 25305
patrick.j.morrisey@wvago.gov

9

*Counsel for Defendant Donald John Trump*
Jared J. Roberts
Jesse R. Binnall
Binnall Law Group, PLLC
717 King Street, Suite 200
Alexandria, VA  22314
Jared@Binnall.com
Jesse@Binnall.com

*/s/ John Anthony Castro*
John Anthony Castro

## VERIFICATION

I, John Anthony Castro, declare as follows:

1. Pursuant to Fed. R. Civ. P. 65(b)(1)(A), the Court "may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if specific facts in… a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition."

2. With a Verified Complaint, it is appropriate to consider factual statements therein as the legal equivalent of an affidavit for purposes of summary judgment. *See Sheinkopf v. Stone*, 927 F.2d 1259, 1262–1263 (1st Cir.1991).

3. As such, the Federal Rules of Civil Procedure contemplate all facts in a Verified Complaint to be incorporated by reference in a Motion for a Temporary Restraining Order. An affidavit restating all of the facts is not required. Plaintiff knew this from the time he initiated this civil action, and now the Court knows why the original complaint was verified.

4. Plaintiff has personal knowledge of each and every fact in the Verified Complaint and hereby incorporates by reference all facts in the Verified Complaint.

5. Pursuant to 28 U.S.C. § 1746, I verify that, under criminal penalty of perjury, the entirety of the foregoing document, including any and all accompanying exhibits, are unequivocally true and correct.

Executed on September 18, 2023.

/s/ John Anthony Castro
John Anthony Castro

## CERTIFICATE OF SERVICE

I certify that a true and accurate copy of the foregoing document was filed with the Court on September 18, 2023. I further certify that a true and accurate copy of the foregoing document was served via CM/ECG, email where an email address is indicated below, or U.S. postal mail on the following recipients on September 18, 2023.

*Defendant*
Secretary of State
Adrian Fontes
1700 W Washington Street
Floor 7
Phoenix, AZ  85007
wvsos@wcsos.com
process@wvsos.com
elections@wvsos.com

*Counsel for Defendant Secretary of State*
State Attorney General
Patrick Morrisey
1900 Kanawha Blvd. E
Bldg. 1, Rm E-26
Charleston, WV 25305
patrick.j.morrisey@wvago.gov

*Counsel for Defendant Donald John Trump*
Jared J. Roberts
Jesse R. Binnall
Binnall Law Group, PLLC
717 King Street, Suite 200
Alexandria, VA  22314
Jared@Binnall.com
Jesse@Binnall.com

*/s/ John Anthony Castro*
John Anthony Castro
