IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

| | |
|---|---|
| JOHN ANTHONY CASTRO<br>12 Park Place, Mansfield, TX 76063<br><br>    Plaintiff,<br><br>v.<br><br>SECRETARY OF STATE ANDREW WARNER<br>1900 Kanawha Boulevard E, Charleston, WV 25305<br><br>DONALD JOHN TRUMP<br>1100 S. Ocean Blvd, Palm Beach, FL 33480<br><br>    Defendants. | Case No. 2:23-cv-00598 |

**ORDER GRANTING PLAINTIFF'S EMERGENCY APPLICATION FOR A TEMPORARY RESTRAINING ORDER AND SETTING HEARING DATE AND TIME FOR AN EXPEDITED PRELIMINARY INJUNCTION HEARING CONSOLIDATED WITH A PRELIMINARY BENCH TRIAL ON THE MERITS**

Pending before the Court is Plaintiff's *Emergency Application For A Temporary Restraining Order And Expedited Preliminary Injunction Hearing Consolidated With A Preliminary Bench Trial On The Merits* filed on September 17, 2023, in the above-captioned case. After carefully considering the liberally construed *pro se* motion and incorporated brief therein along with he exhibits, applicable case law, *Verified Complaint*, and all other information properly before the Court, the Court finds that Plaintiff has clearly showed that immediate and irreparable injury, loss, or damage will result to Plaintiff if Defendant Secretary of State's acts are not immediately restrained. Further, the Court finds that Plaintiff has made a proper showing of (1) a substantial likelihood of success on the merits; (2) a substantial threat that failure to grant the

14

TRO with an expedited Preliminary Injunction Hearing will result in irreparable injury; (3) the threatened injury outweighs any damages the injunction may cause Defendants; and (4) the injunction is in the public interest. *See Whole Woman's Health v. Jackson*, 141 S. Ct. 2494, 2495 (2021). The Court finds Plaintiffs have made a clear showing of irreparable harm in multiple ways.

First and foremost, the infringement of any provision of the United States Constitution unquestionably constitutes irreparable harm under binding precedence from the U.S. Supreme Court.

Second, without a Temporary Restraining Order, this Court would be unable to conduct an expedited preliminary injunction hearing thereby guaranteeing that the issue will be mooted and infringe upon Plaintiff's First Amendment right to petition the federal judiciary to redress his grievance.

Third, Plaintiff has shown that there is not merely a threat of immediate irreparable harm but a present, ongoing, and continuing harm to Plaintiff in the form of a competitive political injuries based upon diminution of political support and fundraising.

Accordingly, to avoid irreparable harm and maintain the status quo, Plaintiff's *Emergency Application For A Temporary Restraining Order And Expedited Preliminary Injunction Hearing Consolidated With A Preliminary Bench Trial On The Merits* is hereby **GRANTED** and Defendants are ENJOINED from the following:

### Specific Restraints

Defendant Secretary of State is ENJOINED from accepting or scheduling an appointment for the acceptance of Defendant Donald John Trump's declaration of candidacy, ballot access fee, petitions in support thereof, and any other ballot access documentation that Defendant Donald John Trump may submit or others, including, but not limited to, the State or National Republican

Party, may submit for, on behalf of, or for the benefit of Defendant Donald John Trump to prevent a violation of Section 3 of the 14th Amendment to the United States Constitution.

This Order is issued without notice due to the immediacy of harm that has and will be further suffered by Plaintiff that is being caused by Defendant Donald John Trump.

Plaintiffs' need to give security is **WAIVED**. Fed. R. Civ. P. 65(c).

Unless modified by a subsequent order from this Court, this Order expires fourteen (14) days after its entry.

It is **SO ORDERED**.

SIGNED this September ____, 2023 at ____:____ AM / PM (ET) and expires precisely 14 days (336 hours), to the minute, thereafter.

_____
**UNITED STATES DISTRICT COURT JUDGE**