# THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

| | |
|---|---|
| JOHN ANTHONY CASTRO, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 2:2023-cv-00598-ICB |
| ANDREW WARNER, in his official capacity as West Virginia Secretary of State, and DONALD J. TRUMP, | ) |
| Defendants. | ) |

## WEST VIRGINIA REPUBLICAN PARTY'S MOTION TO INTERVENE PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 24 AND MEMORANDUM OF LAW IN SUPPORT

Intervenor, the West Virginia Republican Party, respectfully moves to intervene in this action pursuant to Federal Rule of Civil Procedure 24, and requests the Court accept its proposed Complaint in Intervention, attached hereto.

Counsel for Intervenor attempted to confer with pro se Plaintiff, who has advised he does not consent to this motion. Counsel for the Defendants have not yet appeared and the Defendants may not yet be served with the Plaintiff's Complaint.

For the reasons stated in the following Memorandum of Law, Intervenor requests that this Court grant this motion and allow the West Virginia Republican Party to intervene as of right, or alternatively, via permissive intervention, to represent its interests in this action.

Respectfully submitted,

/s/ Elgine Heceta McArdle
Elgine Heceta McArdle, WVID 6249       The American Center for Law and Justice

1

| | |
|---|---|
| MCARDLE LAW OFFICE | JAY ALAN SEKULOW** |
| 2139 Market Street |   (D.C. Bar No. 496335) |
| Wheeling, West Virginia 26003 | JORDAN SEKULOW* |
| Phone: 304-232-0700 |   (D.C. Bar No. 991680) |
| Fax: 304-214-1703 | STUART J. ROTH** |
| elgine@mcardlelawoffice.com |   (D.C. Bar No. 475937) |
| | ANDREW J. EKONOMOU** |
| |   (GA Bar No. 242750) |
| | BENJAMIN P. SISNEY* |
| |   (D.C. Bar No. 1044721) |
| | NATHAN MOELKER** |
| |   (VA Bar No. 98313) |
| | 201 Maryland Avenue, NE |
| | Washington, D.C. 20002 |
| | Telephone: (202) 546-8890 |
| | Facsimile: (202) 546-9309 |
| | Email: bsisney@aclj.org |

*Counsel for Intervenor*

*Admitted pro hac vice.
**Not admitted in this jurisdiction; motion for pro hac admission forthcoming.

THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

| | |
|---|---|
| JOHN ANTHONY CASTRO ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 2:2023-cv-00598 |
| ) | |
| ANDREW WARNER, in his official capacity ) | |
| as West Virginia Secretary of State, and ) | |
| DONALD J. TRUMP, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OF LAW IN SUPPORT OF WEST VIRGINIA REPUBLICAN PARTY'S MOTION TO INTERVENE PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 24**

**I.   The West Virginia Republican Party's Interests**

The Republican State Executive Committee of West Virginia, also known as the West Virginia Republican Party, is an unincorporated nonprofit association and Political Party Committee in the state of West Virginia, operating under West Virginia law. Its primary purpose, as reflected by its bylaws, is to elect duly nominated Republican candidates to office, promote the principles and objectives of the Republican Party, and perform its functions under West Virginia election law.

Its interests, clearly implicated in this action, are to elect Republican candidates and to protect the access of its members, statewide, to as many candidates as possible. Nominating and designating candidates is its core role – regardless of any particular candidate. Intervenor seeks intervention in this action to protect its procedures and the voter

3

access of its members statewide and any West Virginian who might vote for a Republican candidate.

Not ignoring the ministerial role the Secretary of State plays in the election process, it is the West Virginia Republican Party – the Intervenor – who bears the ultimate discretionary responsibility under West Virginia law to determine who shall be the Republican nominees for presidential office according to its own policies and procedures, by determining who shall represent the West Virginia Republican Party at the National Republican Convention. West Virginia law makes clear that it is the Republican Party, not the Secretary of State in his ministerial function, that has the ultimate say in determining the plan for primary elections; "[a]ny questions regarding whether such plan was rightfully adopted by the party shall be resolved by the party based upon party rules." W. Va. Code § 3-5-2(b).

