## THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

| | | |
|---|---|---|
| JOHN ANTHONY CASTRO | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:2023-cv-00598-ICB |
| | ) | |
| ANDREW WARNER, in his official capacity | ) | |
| as West Virginia Secretary of State, and | ) | |
| DONALD J. TRUMP, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| And, | ) | |
| | ) | |
| WEST VIRGINIA REPUBLICAN PARTY, | ) | |
| PO Box 2711 | ) | |
| Charleston, WV 25330, | ) | |
| | ) | |
| Intervenor. | ) | |

---

### WEST VIRGINIA REPUBLICAN PARTY'S COMPLAINT IN INTERVENTION SEEKING DECLARATORY AND INJUNCTIVE RELIEF PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 24, 57, AND 65

---

COMES NOW, Intervenor West Virginia Republican Party (or the "State Party"), and, pursuant to Federal Rules of Civil Procedure 24(c), 57, and 65, respectfully submits the following Complaint against Plaintiff John Castro for declaratory and injunctive relief.

### JURISDICTION AND VENUE

1.     This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1343(a)(4), and 1346.

2.     This Court has authority to award the herein requested declaratory and injunctive relief pursuant to 28 U.S.C. §§ 2201 and 2202, and Rules 57 and 65 of the Federal Rules of Civil Procedure.

3.     This Court has authority to award Intervenor its reasonable costs and attorney fees pursuant to the general legal and equitable powers of this Court.

4.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(e) because Defendant West Virginia Secretary of State resides and/or perform its official duties in this district.

## THE INTERVENOR

5.     The West Virginia Republican Party is an unincorporated nonprofit association and Political Party Committee in the state of West Virginia, operating under West Virginia law. Its primary purpose is to, subject to its own rules of organization and procedure, elect duly nominated Republican candidates to office, to promote the principles and achieve the objectives of the Republican Party, and to perform its functions under West Virginia election law.

6.     Intervenor's interests, clearly implicated in this action, are to elect Republican candidates and to protect the access of its members, statewide, to as many candidates as possible. Intervenor seeks intervention in this action to protect its processes and procedures, and the voter access of its members. The claims advanced by the Plaintiff impair the Intervenor's interests and those of its members, registered Republicans, and indeed, any West Virginian who might vote for any candidate affiliated with the West Virginia Republican Party.

7.      The Plaintiff's identity is set forth in paragraph 2 of the Verified Petition. Intervenor acknowledges Plaintiff's identity as pled but does not concede any factual allegation.

8.      The Defendant West Virginia Secretary of State's identity is set forth in paragraph 3 of the Plaintiff's Verified Complaint. He is sued by Plaintiff Castro in his official capacity.

9.      The Defendant Donald J. Trump's identity is set forth in paragraph 4 of the Verified Complaint.

## FACTUAL ALLEGATIONS

10.      For the reasons set forth herein, Intervenor, the West Virginia Republican Party, intervenes in this action pursuant to Federal Rule of Civil Procedure 24, seeking declaratory and injunctive relief against Plaintiff John Castro.

11.      The West Virginia Republican Party has a significant, legally protectable interest relating to the transaction that is the subject of this action. *Teague v. Bakker,* 931 F.2d 259, 261 (4th Cir. 1991); *Democratic Party of Va. v. Brink*, 2022 U.S. Dist. LEXIS 19983, at *2 (E.D. Va. Feb. 3, 2022). *See Am. Ass'n of People with Disabilities v. Herrera*, 257 F.R.D. 236, 258 (D.N.M. 2008).

12.      The West Virginia Republican Party has a specific, protectable interest in ensuring that it will be able to run candidates affiliating themselves with the State Party for public office and, in primaries, in ensuring as many candidates are available to its members for their choice.

13.      It is the West Virginia Republican Party which has authority to determine who will be chosen as its nominee by determining the exact parameters of its political primary process. W. Va. Code § 3-5-2. Primary elections are conducted "[i]n accordance with

the plan adopted by the state party." *Id.* § 3-5-2(a). "Any questions regarding whether such plan was rightfully adopted by the party shall be resolved by the party based upon party rules." *Id.* § 3-5-2(b). The West Virginia Election Code explicitly vests authority to determine the "plan" for elections not in the Secretary of State, but instead, in the political parties.

