IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

| | |
|---|---|
| JOHN ANTHONY CASTRO<br>12 Park Place, Mansfield, TX 76063<br><br>    Plaintiff,<br><br>v.<br><br>SECRETARY OF STATE ANDREW WARNER<br>1900 Kanawha Boulevard E, Charleston, WV 25305<br><br>DONALD JOHN TRUMP<br>1100 S. Ocean Blvd, Palm Beach, FL 33480<br><br>    Defendants. | Case No. 2:23-cv-00598 |

## OBJECTION AND OPPOSITION TO MOTION TO INTERVENE FOR LACK OF STANDING AND ILLEGALITY

Plaintiff John Anthony Castro, *pro se*, submits this Objection and Opposition to Motion to Intervene for Lack of Standing and states as follows:

### LACK OF STANDING

Courts have held that once an individual is selected to be a particular political party's nominee, then and only then does the state political party have organizational/associational standing to litigate on behalf of the candidate. *See Texas Democratic Party v. Benkiser*, 459 F.3d 582, 588 (5th Cir. 2006). In this case, Defendant Donald John Trump is not a nominee.

### STANDARD FOR INTERVENTION AS OF RIGHT NOT MET

The U.S. Supreme Court has held that intervention as of right requires a showing that intervenor's interests are not being adequately represented by the existing parties. *See Sam Fox*

1

*Pub. Co. v. United States*, 366 U.S. 683 (1961).  In this case, the intervention applicants have not alleged that Defendant Donald John Trump's attorneys will be incompetent and incapable of representing their interests.  Instead, they Motion to Intervene before Defendant Donald John Trump has answered and attempt to use that as basis for intervention, which is frivolous and sanctionable by this Honorable Court.

The U.S. Court of Appeals for the 4th Circuit has held that, if the intervention applicants concede that the counsel for the parties are competent to adequately represent their interests, then intervention as of right must be denied.  *See Com. of Va. v. Westinghouse Elec. Corp*., 542 F.2d 214 (4th Cir. 1976).

### STANDARD FOR PERMISSIVE INTERVENTION NOT MET

The U.S. Supreme Court has held that permissive intervention must be based on a claim or defense that overlaps with the main action that have common questions of law or fact, which could be had by a fellow competitor.  *See Allen Calculators v. Nat'l Cash Reg. Co*., 322 U.S. 137 (1944).  In this case, that is ***not*** the case.  The West Virginia Republican Party ("WVGOP") is not a competitor.  WVGOP has no standing to intervene.  The judicial determination of constitutional eligibility of a private citizen is not a legally recognized injury that provides standing.  Now, if Defendant Donald John Trump was presently the party's official nominee, then they would have standing; however, that is not the case.  Defendant Donald John Trump is simply a private citizen.

The 4th Circuit has held that an intervenor's ability to protect its interests must be impaired by the transaction for intervention to be allowed.  *See Spring Const. Co. v. Harris*, 614 F.2d 374 (4th Cir. 1980); *also see Donaldson v. United States*, 400 U.S. 517 (1971); *Safety-Kleen, Inc. (Pinewood) v. Wyche*, 274 F.3d 846 (4th Cir. 2001); *Berger v. N. Carolina State Conf. of the*

*NAACP*, 142 S. Ct. 2191 (2022). WVGOP has not legally protectible interest in the judicial determination of constitutional eligibility of a private citizen.

### CLOSING

WVGOP's only argument is that they represent Republican voters. For a standing analysis and inquiry, a look-through approach is applied. A regular voter would not have standing to intervene in this case. Likewise, an organization representing thousands of voters does not have standing to intervene in this case.

WVGOP has not shown that a judicial determination of Defendant Donald John Trump's qualification and eligibility to hold public office would create any impairment to their interests or that Defendant Donald John Trump's lawyers (who have not even submitted a notice of appearance) are inadequately representing his interests.

This is an attempt to provide illegal in-kind campaign support to the preferred candidate of the WVGOP and the "American Center for Law and Justice," which is the pseudonym for a 501(c)(3) tax-exempt organization called Christian Advocates Serving Evangelism, Inc. ("CASE"). CASE's involvement in this case is unlawful and violative of their status as a purported faith-based non-profit. A brief examination of their website reveals a gross degree of heavy involvement in political matters advocating for and against candidates in blatant violation of federal law.

Furthermore, the WVGOP's intervention not only fails under existing law but is also likely contrary to federal campaign laws as well.

The constitutional determination of qualification and eligibility of a candidate is not a recognized injury that would provide WVGOP with organizational or associational standing.

### REQUESTED RELIEF

For the foregoing reason, this Honorable Court should not grant the Motion to Intervene unless and until the WVGOP can satisfactorily show that (1) it has organizational or associational standing, (2) Defendant Donald John Trump's lawyers cannot adequately represent his interests, and (3) WVGOP's representation would not violate federal campaign finance laws.

Dated: September 26, 2023.  Respectfully submitted,

By: /s/ *John Anthony Castro*
John Anthony Castro
12 Park Place
Mansfield, TX  76063
(202) 594 – 4344
J.Castro@JohnCastro.com
**Plaintiff** *Pro Se*

## CERTIFICATE OF SERVICE

I certify that a true and accurate copy of the foregoing document was filed with the Court on September 26, 2023 and that all parties will be served by U.S. postal mail.

/s/ *John Anthony Castro*
John Anthony Castro