## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
### CHARLESTON DIVISION

JOHN ANTHONY CASTRO,

          **Plaintiff,**                                          **2:23-CV-00598**

        vs.

SECRETARY OF STATE
ANDREW WARNER, and
DONALD JOHN TRUMP,

          **Defendants.**

### <u>PROPOSED FINDINGS AND RECOMMENDATION</u>

Pending before the Court is the ***Emergency Application for a Temporary Restraining Order and Expedited Preliminary Injunction Hearing Consolidated with a Preliminary Bench Trial on the Merits*** (ECF No. 9) filed on September 20, 2023 by the Plaintiff, who is proceeding *pro se*. By Order entered on September 11, 2023, this matter was referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (ECF No. 6) Having reviewed the Plaintiff's ***Emergency Application*** (ECF No. 9) and pertinent legal authority, the undersigned has concluded that the ***Emergency Application*** should be **DENIED** for the reasons stated *infra*:

### Factual And Procedural Background

On September 7, 2023, the Plaintiff filed his ***Verified Complaint for Declaratory and Injunctive Relief*** asserting that he "intends to either appear on the 2024 Republican primary ballot in this state or to file documentation to be a formally recognized write-in candidate in both the primary and general elections" and has filed the instant suit seeking "declaratory judgment that Defendant Donald John Trump is disqualified under Section 3 of the 14th

Amendment" and injunctive relief "against Defendant Secretary of State to prevent the acceptance and/or processing of any ballot access documentation of Defendant Donald John Trump for both the primary election and general election." (ECF No. 1 ¶¶ 18-19).[1]

In the pending ***Emergency Application***, the Plaintiff asks this Court to enjoin the Defendant Secretary of State from accepting . . . Defendant Donald John Trump's declaration of candidacy . . . ." and hold a preliminary injunction hearing, consolidated with a trial on the merits, to take place on or before September 29, 2023. (ECF No. 9 at 1-2)

Neither Defendant has answered or responded to the Plaintiff's pleadings at this time.[2]

### The Standard[3]

Rule 65(b) of the Federal Rules of Civil Procedure sets forth the limited circumstances under which a temporary restraining order can be granted as follows:

> A temporary restraining order may be granted without written or oral notice to the adverse party or that party's attorney only if (1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or that

---

[1] The undersigned notes that the Plaintiff has filed the same or similar complaints in numerous other states. *See, e.g., Castro v. Toulouse Oliver*, C/A No. 23-766 KK/GJF, 2023 WL 6065304 (D.N.M. Sept. 18, 2023). The Plaintiff also previously filed suit against the Federal Election Commission ("FEC"), asking the court in part "to require the FEC to reject Mr. Trump's statement of candidacy on the basis that his alleged involvement in the events of January 6, 2021 . . . ." *Castro v. Fed. Election Comm'n*, No. CV 22-2176 (RC), 2022 WL 17976630, at *2 (D.D.C. Dec. 6, 2022), aff'd, No. 22-5323, 2023 WL 2899541 (D.C. Cir. Apr. 10, 2023). The Plaintiff's complaint was dismissed for lack of standing, in addition to other reasons. *See id.*

[2] A notice of appearance of counsel has just recently been filed for the Defendant Secretary of State (ECF No. 12), however, no appearance has been made on behalf of the Defendant Trump.

[3] As noted above in FN. 1, the Plaintiff has filed the same or similar complaints in other districts, including one in the sister state of South Carolina located in this Circuit. Furthermore, the Plaintiff has filed a nearly identical motion in the South Carolina matter as the one presently pending before the undersigned. As a result, the undersigned has the benefit of reviewing the **Report and Recommendation** filed by United States Magistrate Judge Shiva V. Hodges in the matter of ***Castro v. SC Elections Commission, et. al.*** Case No. 3:23-4501-MGL-SVH (ECF No. 16). Judge Hodges' research, legal analysis, findings, and recommendations are relevant and persuasive in the matter pending before the undersigned. Therefore, the undersigned has taken the liberty of adopting much of Judge Hodges' research, legal analysis, findings, and recommendations in this filing. For stylistic reasons, the undersigned has not given attribution to Judge Hodges' work in each instance in which the undersigned has quoted *verbatim* from her **Report and Recommendation**, but does wish to give her credit, by this footnote, that the undersigned has taken the liberty of using Judge Hodges' scholarship in formulating this **Proposed Findings and Recommendation**.

