IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

JOHN ANTHONY CASTRO,

    **Plaintiff,**　　　　　　　　　　　　　　　　　　　　2:23-CV-00598

  vs.

SECRETARY OF STATE
ANDREW WARNER, and
DONALD JOHN TRUMP,

    **Defendants.**

WEST VIRGINIA REPUBLICAN PARTY,

    **Intervenor.**

## ORDER

Pending before the Court are the ***West Virginia Republican Party's Motion to Intervene Pursuant to Federal Rule of Civil Procedure 24 and Memorandum of Law in Support*** (ECF No. 10)[1], filed on September 26, 2023, and the Plaintiff's ***Objection and Opposition to Motion to Intervene for Lack of Standing and Illegality*** (ECF No. 11) also filed on September 26, 2023.

Having reviewed the West Virginia Republican Party's (hereinafter WVRP) ***Motion*** (ECF No. 10), the responsive pleading and pertinent legal authority, the undersigned has concluded that the ***Motion*** should be **GRANTED** for the reasons stated *infra*:

### Argument in Support of Intervention

The WVRP notes that while the Secretary of State in this action provides a ministerial role in the election process, it is the WVRP that bears discretionary responsibility under State law to determine who shall be the Republican nominees, and has the ultimate say in determining the

---

[1] The WVRP attached its ***Complaint in Intervention Seeking Declaratory and Injunctive Relief Pursuant to Federal Rules of Civil Procedure 24, 57, and 65*** (ECF No. 10-1) in support of its ***Motion***.

plan for primary elections. See W. Va. Code § 3-5-2(b) ("Any questions regarding whether such plan was rightfully adopted by the party shall be resolved by the party based upon party rules."). The WVRP asks that the Court grant its motion for intervention as of right: (1) its motion is timely; (2) it has significant legally protectable interests subject to this action because it enjoys the right to make its own decisions regarding the nominees for office; (3) a disposition in this action will impair its ability to protect its interests; and (4) its interests are not represented adequately by the existing parties – the WVRP's interests encompass its operations and processes in all future elections, not just 2024, and without regard to whether former-President Donald Trump (hereinafter "Trump") is on the ballot. This shows that the interests of the WVRP and Trump are not identical.

The WVRP further argues that the Plaintiff's allegations are conclusory, and should the relief he seeks be granted, the WVRP is materially harmed from 2024 forward. Regarding the interests of the Secretary of State, the WVRP asserts that again, their interests are not identical, as the Secretary is a government official and has inherently different interests than a private litigant.

Alternatively, the WVRP asks the Court to grant its intervention permissively, arguing that federal courts nationwide have regularly granted permissive intervention, and points out that the Eastern District of Virginia recently granted permissive intervention to a political party in an election-related case.[2]

The WVRP observes this case has only just begun, and the legal issues presented herein will not be altered if intervention granted.

**Argument Against Intervention**

---

[2] Citing *Democratic Party of Va. v. Brink*, 2022 WL 330183 (E.D. Va. Feb. 3, 2022).

The Plaintiff argues that the WVRP lacks standing to intervene because Trump is not a nominee. Further, the Plaintiff argues that the WVRP has not shown that Trump's attorneys will be incapable of representing its interests as it has moved to intervene before any answer has been filed. Additionally, the Plaintiff contends that the WVRP fails to show that the standard for permissive intervention has been met: Trump is not the party's nominee, just a private citizen, thus the WVRP lacks a legally protectible interest in the judicial determination of the constitutional eligibility of a private citizen.

**Relevant Law**

Rule 24(a) establishes intervention of right, providing that "[o]n timely motion, the court must permit anyone to intervene who…claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2). The Fourth Circuit has held that "to intervene as a matter of right under Rule 24(a), a movant generally must satisfy four criteria: (1) timeliness, (2) an interest in the litigation, (3) a risk that the interest will be impaired absent intervention, and (4) inadequate representation of the interest by the existing parties." *Scott v. Bond*, 734 F. App'x 188, 191 (4th Cir. 2018).

The Federal Rules also allow for permissive intervention. Under Rule 24(b), "[o]n timely motion, the court may permit anyone to intervene who…has a claim or defense that shares with the main action a common question of law or fact."   Fed. R. Civ. P. 24(b)(1)(B).

**Discussion**

There is no question here that the motion to intervene is timely. This action was filed on September 7, 2023, and the WVRP moved to intervene on September 26, 2023. The named

3

Defendants have not yet filed answers in this action, and only just recently has a Notice of Appearance been filed on behalf of the Secretary of State (ECF No. 12). The WVRP's motion is accompanied by a Complaint seeking declaratory and injunctive relief (ECF No. 10-1) itself, clearly demonstrating that it has an interest in this litigation. The Plaintiff has filed this action asking this Court to enjoin the Secretary of State from accepting and/or processing Trump's ballot access documentation, who is a fellow Republican presidential candidate for the 2024 Presidential Election.

Notwithstanding the Plaintiff's argument that the WVRP lacks standing to intervene because Trump is not a nominee but a private citizen, it is notable that the Plaintiff does not address the WVRP's authority under State statute to determine who will be its nominee. On that note, the WVRP's interest in this action is obvious – so long as Trump is a candidate, he will be one of several choices – perhaps including the Plaintiff himself – eventually chosen by the WVRP to become the Republican nominee. The Plaintiff has alleged numerous instances in support of his own complaint for declaratory and injunctive relief – of which this Court is very aware given the extensive media coverage expended on Trump – presumably, the Plaintiff is also acutely aware that Trump remains the top candidate for the Republican nomination for President. To that extent, the WVRP's interests are very much impaired should the Plaintiff be granted the relief sought in this action.

Further, while there has been no notice of appearance of counsel for Trump in this case yet, any attempt to evaluate the adequacy of representation of the WVRP's interests by the other named Defendants' counsel would be entirely speculative.[3] The Court has no information regarding their

---

[3] To the extent the Plaintiff argues that the WVRP has moved to intervene before Trump has answered and "attempt to use that as a basis for intervention "is frivolous and sanctionable by this Honorable Court" (ECF No. 11 at 2) is puzzling, given that timeliness is primary factor a court considers when considering a motion to intervene. The

position on the allegations or how that concerns the interests of the WVRP. Regardless, the WVRP has identified its own interest in this matter, and there is little question that given its statutory authority to select its own nominee, that interest does not necessarily align with that of either Defendant. In short, while not conflicting, the unidentical interests among the Defendants and the WVRP cannot be ignored. The WVRP, as one of two major political parties in this State, has shown that it has an interest in defending its own rights and testing the constitutionality of the Plaintiff's arguments – matters central to the questions of law and facts presented in this action.[4]

Intervention at this very early stage in these proceedings eliminates any potential prejudice or delay.

Accordingly, the ***West Virginia Republican Party's Motion to Intervene Pursuant to Federal Rule of Civil Procedure 24 and Memorandum of Law in Support*** (ECF No. 10) is **GRANTED**.

The Clerk is hereby directed to transmit a copy of this Order to the Plaintiff and to counsel of record.

ENTER: September 28, 2023.



Omar J. Aboulhosn
United States Magistrate Judge

---

undersigned finds the Plaintiff's argument to this extent without merit. In any event, because the Plaintiff seeks injunctive relief, it is obvious why the WVRP has filed its motion when it did.

[4] It also significant that Trump is facing *criminal* charges in other jurisdictions that relate factually to the matters raised herein, which his own counsel will need to consider for his defense in this litigation, to avoid imperiling his criminal defense strategy. This alone underscores that Trump's interests are distinguishable from those presented by the WVRP.