IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

| | |
|---|---|
| JOHN ANTHONY CASTRO<br>12 Park Place, Mansfield, TX 76063<br><br>    Plaintiff,<br><br>v.<br><br>SECRETARY OF STATE ANDREW WARNER<br>1900 Kanawha Boulevard E, Charleston, WV 25305<br><br>DONALD JOHN TRUMP<br>1100 S. Ocean Blvd, Palm Beach, FL 33480<br><br>    Defendants. | Case No. 2:23-cv-00598 |

## OBJECTION TO ORDER GRNATING INTERVENTION AND MOTION FOR RULING BY U.S. DISTRICT COURT JUDGE IRENE C. BURGER

Plaintiff John Anthony Castro, *pro se*, submits this Objection to the U.S. Magistrate's Order Granting Intervention and states as follows:

Plaintiff reiterates that the U.S. Supreme Court has held that intervention as of right mandatorily requires a showing that intervenor's interests are not being adequately represented by the existing parties. *See Sam Fox Pub. Co. v. United States*, 366 U.S. 683 (1961). To circumvent this, the U.S. Magistrate claims it would be "speculative" since counsel for Defendant Donald John Trump has not yet filed a notice of appearance. While this is technically true, judicial caution would dictate deferring ruling on the motion to intervene until counsel for Defendant Donald John Trump files a notice of appearance. Instead, the U.S. Magistrate granted intervention in direct conflict with the U.S. Supreme Court's ruling. Moreover, the U.S. Magistrate granted intervention

1

in direct conflict with the U.S. Court of Appeals for the 4th Circuit. *See Com. of Va. v. Westinghouse Elec. Corp.*, 542 F.2d 214 (4th Cir. 1976).

This is nothing more than a corrupt attempt to allow others to foot Defendant Donald John Trump's mounting legal bills. The moment counsel for Defendant Donald John Trump files a notice of appearance, Plaintiff will renew his objection.

Separately, the U.S. Magistrate claims that the West Virginia Republican Party ("WVGOP")'s "interest in this action is obvious." A political interest and a legally recognized interest are two separate and distinct issues. Voters in 2008 had an interest in determining then-candidate Obama's eligibility, but it was not a legally recognized interest that afforded judicial standing. The U.S. Magistrate's use of the "obvious" standard completely devoid of supporting legal authority reveals this ruling for what it is.

WVGOP has no interest in the judicial determination of eligibility and qualification.

Moreover, the U.S. Magistrate's willful blindness to the illegality of WVGOP utilizing a 501(c)(3) to defend the interests of Defendant Donald John Trump, which effectively makes Defendant Donald John Trump's legal defense taxpayer subsidized, is repugnant to the rule of law.

### REQUESTED RELIEF

For the foregoing reason, Plaintiff moves this Court for a ruling by U.S. District Court Judge Irene C. Burger.

Dated: September 28, 2023.   Respectfully submitted,

By: */s/ John Anthony Castro*
John Anthony Castro
12 Park Place
Mansfield, TX  76063

(202) 594 – 4344
J.Castro@JohnCastro.com
**Plaintiff** *Pro Se*

## CERTIFICATE OF SERVICE

I certify that a true and accurate copy of the foregoing document was filed with the Court on  September 28, 2023 and that all parties will be served by U.S. postal mail.


*/s/ John Anthony Castro*
John Anthony Castro