# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
## CHARLESTON DIVISION

| | |
|---|---|
| JOHN ANTHONY CASTRO ) | |
| 12 Park Place, Mansfield, TX 76063 ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| SECRETARY OF STATE ANDREW ) | Case No. 2:23-cv-00598 |
| WARNER ) | |
| 1900 Kanawha Boulevard E, Charleston, ) | |
| WV 25305 ) | |
| ) | |
| DONALD JOHN TRUMP ) | |
| 1100 S. Ocean Blvd, Palm Beach, FL 33480 ) | |
| ) | |
| Defendants. ) | |

**OBJECTION TO WEST VIRGINIA REPUBLICAN PARTY'S COMPLAINT**

Plaintiff John Anthony Castro, *pro se*, objects to West Virginia Republican Party's Complaint and states as follows:

Once again, just as the U.S. Magistrate said, Intervenor too states that it has interests that are "clearly implicated." However, if there was a dispute as to a John Doe's age and citizenship status and Plaintiff sought to have those qualifications determined in Court, the West Virginia Republican Party ("WVGOP") would have no *legal* grounds to intervene. This case is about the constitutional qualifications of a private citizen who has no even filed paperwork to be a candidate. Put plainly, the WVGOP makes the right argument at the wrong time.

WVGOP cites to *Teague v. Bakker*, without explanation, for the proposition that they have a "significant, legally protectible interest."[1] However, the intervenors in *Teague v. Bakker* were the "principals" referred to in an insurance policy, which was the subject of the dispute in the case. Because their liability being covered by the insurance policy was significant, they were found to have a legally protectible interest. In other words, they were referred to by title in the insurance policy, so there rights under the policy were at stake. How this relates to this case is a mystery that WVGOP needs to answer. Apparently WVGOP felt that adding a citation would make their frivolous intervention look more official.

WCGOP next cites *Democratic Party of Virginia v. Brink*; however, that case had to do with one major political party challenging a state voting law that impacted the other political party as well.[2] More specifically, the Democratic Party of Virginia was challenging a state law requiring those registering to vote to provide their Social Security Number. In granting intervention, the Court stated that the Republican Party of Virginia had a "strong interest in the voting laws that govern its voters."[3] The law directly impacted the ability of Democrats and Republicans to register to vote. Moreover, the Republicans in that case felt that requiring Social Security Numbers would serve as a deterrence to voter fraud in the general election, so they wanted the law upheld. Those are unquestionably concrete legally protectible interests. How this relates to this case is a mystery that WVGOP needs to answer.

WVGOP's final bizarre citation is *American Association of People With Disabilities v. Herrera*, which actually held that a state senator did not have a legally protectible interest

---

[1] 931 F.2d 259, 260 (4th Cir. 1991)
[2] No. 3:21-CV-756-HEH, 2022 WL 330183, at *1 (E.D. Va. Feb. 3, 2022)
[3] Id.

warranting intervention.[4]  The Court also found that the Secretary of State was already adequately protecting his interest and held that the state senator "failed to identify interests that are not adequately represented by" the existing defendant.[5]  Perhaps this is what WVGOP meant.  However, in its filing, WVGOP cites its interest as being the ability to "run candidates affiliating themselves with the State Party" and "ensuring as many candidates are available to its members for their choice."

According to WVGOP's interpretation, they could run Vladmir Putin and Kim Jong Un as candidates and no one has the authority to tell them otherwise.  If that sounds ridiculous, it's because it is; but that's WVGOP's frivolous position.

Pursuant to Fed. R. Civ. P. 11, frivolous positions can be *sua sponte* sanctioned by this Court.  If this Court had any self-respect, it would sanction WVGOP's frivolous filings.  Plaintiff will not take the bait and provide 21-day notice since WVGOP clearly has no grounds to intervene.

WVGOP then cites state law for the proposition that state law supersedes constitutional qualifications.  More frivolity.

If this Court grants intervention, Plaintiff demands that the Court cite the specific legally protectible interests that justify intervention.  Not a statement of "obvious" or "clearly."  State the legally protectible interests with *specificity*.

WVGOP also cites its ability to conduct its own operations and processes in all future election.  WVGOP is asking that no one ever hold their preferred individual accountable to the qualification standards set forth in the U.S. Constitution.  WVGOP then cites its autonomy, which

---

[4] 257 F.R.D. 236 (D.N.M. 2008)
[5] Id. at 243.

sounds like a "sovereign citizen" argument, which Courts have sanctioned. WVGOP's autonomy does not permit it to compel the state to print the name of a constitutionally disqualified candidate.

WVGOP then demands relief in Count I that they be permitted in the future to nominate Vladmir Putin or Kim Jong Un if they so desire because they are the right to associate with anyone of their choosing. They then bizarrely seek an injunction against Plaintiff, which is so patently bizarre that Plaintiff does not even know how to respond. WVGOP seeks to prevent me from exercising my First Amendment right to petition the judiciary to redress a grievance because it would prevent them from associating with an individual. The frivolity is through the roof on this one.

WVGOP then asks for a declaration that Defendant Secretary of State does not have the unilateral authority to preclude the placement of a candidate. However, that is not what is at issue. Courts have enjoin unconstitutional conduct even if the enjoined individual does not independently possess the authority to reject a filing. More frivolity.

## REQUESTED RELIEF

Based on all of the foregoing, Plaintiff demands this Court sanction this frivolous intervention that is only intended to impede the ability of the federal judiciary to adjudicate Defendant Donald John Trump's constitutional qualifications.

Respectfully submitted,

Dated: October 5, 2023.  By:  */s/ John Anthony Castro*

John Anthony Castro
12 Park Place
Mansfield, TX  76063
Tel. (202) 594 – 4344
J.Castro@CastroAndCo.com

Plaintiff *Pro Se*

## CERTIFICATE OF SERVICE

On October 5, 2023, I electronically filed the foregoing document via the Court's CM/ECF system. It is further certified that all other parties are CM/ECF users and that service of this document will be made upon them via CM/ECF. If any party has not yet submitted a notice of appearance, service of this document will be made by U.S. postal mail.

*/s/ John Anthony Castro*
John Anthony Castro