# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
# CHARLESTON DIVISION

JOHN ANTHONY CASTRO,

    *Plaintiff*,

v.

SECRETARY OF STATE ANDREW WARNER, and DONALD JOHN TRUMP,

    *Defendants*.

Case No. 2:23-cv-00598

## DEFENDANT SECRETARY OF STATE'S

## COMBINED RESPONSE IN OPPOSITION TO PLAINTIFF'S EMERGENCY APPLICATION FOR A TEMPORARY RESTRAINING ORDER AND EXPEDITED PRELIMINARY INJUNCTION HEARING CONSOLIDATED WITH A PRELIMINARY BENCH TRIAL ON THE MERITS
## AND
## RESPONSE TO PLAINTIFF'S OBJECTION TO U.S. MAGISTRATE'S PROPOSED FINDINGS AND RECOMMENDATIONS

Douglas P. Buffington, II (WVSB 8157)
  *Chief Deputy Attorney General*
Curtis R. A. Capehart (WVSB 9876)
  *Deputy Attorney General*
Chanin W. Krivonyak (WVSB 7247)
  *Deputy Attorney General*
OFFICE OF THE WEST VIRGINIA ATTORNEY GENERAL
1900 Kanawha Blvd., East
Bldg 1, Rm 26E
Charleston, WV 25305
Email: curtis.r.a.capehart@wvago.gov

*Counsel for Mac Warner, in his official capacity as Secretary of State of the State of West Virginia*

## INTRODUCTION

Comes now, Defendant, Mac Warner, in his official capacity as Secretary of State of the State of West Virginia (hereinafter "the Secretary" or "Secretary Warner"), and responds to the Plaintiff's Emergency Application for a Temporary Restraining Order and Expedited Preliminary Injunction Hearing Consolidated with a Preliminary Bench Trial on the Merits (ECF 9) (the "Emergency Application"), which was filed on September 20, 2023. The Secretary also responds to Plaintiff's Objection to U.S. Magistrate' Aboulhosn's Proposed Findings and Recommendation, which was filed on September 28, 2023 (ECF 16) ("Plaintiff's Objection").

## FACTUAL BACKGROUND

The Emergency Application seeks immediate relief by, among other things, enjoining Secretary Warner from "accepting or scheduling an appointment for the acceptance of Defendant Trump's declaration of candidacy, ballot access fee, petitions in support thereof, and any other ballot access documentation that Defendant Trump may submit or others, including, but not limited to, the State or National Republican Party may submit for, or on behalf of, or for the benefit of Defendant Trump."[1] Plaintiff alleges that he and Defendant Trump are both Republican primary presidential candidates,[2] claiming that he is "suffering irreparable competitive injuries" because Defendant Trump is "siphoning off votes and contributions," and therefore putting Plaintiff "at both a voter and donor disadvantage."[3] Plaintiff argues that such temporary restraining order and preliminary injunction will prevent what he alleges is a violation of Section 3 of the 14th Amendment to the United States Constitution as it "create[s] an implied cause of action for a fellow candidate to obtain relief for a political competitive injury by challenging another candidate's constitutional eligibility on the grounds that they engaged in or provided 'aid or comfort' to an

---

[1] ECF 9, at 1.
[2] *See* ECF 1, ¶¶2, 4; ECF 9 at 5.
[3] ECF 1, ¶103; ECF 9, ¶103

insurrection."[4] Plaintiff asserts that he is entitled to such relief pursuant to Rule 65 of the Federal Rules of Civil Procedure.

Plaintiff filed the Emergency Application on September 20, 2023; to date, though, the Plaintiff has not properly served the Secretary with a copy of his emergency application. The Certificate of Service attached to Plaintiff's Emergency Application for a Temporary Restraining Order and Expedited Preliminary Injunction Hearing Consolidated with a Preliminary Bench Trial on the Merits asserts, "I further certify that a true and accurate copy of the foregoing document was served via CM/ECG, email where an email address is indicated below, or U.S. postal mail on the following recipients on September 18, 2023." However, it has been well over two weeks since that date, and no such mailing has appeared. Likewise, as no counsel had made an appearance on behalf of the Secretary at the time Plaintiff filed his Emergency Application, the Plaintiff did not serve the Secretary through his counsel either via direct email or via the ECF system. In short, it appears that the Plaintiff failed to serve the Secretary with a copy of the Emergency Application by any of the three methods articulated in his certificate of service at that time (and no service has been accomplished as of the filing this response).

On September 28, 2023, Magistrate Aboulhosn submitted his Proposed Findings and Recommendation regarding the emergency application. Very quickly thereafter, Plaintiff filed his Objection to U.S. Magistrate's Proposed Findings and Recommendations on September 29, 2023.