## II.     The West Virginia Republican Party Requests Intervention as of Right

This Court should grant the West Virginia Republican Party's motion for intervention as of right. Intervention as a matter of right under Rule 24(a) is mandated when a federal statute gives the applicant an unconditional right to intervene or when the applicant satisfies each of four conditions: " (1) the application to intervene must be timely; (2) the applicant must have an interest in the subject matter of the underlying action; (3) the denial of the motion to intervene would impair or impede the applicant's ability to protect its interest; and (4) the applicant's interest is not adequately represented by the existing parties to the litigation." *Houston Gen. Ins. Co. v. Moore*, 193 F.3d 838, 839 (4th Cir. 1999). "[L]iberal intervention is desirable to dispose of as much of a controversy

'involving as many apparently concerned persons as is compatible with efficiency and due process.'" *Feller v. Brock*, 802 F.2d 722, 729 (4th Cir. 1986) (quoting *Nuesse v. Camp*, 385 F.2d 694, 700 (D.C. Cir. 1967)).

First, the West Virginia Republican Party's motion to intervene is timely. The Fourth Circuit instructs that Rule 24's timeliness requirement should be evaluated according to "three factors: first, how far the underlying suit has progressed; second, the prejudice any resulting delay might cause the other parties; and third, why the movant was tardy in filing its motion." *Alt v. United States EPA*, 758 F.3d 588, 591 (4th Cir. 2014).

This action was filed on Thursday, September 7, 2023. No significant action has been taken in this case. There has been no appearance entered by the defendants. The deadline for service has not yet passed and there is no proof of service on file. No dispositive orders have been entered. No significant action has taken place in this case of any kind. Accordingly, this motion to intervene, by being filed now, was filed in a timely fashion. *Thomas v. Andino*, 335 F.R.D. 364, 370 (S.D.S.C. 2020) (motion to intervene was timely, "as it was filed before Defendants either entered their appearance or filed any responsive pleadings."); *Democratic Party of Va. v. Brink*, 2022 U.S. Dist. LEXIS 19983, *3 (E.D. Va. 2022) ("RPV filed its Motion before Defendants even filed a responsive pleading …"). *United States v. Virginia*, 282 F.R.D. 403, 405 (E.D. Va. 2012) ("Where a case has not progressed beyond the initial pleading stage, a motion to intervene is timely."). Defendants have not yet responded to the complaint on file, a hearing is not yet scheduled, and no adjudication on the merits has taken place.

Second, the West Virginia Republican Party has a significant, legally protectable interest relating to the transaction that is the subject of this action. While Rule 24(a) does not explicitly specify the nature of the interest required for intervention as a matter of right, the Supreme Court has held that "what is obviously meant . . . is a significantly protectable interest." *Donaldson v. United States*, 400 U.S. 517, 531 (1971). The threshold for finding the requisite legally protectable interest is not high. An applicant for intervention has a "significantly protectable interest" in the subject matter of the litigation when a party "stand[s] to gain or lose by the direct legal operation of the district court's judgment." *Teague v. Bakker,* 931 F.2d 259, 261 (4th Cir. 1991). "[T]he interest test is primarily a practical guide to disposing of lawsuits by involving as many apparently concerned persons as is compatible with efficiency and due process." *Nuesse v. Camp*, 385 F.2d 694, 700 (D.C. Cir. 1967). "A protectable interest is one that would be impeded by the disposition of the action." *W. Energy All. v. Zinke*, 877 F.3d 1157, 1165 (10th Cir. 2017) (quotations omitted).