14.    Accordingly, the West Virginia Republican Party has a specific, identifiable interest in ensuring that it has the ability to carry out its decisions through determining its party nominees, and given the relief requested by Plaintiff, intervention is necessary to seek declaratory and injunctive relief from Plaintiff to protect its interests and operations under the law.

15.    The West Virginia Republican Party is situated such that the disposition of this action will impair its ability to protect its interests. *See Feller v. Brock*, 802 F.2d 722, 729 (4th Cir. 1986); *Michigan State AFL-CIO v. Miller*, 103 F.3d 1240, 1247 (6th Cir. 1997).

16.    The relief sought by Plaintiff in this case would have an adverse effect on the West Virginia Republican Party. Should the West Virginia Republican Party wish to designate Defendant President Trump as a candidate for President pursuant to its applicable rules and procedures, an adverse decision in this action impairs its ability to do so with res judicata effect, just as much as if it had been a party to the litigation.

17.    Moreover, this case has broader consequences on the ability of the West Virginia Republican Party to designate or nominate the candidates of its choosing beyond the 2024 primary.

4

18.     The West Virginia Republican Party's interest is different from that of all existing parties: rather than the interests of the government official in this case, its interest is instead in the maintenance of its own rights, autonomy, procedures, operations, prerogatives, and its members' interests.

19.     Defendant President Trump clearly has his own important and legitimate interests implicated in this action. However, Defendant President Trump's interests and the West Virginia Republican Party's interests are not identical in several material respects.

20.     Intervenor's interests encompass its operations and processes in all future elections, in perpetuity, and without regard to whether Defendant Donald Trump is a candidate on the ballot. This alone makes its interests not identical to Defendant Trump's interests. *See Democratic Party of Va. v. Brink*, No. 3:21-cv-756-HEH, 2022 U.S. Dist. LEXIS 19983, at *2 (E.D. Va. Feb. 3, 2022) ("[Intervenor] is one of Virginia's two major political parties, and it brings a unique perspective on the election laws being challenged and how those laws affect its candidates and voters. Courts often allow the permissive intervention of political parties in actions challenging voting laws for exactly this reason.") (citation omitted).

21.     The Plaintiff's claims thwart the autonomy of the West Virginia Republican Party to adhere to its own rules and applicable laws to determine its candidates pursuant to the rules and policies it establishes under West Virginia law.

22.     If a novel lawsuit like this one, based on the types of conclusory assertions contained in the Verified Complaint, is allowed to proceed or the relief requested by Plaintiff is granted, the Party is materially harmed – and it is harmed long after the 2024 Presidential

Elections are decided.

23.     Plaintiff is attempting to accomplish a maneuver with the express intent to require the Intervenor to make a specific decision in its political selection process. [*See* Verified Complaint, ¶57, at p. 20 (seeking to "secure an injunction against the Republican Party" to prevent Trump's nomination)]. Plaintiff's requested relief violates the statutory and constitutional rights of the Party and its members.

24.     This case has only just begun, and the West Virginia Republican Party has an interest in ensuring that its rights to designate its candidates pursuant to its rules and state law are declared and protected as promptly as possible so that it may determine who its designated presidential candidates will be.

251.    The West Virginia Republican Party has associational and speech rights protected by the United States Constitution, and statutory rights protected federal and state law.

## CAUSE OF ACTION

### COUNT I
### (Declaratory Relief Regarding First Amendment – Freedom of Speech and Association)

26.     The allegations of all Paragraphs above are incorporated by reference herein as if fully set out.

27.     The First Amendment protects private speech and expression from government interference or restriction when the specific motivating ideology or the opinion or perspective of the speaker is the rationale for the restriction.

28.     The First Amendment protects the speech and associational rights of associations, including those of the Intervenor.

29.     The relief requested by Plaintiff, *i.e.*, the conduct it asks the Court to compel from the West Virginia Secretary of State, would unlawfully deprive Intervenor of its First Amendment rights to engage in protected speech, expression, and association.