> party's attorney can be heard in opposition, and (2) the applicant's attorney certifies
> to the court in writing the efforts, if any, which have been made to give the notice
> and the reasons supporting the claim that notice should not be required.

Fed.R. Civ. P. 65(b). Rule 65(a) provides that a court may issue a preliminary injunction only on notice to the adverse party. Fed. R. Civ. P. 65(a). The Fourth Circuit explained the different functions of temporary restraining orders and preliminary injunctions in *Hoechst Diafoil Company v. Nan Ya Plastics Corporation*, 174 F.3d 411, 422 (4th Cir. 1999), as follows:

> While a preliminary injunction preserves the status quo pending a final trial on the
> merits, a temporary restraining order is intended to preserve the status quo only
> until a preliminary injunction hearing can be held: '[U]nder federal law [temporary
> restraining orders] should be restricted to serving their underlying purpose of
> preserving the status quo and preventing irreparable harm just so long as is
> necessary to hold a hearing, and no longer.' *Granny Goose*, 415 U.S. at 439.

"A plaintiff seeking a preliminary injunction *must* establish that [1] he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest." *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20, 129 S.Ct. 365, 374, 172 L.Ed.2d 249 (2008)(emphasis added); *see also, Leaders of a Beautiful Struggle v. Baltimore Police Dep't* , 2 F.4th 330, 339 (4th Cir. 2021). [A]ll four requirements must be satisfied." *The Real Truth About Obama, Inc. v. Federal Election Commission*, 575 F.3d 342, 346 (4th Cir. 2009), *judgment vacated on other grounds*, 559 U.S. 1089, 130 S.Ct. 2371, 176 L.Ed.2d 764 (2010).[4] The Fourth Circuit has explained that "[b]ecause a preliminary injunction affords, on a temporary basis, the relief that can be granted permanently after trial, the party seeking the preliminary injunction must

---

[4] The United States Supreme Court vacated the original decision in *Real Truth* for further consideration in light of *Citizens United v. Federal Election Commission*, 558 U.S. 310, 130 S.Ct. 876, 175 L.Ed.2d 753 (2010). *The Real Truth About Obama, Inc. v. Federal Election Commission*, 559 U.S. 1089, 130 S.Ct. 2371, 176 L.Ed.2d 764 (2010). The Fourth Circuit, however, reissued its opinion on Parts I and II of its opinion. *The Real Truth About Obama, Inc. v. Federal Election Commission*, 607 F.3d 355 (4th Cir. 2010).

demonstrate by 'a clear showing' that, among other things, it is likely to succeed on the merits at trial." *Id*. Furthermore, the Supreme Court "rejected a standard that allowed the plaintiff to demonstrate only a 'possibility' of irreparable harm because that standard was 'inconsistent with our characterization of injunctive relief as an extraordinary remedy that may be awarded upon a clear showing that the plaintiff is entitled to such relief." *Id*. (citing *Winters*, 55 U.S. at 22, 129 S.Ct. at 375-376.) Thus, a Court may not issue a preliminary injunction or temporary restraining order "simply to eliminate a possibility of a remote future injury." *Kates v. Packer*, 2014 WL 1218905, * 3 (M.D.Pa. March 24, 2014)(quoting *Holiday Inns of America, Inc. v. B&B Corp.*, 409 F.2d 614, 618 (3ʳᵈ Cir. 1969)("The requisite for injunctive relief has been characterized as a 'clear showing of immediate irreparable injury,' or a 'presently existing actual threat.'"). The irreparable harm alleged by movant must be "neither remote nor speculative, but actual and imminent." *Direx Israel, Ltd. v. Breakthrough Medical Corp.*, 952 F.2d 802, 812 (4ᵗʰ Cir. 1991), *abrogation recognized on other grounds*, *Sarsour v. Trump*, 245 F.Supp.3d 719, n. 6 (4ᵗʰ Cir. 2017); *also see Kates*, 2014 WL 1218905 at * 3 (The irreparable harm must be "actual and imminent, not merely speculative.") As the Fourth Circuit has explained, the Court is no longer required to balance the irreparable harm to the respective parties. *Real Truth*, 575 F.3d at 347. Rather, the movant must make a clear showing that he is likely to be irreparably harmed, and the Court must "pay *particular regard* for the public consequences in employing the extraordinary remedies of an injunction." *Id*.(citations omitted).