Although Secretary Warner was never properly served with the Emergency Application and formally objects to Plaintiff's request for a temporary restraining order and request for expedited hearing, the Secretary agrees with Magistrate Aboulhosn's Proposed Findings and Recommendation because the Plaintiff cannot clearly show he will suffer immediate and irreparable injury, loss, or damage to justify granting such an extreme remedy. In West Virginia,

---

[4] ECF 1, ¶8

3

the basic candidate filing requirements for members of a recognized political party, such as Republican or Democrat candidates for President of the United States, is established by W. Va. Code § 3-5-7. *See* W. Va. Code § 3-5-7. Section 3-5-7(a) requires that "Any person who is eligible and seeks to hold an office or political party position to be filled by election in any primary or general election held under the provisions of this chapter shall file a certificate of announcement declaring his or her candidacy for the nomination or election to the office." *Id.* More importantly, § 3-5-7(c) establishes the time period when potential candidates are permitted to file their certificate of announcement. W. Va. Code § 3-5-7(c). In pertinent part, that statute establishes that "[t]he certificate of announcement shall be filed with the proper officer not earlier than the second Monday in January before the primary election day and not later than the last Saturday in January before the primary election day . . ." *Id.* As such, the period for candidates to file their certificates of announcement with the Secretary's office does not open for over three months. It is impossible for Plaintiff to establish the need for a temporary restraining order (or a preliminary injunction, for that matter) as he is in no way suffering an immediate or irreparable injury, as required by Federal Rule of Civil Procedure 65(b), as no one is permitted to file their certificate of announcement until January 8, 2024, at the earliest.

## **LEGAL ANALYSIS**

The Fourth Circuit explained the difference between temporary restraining orders and preliminary injunctions in *Hoechst Diafoil Company v. Nan Ya Plastics Corporation*, 174 F.3d 411, 422 (4th Cir. 1999), as follows:

> While a preliminary injunction preserves the status quo pending a final trial on the merits, a temporary restraining order is intended to preserve the status quo only until a preliminary injunction hearing can be held: `[U]nder federal law [temporary restraining orders] should be restricted to serving their underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer.'

*Granny Goose*, 415 U.S. at 439.

Pursuant to Federal Rule of Civil Procedure 65, Plaintiff seeks both an emergency temporary restraining order as well as an expedited preliminary injunction hearing consolidated with a preliminary bench trial on the merits.

A. <u>Request for temporary restraining order</u>

Rule 65(b) of the Federal Rules of Civil Procedure establishes very limited use for courts to issue a temporary restraining order:

> A temporary restraining order may be granted without written or oral notice to the adverse party or that party's attorney **only if** (1) **it clearly appears** from specific facts shown by affidavit or by the verified complaint **that immediate and irreparable injury, loss, or damage will result to the applicant** before that adverse party or that party's attorney can be heard in opposition, and (2) the applicant's attorney certifies to the court in writing the efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not be required.

Fed. R. Civ. P. 65(b) (emphasis added). The weight and focus of the rule is the clear appearance of immediate and irreparable injury, loss, or damage, and there is none here.

The process for becoming a candidate, as well as for many other election-related topics, are set forth in West Virginia Code Chapter 3, Article 5. The Code specifically addresses the Presidential race in § 3-5-3, stating "qualified voters of each political party shall have the opportunity of voting for their choice among those aspiring to be the candidates of their respective parties for president of the United States." W. Va. Code § 3-5-3. For the process of a candidate being on the ballot, W. Va. Code § 3-5-3 directs that a candidate must file a certificate of announcement in the appropriate form prescribed by the Secretary (per § 3-5-7) and render the filing or petition in lieu thereof (per § 3-5-8 and 8a) to have the candidate's name placed on their party's presidential primary ballot.

Upon completion of a certificate of announcement that meets the requirements set out in the Code and timely resolution of the other requirements, the Secretary shall print the candidate's name on the presidential primary ballot.[5]

Regarding timeliness of filing, W. Va. Code § 3-5-7(c) details the filing period for recognized parties for West Virginia's presidential primary election. Section 3-5-7(c) states, in pertinent part, "[t]he certificate of announcement shall be filed with the proper officer not earlier than the second Monday in January before the primary election day and not later than the last Saturday in January before the primary election day . . . ." Because the West Virginia Republican Party is a recognized party, the January filing deadline established by W. Va. Code § 3-5-7(c) would apply to Plaintiff and Defendant Trump.[6] As such, potential candidates for the Republican Party presidential race are permitted to file their certificate of announcement with the Secretary's office between January 8 and January 27, 2024.[7] This means no Republican candidate for President is permitted to file a certificate of announcement for roughly another three months. Based upon the above facts, the Plaintiff cannot establish a need for an immediate temporary restraining order to enjoin the Secretary from doing something he is not legally permitted to do until sometime in January 2024. It is impossible for Plaintiff to establish the need for a temporary restraining order, as no one is permitted to file their certificate of announcement until January 8, 2024, at the earliest. As such, Plaintiff is not able to establish an immediate or irreparable injury, as required by Rule 65(b), to justify the need for a temporary restraining order.