A district court has explained in detail why a Republican State Party has interests justifying intervention in election disputes:

> "The RPNM is similar to the environmental organizations who many courts have recognized to have protectable interests in litigation challenging the goals of those organizations. . . . As an organization involved in helping to elect candidates to office, it has a direct and specific interest in the litigation that is not the same general interest in fair elections that is common to all voters. . . . The RPNM, though, is not asserting "indirect and speculative partisan concerns," but has a concrete interest in this action, and invalidation of the challenged law could directly impact its interest in getting its candidates elected. Its protectable interest in this matter . . . is not in vague, general interests such as preserving confidence in the electoral system. Its protectable interest is a result of running a slate of state-wide candidates."

6

*Am. Ass'n of People with Disabilities v. Herrera*, 257 F.R.D. 236, 258 (D.N.M. 2008). That analysis applies here, as well. The West Virginia Republican Party has a specific, protectable interest in ensuring that it will be able to nominate the candidates of its choosing to public office.

Under West Virginia law, primary elections for delegates to the parties' national conventions are only carried out "[i]n accordance with the plan adopted by the state party." W. Va. Code § 3-5-2(a). Each plan adopted by the political party must be adopted "subject to compliance with their national party rules." *Id.* § 3-5-2(b). The election code provides certain things that the plan should contain, but only "to the extent permissible under the national party rules." *Id.* § 3-5-2(c). Every official primary ballot indicates that it provides for election "in accordance with the plan adopted by the party." *Id.* § 3-5-2(d). Most importantly, "[a]ny questions regarding whether such plan was rightfully adopted by the party shall be resolved by the party based upon party rules." *Id.* § 3-5-2(b). In short, West Virginia law reflects the ability of political parties to make their own decisions. As the political party with ultimate authority to determine its nominees for office, the West Virginia Republican Party has a specific, identifiable interest in ensuring that it can carry out its decisions through determining its party nominees, justifying its intervention in this action.[1]

---

[1] More generally, that a political party has an interest in its own primary election is axiomatic. *Clingman v. Beaver*, 544 U.S. 581 (2005); *Tashjian v. Republican Party of Connecticut*, 479 U.S. 208 (1986); see also *Democratic Party of the United States v. Wisconsin*, 450 U.S. 107 (1981).

Third, and relatedly, the West Virginia Republican Party is situated such that the disposition of this action will impair its ability to protect its interests. This requirement is one of "practical impairment." *Feller*, 802 F.2d at 730; *see TPI Corp. v. Merch. Mart of S.C., Inc.*, 61 F.R.D. 684, 688 (D.S.C. 1974) ("Literally, Rule 24(a)(2) requires a practical impairment of the ability to protect an interest and not a practical impairment of the ability to assert an interest."). The Tenth Circuit has explained that "the question of impairment is not separate from the question of existence of an interest." *Nat. Res. Def. Council v. U.S. Nuclear Regul. Comm'n*, 578 F.2d 1341, 1345 (10th Cir. 1978). Moreover, "the Rule refers to impairment 'as a practical matter.' Thus, the court is not limited to consequences of a strictly legal nature." *Id.* "To satisfy this element of the intervention test, a would-be intervenor must show only that impairment of its substantial legal interest is possible if intervention is denied. This burden is minimal." *Mich. State AFL-CIO v. Miller*, 103 F.3d 1240, 1247 (6th Cir. 1997).

A decision in this case adverse to President Trump would likewise have an adverse effect on the West Virginia Republican Party. Should the West Virginia Republican Party wish to designate President Trump as a candidate for President pursuant to its applicable rules and procedures, an adverse decision in this action impairs its ability to do so with res judicata effect, just as much as if it had been a party to the litigation. Moreover, this case has broader consequences on the ability of the West Virginia Republican Party to designate or nominate the candidates of its choosing, pursuant to its own rules and procedures. Accordingly, there is a clear likelihood that the Intervenor's interests would be impaired by this action, justifying intervention as of right.