30.     The relief Plaintiff seeks is a restriction on Intervenor's speech which is content and viewpoint-based and demonstrates a concerted effort to single out, intimidate, exclude, and ultimately silence the Intervenor's operations, association and expression. Further, the relief Plaintiff seeks to impose upon the Defendant Secretary does not serve a compelling interest, is not narrowly tailored, and does not constitute the least restrictive means of advancing any state interest.

31.     Intervenor has been and will continue to be harmed as a direct and proximate result of Plaintiff's attempts to violate its constitutional rights, and Intervenor requests the relief set forth below in their Prayer for Relief.

32.     There is a real and justifiable conflict between Intervenor West Virginia Republican Party and Plaintiff Castro.

33.     Intervenor seeks a Declaration pursuant to Fed. R. Civ. P. 57 and 28 U.S.C §§ 2201 and 2202 that Plaintiff's requested relief violates Inventor's First Amendment rights under the U.S. Constitution and therefore must be denied.

## COUNT 2
### (Declaratory Relief Regarding Applicability of U.S. Const. amend. XIV, Sec. 3)

34.     The allegations of all Paragraphs above are incorporated by reference herein as if fully set out

35.     Plaintiff seeks an Order requiring the West Virginia Secretary of State to remove or preclude Defendant Trump from the ballot in West Virginia pursuant to U.S. Const. amend. XIV, Sec. 3.

36.     Plaintiff's allegations are insufficient as a matter of law to support his relief against the West Virginia Secretary of State.

37.     Intervenor seeks declaratory relief pursuant to Rule 57, Fed. R. Civ. P. and 28 U.S.C §§ 2201 and 2202, that Defendant Secretary of State does not possess authority to preclude the placement of Defendant Trump on West Virginia's ballot pursuant to U.S. Const. amend. XIV, Sec. 3.

## PRAYER FOR RELIEF

Intervenor repeats and re-alleges all allegations set forth above and incorporates those allegations herein by reference, and requests that this Court grant to it the following relief and enter final judgment denying the relief sought by Plaintiff:

- A.     Declare the relief sought by Plaintiff as against the Secretary of the West Virginia State Election Board to be in violation Intervenor's rights under the First Amendment to the United States Constitution and improper under U.S. Const. amend. XIV, Sec. 3;
- B.     Declare the relief sought by Plaintiff as against the Secretary of the West Virginia State Election Board to be an unlawful violation of and interference with Intervenor's rights, operations and processes as set forth by West Virginia and federal law;
- C.     Award to Intervenor the costs of this action and its reasonable attorney fees; and,
- D.     Award such other and further relief as the Court deems equitable and just.

Dated:  September 26, 2023.          Respectfully submitted,

/S/ELGINE HECETA MCARDLE
Elgine Heceta McArdle, WVID  6249      THE AMERICAN CENTER FOR LAW AND JUSTICE
MCARDLE LAW OFFICE                      JAY ALAN SEKULOW*

2139 Market Street
Wheeling, West Virginia 26003
Phone: 304-232-0700
Fax: 304-214-1703
elgine@mcardlelawoffice.com

(D.C. Bar No. 496335)
JORDAN SEKULOW**
 (D.C. Bar No. 991680)
STUART J. ROTH**
 (D.C. Bar No. 475937)
ANDREW J. EKONOMOU**
 (GA Bar No. 242750)
BENJAMIN P. SISNEY*
 (D.C. Bar No. 1044721)
NATHAN MOELKER**
 (VA Bar No. 98313)
201 Maryland Avenue, NE
Washington, D.C.  20002
Telephone: (202) 546-8890
Facsimile: (202) 546-9309
Email: bsisney@aclj.org

*Counsel for Intervenor*

*Admitted pro hac vice.
**Not admitted in this jurisdiction; motion for pro hac admission forthcoming.

## CERTIFICATE OF SERVICE

I hereby certify that on this 26th day of September, 2023, the foregoing document was electronically transmitted to the Clerk of Court using the ECF System for filing and was transmitted to those individuals receiving Notice of Electronic Filings in this matter.

/s/Elgine Heceta McArdle
Elgine Heceta McArdle
McArdle Law Office
2139 Market Street
Wheeling, West Virginia 26003
Phone: 304-232-0700
Fax: 304-214-1703
elgine@mcardlelawoffice.com

*Counsel for Intervenor*