While the standards for issuing a temporary restraining order and a preliminary injunction are the same, the distinction between the two hinges on whether the court issues the order "without notice" in a temporary restraining order pursuant to Fed. R. Civ. P. 65(b) or "with notice" in a preliminary injunction pursuant to Fed. R. Civ. P. 65(a). *Ciena Corp. v. Jarrard*, 203 F.3d 312,

320 (4th Cir. 2000) ("whether an interlocutory injunction entered is labeled a TRO or a preliminary injunction is not of particular moment, so long as the party opposing the injunction is given notice and an opportunity to oppose that is commensurate with the duration of the injunction. Thus, an interlocutory injunction entered without notice may extend only [fourteen] days with a possible [fourteen]-day extension, *see* Fed.R.Civ.P. 65(b), whereas an interlocutory injunction with an unlimited term may be entered only after giving notice sufficient to enable the opposing party to prepare an opposition, *see* Fed.R.Civ.P. 65(a)").

### Discussion

In addition to a temporary restraining order, the Plaintiff additionally seeks an expedited preliminary injunction hearing to be consolidated with a trial on the merits, as provided by Fed. R. Civ. P. 65(a)(2), (b)(3). These rules provide in part as follows:

(a)      Preliminary Injunction.

  (1)  Notice. The court may issue a preliminary injunction only on notice to the adverse party.

  (2)  Consolidating the Hearing with the Trial on the Merits. Before or after beginning the hearing on a motion for a preliminary injunction, the court may advance the trial on the merits and consolidate it with the hearing. Even when consolidation is not ordered, evidence that is received on the motion and that would be admissible at trial becomes part of the trial record and need not be repeated at trial. But the court must preserve any party's right to a jury trial.

(b)      Temporary Restraining Order.

  (1)  Issuing Without Notice. The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:

    (A)  specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and

    (B)  the movant's attorney certifies in writing any efforts made to

give notice and the reasons why it should not be required.

(2) Contents; Expiration. Every temporary restraining order issued without notice must state the date and hour it was issued; describe the injury and state why it is irreparable; state why the order was issued without notice; and be promptly filed in the clerk's office and entered in the record. The order expires at the time after entry—not to exceed 14 days—that the court sets, unless before that time the court, for good cause, extends it for a like period or the adverse party consents to a longer extension. The reasons for an extension must be entered in the record.

(3) Expediting the Preliminary-Injunction Hearing. If the order is issued without notice, the motion for a preliminary injunction must be set for hearing at the earliest possible time, taking precedence over all other matters except hearings on older matters of the same character. At the hearing, the party who obtained the order must proceed with the motion; if the party does not, the court must dissolve the order.

Fed. R. Civ. P. 65.