---

[5] *See* W. Va. Code §§ 3-5-3, 3-5-7, 3-5-13.
[6] *See* W. Va. Code, § 3-1-8; *see also* Secretary of State Mac Warner, Recognized Political Parties, https://sos.wv.gov/elections/Pages/RecPolPrty.aspx (last visited Oct. 5, 2023).
[7] Candidates who have filed a certificate of announcement have until February 13, 2024, to withdraw from the primary election, pursuant to W. Va. Code § 3-5-11.

B.      Request for expedited preliminary injunction hearing

Plaintiff also seeks an expedited preliminary injunction hearing to be consolidated with a trial on the merits at the earliest possible time. Rule 65(a) states, "The court may issue a preliminary injunction only on notice to the adverse party," continuing to allow for the The. In *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20, 129 S.Ct. 365, 374, 172 L.Ed.2d 249 (2008), the United States Supreme Court clarified the four-factor test that a plaintiff must satisfy to justify a preliminary injunction:

> A plaintiff seeking a preliminary injunction must establish that [1] he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest.

*Winter*, 555 U.S. at 20, 129 S.Ct. at 374. While Rule 65 allows for the consolidation sought by the Emergency Application, the circumstances here and the showing by Plaintiff do not establish the immediacy of actual imminent and irreparable harm to justify expedited treatment or consolidation.

Magistrate Aboulhosn's Proposed Findings and Recommendation, particularly pages three and four, provides a thorough overview and analysis of the relevant case law regarding what a plaintiff must establish in order to obtain a preliminary injunction. The Secretary agrees with Magistrate Aboulhosn's detailed analysis and overview, as well as his Proposed Findings and Recommendation that was based upon his thorough review of the controlling law. The Secretary does not seek to reiterate the details of Magistrate Aboulhosn's Proposed Findings and Recommendation here. However, the Secretary similarly notes the applicable law cited by Magistrate Aboulhosn and agrees with his application of the same to the facts in this matter in making his Proposed Findings and Recommendation. Moreover, as detailed above, the relevant times frames regarding next year's elections do not begin for more than three months, eroding the significant urgency alleged in pursuit of expedited and consolidated treatment here.

For the reasons stated above, the Emergency Application seeking an expedited hearing for a preliminary injunction relief sought by Plaintiff should be denied.

## **CONCLUSION**

The Secretary of State asks this Honorable Court to accept the Proposed Findings and Recommendation of Magistrate Aboulhosn and, for the reasons set forth in this response, respectfully requests that this Honorable Court deny Plaintiff's Emergency Application.

DATED:  October 5, 2023

Respectfully submitted,

*/s/ Curtis R. A. Capehart*
Douglas P. Buffington, II (WVSB # 8157)
  *Chief Deputy Attorney General*
Curtis R. A. Capehart (WVSB # 9876)
  *Deputy Attorney General*
Chanin W. Krivonyak (WVSB # 7247)
  *Deputy Attorney General*
OFFICE OF THE WEST VIRGINIA ATTORNEY GENERAL
1900 Kanawha Boulevard, East
Bldg. 1, Rm 26E
Charleston, WV 25305
Email: curtis.r.a.capehart@wvago.gov

*Counsel for Mac Warner, in his official capacity as Secretary of State of the State of West Virginia*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 5, 2023, I caused to be filed electronically the foregoing, Defendant, Mac Warner, in his official capacity as Secretary of State of the State of West Virginia, *Response in Opposition to Plaintiff's Emergency Application for a Temporary Restraining Order and Expedited Preliminary Injunction Hearing Consolidated with a Preliminary Bench Trial on the Merits and Response to Plaintiff's Objection to U.S. Magistrate's Proposed Findings and Recommendation*, with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to Plaintiff at his email address. I will further serve on Plaintiff the foregoing document by having it emailed to him at j.castro@johncastro.com. *See* ECF 4.

*/s/ Curtis R. A. Capehart*
Douglas P. Buffington, II (WVSB # 8157)
  *Chief Deputy Attorney General*
Curtis R. A. Capehart (WVSB # 9876)
  *Deputy Attorney General*
Chanin W. Krivonyak (WVSB # 7247)
  *Deputy Attorney General*
OFFICE OF THE WEST VIRGINIA ATTORNEY GENERAL
1900 Kanawha Boulevard, East
Bldg. 1, Rm 26E
Charleston, WV 25305
Email: curtis.r.a.capehart@wvago.gov

*Counsel for Mac Warner, in his official capacity as Secretary of State of the State of West Virginia*