Finally, the West Virginia Republican Party's interests in this matter is not represented adequately by the existing parties. Ordinarily, "the burden on the applicant of demonstrating a lack of adequate representation 'should be treated as minimal.'" *Teague*, 931 F.2d at 262 (citing *Trbovich v. United Mine Workers*, 404 U.S. 528, 538 n.10 (1972)). The West Virginia Republican Party's interests are not fully represented here by the named Defendant, President Trump.[2] President Trump clearly has his own important and legitimate interests implicated in this action. However, his interests and the West Virginia Republican Party's interests are *not* identical in several material respects. Intervenor's interests encompass its operations and processes in all future elections, in perpetuity, and without regard to whether President Trump is a candidate on the ballot. This alone makes its interests not identical to President Trump's interests.

---

[2] As the Tenth Circuit has explained, even if parties apparently have similar interests and align in that sense, their interests may still diverge for multiple reasons. *Barnes v. Sec. Life of Denver Ins. Co.*, 945 F.3d 1112, 1125 (10th Cir. 2019). As explained in *Barnes*:
> To be sure, Jackson and SLD are both undoubtedly interested in defending against, and ultimately defeating, the claims asserted in Barnes's complaint. From there, however, their interests clearly diverge.… Differences in their pertinent administrative practices could prompt different factual defenses and strategies, both as to class certification-related arguments and the merits. Further, and relatedly, SLD's counsel cannot be expected to act in the best interests of both SLD and Jackson. Rather, SLD's counsel will, and should, act only in the best interests of its client, SLD. And, indeed, SLD admits as much in its appellate brief . . . . We therefore conclude that Jackson easily satisfies the 'minimal' burden of establishing a 'possibility' that its interests will not be adequately represented by SLD.

*Barnes v. Sec. Life of Denver Ins. Co.*, 945 F.3d 1112, 1125 (10th Cir. 2019). Likewise in this case, President Trump's counsel will act in the best interests of President Trump, while the West Virginia Republican Party's counsel will act in the Committee's best interests.

The Plaintiff's claims thwart the autonomy of the West Virginia Republican Party to determine its candidates through the nomination process. If a novel lawsuit like this one, based on the types of conclusory assertions contained in the Complaint, is allowed to proceed or the relief requested by the plaintiffs is granted, the Intervenor is materially harmed – and it is harmed long after the 2024 Presidential Elections are decided. The Plaintiff is attempting to accomplish a maneuver with the intent to block from the ballot the candidate he believes the Intervenor will designate and to enjoin the West Virginia Republican Party from carrying out its own political activity. The Intervenor's interests are not in conflict with Defendant President Trump, but they are not identical, either.

As to the additional defendant, the Secretary of State, in this case this government defendant will not adequately represent the interests of the West Virginia Republican party. *Trbovich v. United Mine Workers*, 404 U.S. 528, 538 (1972) (holding that a union member's interest was not adequately represented by the Secretary of Labor because the Secretary had a "duty to serve two distinct interests, which are related, but not identical," that of the individual union member and that of the general public); *Nat'l Farm Lines v. Interstate Com. Comm'n*, 564 F.2d 381, 384 (10th Cir. 1977) ("We have here also the familiar situation in which the governmental agency is seeking to protect not only the interest of the public but also the private interest of the petitioners in intervention, a task which is on its face impossible. The cases correctly hold that this kind of a conflict satisfies the minimal burden of showing inadequacy of representation.").

In this case, the interests of the West Virginia Secretary of State is clearly different from that of the West Virginia Republican Party. The Secretary's interest is primarily that

of the public generally, in the general and faithful application of the law. The West Virginia Republican Party's interest is different in nature: its interest is instead in the maintenance of its own rights, autonomy, procedures, prerogatives, and its members' interests and ballot access. The Secretary's role as a government official, even properly executed, presents inherently different interests than those of a private litigant, including those of the Intervenor herein. In other words, the state party's "interests are to defend [West] Virginia's voting laws no matter the political repercussions while [the Intervenor]'s interest is to defend the voting laws when doing so would benefit its candidates and voters." *Democratic Party of Va. v. Brink*, 2022 U.S. Dist. LEXIS 19983, at *5.