A temporary restraining order – particularly one granted without notice to the defendant – is an "emergency procedure and is appropriate only when the applicant is in need of immediate relief." 11A Charles Wright, Arthur Miller & Mary Kane, Federal Practice and Procedure § 2951 (2d ed.); *see also Steakhouse, Inc. v. City of Raleigh*, 166 F.3d 634, 637 (4th Cir. 1999)("The grant of interim [injunctive] relief is an extraordinary remedy involving the exercise of a very far-reaching power, which is to be applied only in the limited circumstances which clearly demand it."). "Ex parte temporary restraining orders are no doubt necessary in certain circumstances, but under federal law they should be restricted to serving their underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer." *Granny Goose Foods, Inc. v. Brotherhood of Teamsters and Auto Truck Drivers* , 415 U.S. 423, 439 (1974) (citations omitted).

Pursuant to Fed. R. Civ. P. 65(b)(1)(A), a temporary restraining order shall not issue in the

6

absence of "specific facts [that] clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party may be heard in opposition." The Plaintiff, who states he is a Republican primary candidate for the 2024 Presidential Election, argues his "only remedy" is a temporary restraining order in order to obtain an expedited preliminary injunction hearing consolidated with a trial on the merits on or before September 29, 2023, "to permit resolution on appeal as well as certain review by the U.S. Supreme Court prior to the commencement of the State Presidential Primary filing period." (ECF No. 9 at 6)

However, the Plaintiff has failed to provide specific facts showing immediate and irreparable injury will occur prior to defendants' providing a response in opposition to his motion. While he argues that he is "already suffering irreparable competitive injuries because Defendant Donald John Trump . . . . is siphoning off votes and contributions" from him, the Plaintiff fails to provide any specific facts in support of this allegation or forecast in what way this alleged damage may be impacted by the commencement of West Virginia's presidential primary filing period. Id. Although he may be correct that "votes cannot be redistributed once cast" and "financial contributions cannot be refunded once given," the Plaintiff does not indicate what specific votes or contributions have been or will be siphoned off from his campaign during the expediated timeline he has requested: the Plaintiff asserts that both he and Defendant Trump are "pursuing the same voter and donor pies" (ECF No. 1 ¶30) – but this is an insufficient showing of immediate and irreparable injury.

This instance is also unlike those cited by Plaintiff where courts have found violation of a constitutional right to cause irreparable harm. *See, e.g.*, *Roman Cath. Diocese of Brooklyn v. Cuomo* , 141 S. Ct. 63, 67 (2020) ("The loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury.") (citing *Elrod v. Burns*, 427 U.S.

347, 373 (1976)). Yet the Plaintiff contends otherwise:

> The United States Constitution conferred onto individuals like Plaintiff John Anthony Castro with the right to not have to politically compete with someone that either engaged in or  merely provided aid or comfort to an insurrection or insurrectionists. This is a new constitutional right not previously recognized by the federal judiciary.

(ECF No. 1 ¶ 108, see also Id. ¶ 8 ("Section 3 of the 14th Amendment created an implied cause of action for a fellow candidate to obtain relief for a political competitive  injury  by  challenging another  candidate's  constitutional eligibility on the grounds that they engaged in or provided 'aid or comfort' to an insurrection"); see also ECF No. 9 at 4 (" The U.S. Constitution bars Defendant Donald John Trump from holding public office, so it is only logical that [he] be prevented by denying him access to appear on the state ballot and enjoying the state from counting his write-in votes.").

> Section 3 of the Fourteenth Amendment provides as follows:

> No person shall be a Senator or Representative in Congress, or elector of President and Vice-President, or hold any office, civil or military, under the United States, or under any State, who, having previously taken an oath, as a member of Congress, or as an officer of the United States, or as a member of any State legislature, or as an executive or judicial officer of any State, to support the Constitution of the United States, shall have engaged in insurrection or rebellion against the same, or given aid or comfort to the enemies thereof. But Congress may by a vote of two-thirds of each House, remove such disability.

U.S. Const. amend. XIV, § 3. As the Fourth Circuit has held, the violation of constitutional rights "for even minimal periods of time, unquestionably constitutes irreparable harm." *Leaders*, 2 F.4th at 346 (citation omitted).