### III. Alternatively, the Intervenor Requests this Court Grant its Intervention Permissively.

Even if this Court were to find the West Virginia Republican Party ineligible for intervention as of right, it clearly satisfies the requirements for permissive intervention under Rule 24. Federal Rule of Civil Procedure 24(b)(1)(B), which concerns "permissive intervention," states that "the court may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact." For context, federal courts across the country have regularly granted permissive intervention to political parties in election-related cases. *See Democratic Party of Va. v. Brink*, 2022 U.S. Dist. LEXIS 19983, at *2 (E.D. Va. Feb. 3, 2022) ("[Intervenor] is one of Virginia's two major political parties, and it brings a unique perspective on the election laws being challenged and how those laws affect its candidates and voters. Courts often allow the permissive intervention of political parties in actions challenging voting laws for exactly this reason.")

11

(citation omitted).

Both types of intervention share the timeliness requirement. As explained above regarding intervention as of right, the West Virginia Republican Party's motion to intervene is timely. The West Virginia Republican Party's response to the Petitioner's arguments will share common questions of law and fact with the central issue already present in this litigation, namely, disqualification under the Fourteenth Amendment. Intervention will result in neither prejudice nor undue delay.

This case has only just begun, and the West Virginia Republican Party has an interest in ensuring that this matter is resolved as promptly as possible so that it may determine who its designated presidential candidates will be. If intervention is granted, the legal issues present in this case regarding the meaning of the Fourteenth Amendment will be unaltered, and there will likewise be no change to the practical questions before this Court. As this case is one that should be decided as a matter of law or on the pleadings, there would likely be no additional discovery burden imposed by the addition of the West Virginia Republican Party as an additional party. Accordingly, there would be no burden to the Court or to the parties that would result from intervention. In sum, the Intervenor "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). That common question is grounded upon the Fourteenth Amendment to the Constitution of the United States and whether Plaintiff's request to thwart the Intervenor's ability to have its designated candidates presented to the people for a vote, and Intervenor should have a say in whether it retains that ability.

**WHEREFORE**, Intervenor respectfully requests that the Court grant this motion

12

and allow the West Virginia Republican Party to intervene, file its proposed Complaint in Intervention, and defend its interests in this action.

Dated:  September 26, 2023.          Respectfully submitted,

/S/ELGINE HECETA MCARDLE
Elgine Heceta McArdle, WVID 6249    THE AMERICAN CENTER FOR LAW AND JUSTICE

MCARDLE LAW OFFICE            JAY ALAN SEKULOW**
2139 Market Street                 (D.C. Bar No. 496335)
Wheeling, West Virginia 26003     JORDAN SEKULOW*
Phone: 304-232-0700             (D.C. Bar No. 991680)
Fax: 304-214-1703               STUART J. ROTH**
elgine@mcardlelawoffice.com       (D.C. Bar No. 475937)
                                   ANDREW J. EKONOMOU**
                                    (GA Bar No. 242750)
                                   BENJAMIN P. SISNEY*
                                    (D.C. Bar No. 1044721)
                                   NATHAN MOELKER**
                                    (VA Bar No. 98313)
                                   201 Maryland Avenue, NE
                                   Washington, D.C.  20002
                                   Telephone: (202) 546-8890
                                   Facsimile: (202) 546-9309
                                   Email: bsisney@aclj.org

*Counsel for Intervenor*

*Admitted pro hac vice.
**Not admitted in this jurisdiction; motion for pro hac admission forthcoming.

## CERTIFICATE OF SERVICE

I hereby certify that on this 26th day of September, 2023, the foregoing document was electronically transmitted to the Clerk of Court using the ECF System for filing and was transmitted to those individuals receiving Notice of Electronic Filings in this matter.

/S/ELGINE HECETA MCARDLE
Elgine Heceta McArdle, WVID 6249
MCARDLE LAW OFFICE
2139 Market Street
Wheeling, West Virginia 26003
Phone: 304-232-0700
Fax: 304-214-1703
elgine@mcardlelawoffice.com

*Counsel for Intervenor*