This Court need not resolve this issue at this time, that is whether Section 3 of the Fourteenth Amendment provides the Plaintiff with a cause of action against a fellow candidate under these circumstances. The matter immediately before this Court concerns the Plaintiff's request for a temporary restraining order, but he has failed to show any harm, including any

possible constitutional harm, is "neither remote nor speculative, but actual and imminent." *Manning v. Hunt* , 119 F.3d 254, 263 (4th Cir. 1997) (citation omitted); *see also Siegel v. LePore* , 234 F.3d 1163, 1177 (11th Cir. 2000) (collecting cases and holding presumption of irreparable harm only applicable to invasion of privacy and violation of First Amendment rights); *Pinson v. Pacheco* , 397 F. App'x 488, 492 (10th Cir. 2010) ("We may assume that a constitutional injury is irreparable in the sense that it cannot be adequately redressed by post-trial relief. However, that has no bearing on whether the alleged constitutional injury is imminent. If the possibility of future harm is speculative, the movant has not established that he will suffer irreparable injury . . . if the preliminary injunction is denied . . . .") (citation and emphasis omitted)).

Here, the Plaintiff has failed to carry his burden at this time to show immediate and irreparable injury sufficient to justify grant of his motion for temporary restraining order where he has failed to identify a single date or relevant deadline concerning the West Virginia presidential election, and where he has failed to identify how any specific date or relevant deadline may impact any alleged harm. To be sure, the Court can take judicial notice of factual information located in postings on government websites – of relevance here, that would be the website maintained by the Defendant Secretary of State.[5] *See Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (court may "properly take judicial notice of matters of public record"). Moreover, the Plaintiff's argument – "without a Temporary Restraining Order, this Court would be unable to conduct an expedited preliminary injunction hearing thereby guaranteeing that the issue will be mooted and infringe upon Plaintiff's First Amendment right to petition the federal judiciary to redress his grievance[]" – is too speculative to warrant a temporary restraining order. (ECF No. 9-2 at 2, see also ECF No. 9 at 6 ("A denial of this requested relief guarantees the issue will be

---

[5] https://sos.wv.gov/elections.

mooted; thus, it is effectively a final decision under the Collateral-Order Doctrine and appealable under 28 U.S.C. § 129l(a)(l).")) Indeed, the Plaintiff argues:

> This case will involve an inevitable appeal to the United States Court of Appeals for this circuit as well as the United States Supreme Court. Castro cannot wait until both Castro and Trump are state-registered candidates because that would guarantee that the injury would become irreparable, possibly moot the case, possibly transforms the case into a nonjusticiable political question, or expose the Republican Party to irreparable harm as they could lose their party's presumptive or actual nominee after millions of Americans cast their ballots in the primaries. Delaying judicial review of these questions would be a constitutional crisis of the federal judiciary's own making. Castro implores the federal judiciary to avoid unintentionally engineering a crisis. If the federal judiciary addresses these issues now via the Declaratory Judgments Act and injunctive relief, the Republican Party would have time to recover by funding, supporting, and nominating a constitutionally eligible candidate.

(ECF No. 1 ¶45)

At bottom, the Plaintiff fails to provide the Court with sufficient reason necessitating a temporary restraining order at this time under the governing jurisprudence in this Circuit.

## PROPOSAL AND RECOMMENDATION

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Judge confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Judge **DENY** the Plaintiff's *Emergency Application for a Temporary Restraining Order and Expedited Preliminary Injunction Hearing Consolidated with a Preliminary Bench Trial on the Merits* (ECF No. 9).

The Plaintiff is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Irene C. Berger. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen (14) days (filing of objections) and three (3) days (if received by mail) from the date of filing of this Findings

and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, District Judge Berger and this Magistrate Judge.

The Clerk is hereby directed to mail a copy of this Order to the Plaintiff, who is acting *pro se*, and transmit a copy to counsel of record.

ENTER: September 28, 2023.

Omar J. Aboulhosn
United States Magistrate Judge