IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

JOHN ANTHONY CASTRO,

       Plaintiff,

v.

                                                   Civil Action No. 2:23-cv-00598

SECRETARY OF STATE ANDREW               The Honorable Irene C. Berger
WARNER, and DONALD JOHN TRUMP,

       Defendants,

WEST VIRGINIA REPUBLICAN PARTY,

       Intervenor-Plaintiff.

**<u>DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S OBJECTION TO THE
PROPOSED FINDINGS AND RECOMMENDATION AND IN FURTHER OPPOSITION
TO PLAINTIFF'S EMERGENCY APPLICATION FOR TEMPORARY RESTRAINING
ORDER AND EXPEDITED PRELIMINARY INJUNCTION</u>**

      Defendant Donald John Trump ("President Trump"), by counsel, submits this response in

opposition to Plaintiff's Objection [CM/ECF No. 16] to Magistrate Judge Aboulhosn's September

28, 2023 Proposed Findings and Recommendation ("PF&R") [CM/ECF No. 13] and in further

opposition to Plaintiff's Emergency Application for Temporary Restraining Order and Expedited

Preliminary Injunction [CM/ECF No. 9].

## Introduction

      Plaintiff seeks injunctive relief to keep President Trump off the ballot in West Virginia

according to a misunderstood—and flatly wrong—legal theory under Section Three of the

Fourteenth Amendment (hereafter, "Section Three"). This Court should deny all requested

injunctive relief, and certainly not hold any expedited hearing consolidated with a trial on the

merits.

This is not the first time Plaintiff has attempted to invoke a federal court's emergency procedures, only to have those emergency applications swiftly denied.[1] This time, objecting to a PF&R, Plaintiff makes no specific objections to Magistrate Judge Aboulhosn's reasoning. Instead, Plaintiff claims that the PF&R is somehow in tension with an order granting intervenor status, incorporates his prior arguments by reference, and requests that this Court review the matter *de novo*. This Court need not, and should not, countenance such misuse of its emergency procedures and flouting of its rules. In any event, as Plaintiff is not entitled to the injunctive relief he seeks, the PF&R should be adopted and Plaintiff's application should be denied.

## Standard of Law

### I.      Objections to PF&R

This Court conducts a *de novo* review "of those portions of . . . specified proposed findings to which objection is made." 28 U.S.C. § 683. But "[t]he Court need not conduct a *de novo* review when a party makes only 'general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations.'  In the absence of a timely filed, specific objection, the Magistrate Judge's conclusions are reviewed only for clear error." *Wingate v. Byrd*, 211 F. Supp. 3d 816, 824 (D.S.C. 2016) (internal citations omitted).

### II.     Standards for Injunctive Relief

Injunctive relief is an "extraordinary remed[y] involving the exercise of a very far-reaching power to be granted only sparingly and in limited circumstances." *Microstrategy Inc. v. Motorola*, 245 F.3d 335, 339 (4th Cir. 2001). To qualify for a preliminary injunction, a plaintiff must demonstrate: (1) a likelihood of success on the merits, (2) a likelihood of irreparable harm, (3) the

---

[1]        *See, e.g.*, *Castro v. Jacobsen et al*, No. 6:23-cv-0062 (D.MT Sept. 20, 2023) (Emergency Application for Temporary Restraining Order denied) (ECF No. 8); *Castro v. SC Elections Commission et al*, Case No. 3:23-4501-MGL-SVH (Sept. 27, 2023 D.S.C.) (application for temporary restraining order recommended to be denied) (ECF No. 16); *Castro v. Fontes et al*, Case No. 2:23-cv-01865 (D. Ariz. Sept. 18, 2023) (application for temporary restraining order denied) (ECF Nos. 11-12).

balance of hardships favors the plaintiff, and (4) an injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *see also Vitkus v. Blinken*, 79 F.4th 352, 361 (4th Cir. 2023). The analysis for a temporary restraining order is substantively the same. *Davis v. Heckard*, Civil Action No. 5:22-cv-00254, 2023 WL 2536378, *2 (S.D.W. Va. Mar. 16, 2023).

**Argument**

## I.     The objection does not warrant *de novo* review of the PF&R.

Plaintiff's objections to the PF&R express general grievance over the result. Two of the four paragraphs are dedicated to casting the PF&R in conflict with a separate order granting the West Virginia Republican Party's Motion to Intervene. [CM/ECF No. 16 at 1-2.] Self-evidently, the two orders are not in conflict; Plaintiff's failure to establish an injury is *his own* and bears no relation to another party's intervenor status. The other two paragraphs of Plaintiff's objection are dedicated to "incorporating . . . by reference" his prior arguments and pleadings. [*Id.* at 2.] That is the kind of general and conclusory objection that this Court need not consider. This Court referred the matter to Magistrate Judge Aboulhosn and Plaintiff's failure to meaningfully address the PF&R is not the kind of "specific written objection" required to invoke *de novo* review. *See Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005).

## II.    Plaintiff is not entitled to any injunctive relief.

Under any standard of review, Plaintiff is not entitled to the injunctive relief he seeks. Plaintiff falls short on all factors considered for the issuance of injunctive relief.

### A.     Plaintiff does not establish any immediate or irreparable injury.

"When deciding whether to grant a preliminary injunction, the court must first determine whether the plaintiff has made a strong showing of irreparable harm if the injunction is denied." *Scotts Co. v. United Industries Corp.*, 315 F.3d 264, 271 (4th Cir. 2002). "The required 'irreparable

harm' must be 'neither remote nor speculative, but actual and imminent.'" *Direx Israel, Ltd. v. Breakthrough Medical Corp.*, 952 F.2d 802, 812 (4th Cir. 1991) (quoting *Tucker Anthony Realty Corp. v. Schlesinger*, 888 F.2d 969, 975 (2d Cir. 1989)).

Plaintiff fails to make a clear showing of irreparable, actual, and imminent injury. Instead, Plaintiff rests on his baseless speculation—unsupported by admissible evidence indicating its likely truth—that but for President Trump's presence in the primary campaign for president, votes and donations would flow to him as opposed to candidates with national or local name recognition. To put it charitably, Plaintiff has never won an election, has no support in any poll, has received no campaign donations, and has been endorsed by no one. Plaintiff's obscurity is not relative and attributable to President Trump—it is absolute. As Magistrate Judge Aboulhosn held:

> While [Plaintiff] argues that he is 'already suffering irreparable competitive injuries because Defendant Donald John Trump . . . . is siphoning off votes and contributions" from him, the Plaintiff fails to provide any specific facts in support of this allegation or forecast in what way this alleged damage may be impacted by the commencement of West Virginia's presidential primary filing period. Although he may be correct that "votes cannot be redistributed once cast" and "financial contributions cannot be refunded once given," the Plaintiff does not indicate what specific votes or contributions have been or will be siphoned off from his campaign . . . [T]he plaintiff asserts that both he and Defendant Trump are "pursuing the same voter and donor pies" – but this is an insufficient showing of immediate and irreparable injury.

[CM/ECF No. 13 at 7.] Tellingly, Plaintiff's objection *still* fails to come forward with any specific facts in support of his barebones allegations of competitive injury. Certainly, Plaintiff has offered no evidence, as opposed to speculation untethered to reality, to support his claim to irreparable harm. Plaintiff's claimed injuries are "speculative," not "actual," and therefore do not qualify for an injunctive remedy.

His asserted harm is not "imminent," either. As Magistrate Judge Aboulhosn noted. Plaintiff has failed "to identify a single date or relevant deadline concerning the West Virginia

presidential election" and "how any specific date or relevant deadline may impact any alleged harm." [CM/ECF No. 13 at 9.] Plaintiff yet again fails to come forward with any explanation of how West Virginia election laws interplay with his supposed injuries. The filing period for announcing candidacy in connection with the 2024 West Virginia primary election has not even begun. *See* W. Va. Code §§ 3-5-7(c), 3-6-4a(c)(1).[2] Candidates are permitted to withdraw even after the filing period closes, *see* W. Va. Code § 3-5-11, and the Secretary of State will not certify the names of all announced candidates until February 20, 2024. *See* W. Va. Code § 3-5-9. Plaintiff's injuries are therefore neither "actual" nor "imminent," defeating his claim for emergency injunctive relief. *Direx*, 952 F.2d at 812.

B.     The balance of hardships does not favor Plaintiff.

"[T]he balance of harm evaluation should precede the determination of the degree by which the plaintiff must establish the likelihood of success on his part." *Direx*, 952 F.2d at 813. "As the balance [of harm] tips away from the plaintiff, a stronger showing on the merits is required." *Rum Creek Coal Sales, Inc. v. Caperton*, 926 F.2d 353, 359 (4th Cir. 1991).

But Plaintiff makes no attempt to show that the balance of hardships favors him. Instead, Plaintiff summarily concludes that "Plaintiff's sustained harm and ongoing harm outweighs the harm an injunction would cause [President Trump]." [CM/ECF No. 9 at 7.] Plaintiff then proceeds to argue the factor in terms of the public interest. But the public interest and the balance of hardships are separate prerequisites for injunctive. Plaintiff's one sentence assertion that he would be harmed more in the absence of an injunction than President Trump would be harmed by the injunction itself is insufficient.

---

[2]       Plaintiff has apparently not yet decided how he intends to run for West Virginia's Republican nomination for president. Plaintiff vaguely asserts that he "intends to either appear on the 2024 Republican primary ballot in this state or to file documentation to be a formally recognized write-in candidate." [CM/ECF No. 1 at ¶ 19.]

As stated earlier, Plaintiff claims (without evidence) that President Trump's placement on the ballot harms Plaintiff's ability to secure voters and donations in pursuit of his (alleged) aspiration to become the Republican Party's nominee for President of the United States. Only two people will earn the privilege of a major party nomination for President; Plaintiff will share the "hardship" of *not* being nominated with every single other living American. On the other hand, issuing injunctive relief here effectively declares President Trump guilty of insurrection without a trial and strips him of his First Amendment right to seek office. In light of Plaintiff's failure to present any serious argument in support of his position, and the extreme threat Plaintiff's proposed relief poses to the rights of President Trump, this factor weighs heavily against the issuance of injunctive relief.

C.     Plaintiff has no likelihood of success on the merits.

Plaintiff must "make a clear showing that he is likely to succeed at trial." *Reynolds v. Young*, Case No. 5:20-v-00753, 2021 WL 4311695, *9 (S.D.W. Va. July 26, 2021). Plaintiff's burden to make a strong merits showing is amplified, here, given his failure to establish that the balance of hardships favors the issuance of an injunction. *See, e.g., Maryland Undercoating Co., Inc. v. Payne* , 603 F.2d 477, 481 (4th Cir. 1979) ("The need for a plaintiff to show likelihood of success on the merits increases as the probability of irreparable injury to plaintiff without the injunction decreases."). But here, Plaintiff has no likelihood of success.

As explained more fully in President Trump's Memorandum in Support of his Motion to Dismiss (which is incorporated herein by reference), Plaintiff's Complaint fails for threshold and dispositive reasons. Plaintiff lacks standing; this case presents a nonjusticiable political question; and Section Three does not provide a basis for a cause of action in the absence of an authorizing act of Congress.  Plaintiff also claims that President Trump "provided 'aid or comfort' to an in

insurrection in violation of Section 3 of the 14th Amendment . . . and is therefore constitutionally ineligible to hold any public office in the United States." [CM/ECF No. 1 at ¶ 14.] Plaintiff misreads Section Three and identifies scanty evidence in support of his claims. Upon closer inspection, Plaintiff's evidence actively undermines his arguments.  Because President Trump's Memorandum in Support of his Motion to Dismiss explains these issues in detail, he will not belabor the point here. But Plaintiff must clear *all* of these three hurdles to have *any* chance at success on the merits. The sheer weight of controlling authority on these issues establishes that Plaintiff has a low likelihood of surviving Rule 12(b) scrutiny, let alone prevailing on the merits.

     D.    <u>The public interest would not be served by the federal courts deciding the 2024 presidential election.</u>

Plaintiff's perfunctory claim that "the public interest is greatly served by preventing a violation of the United States Constitution," [CM/ECF No. 9 at 7], fails to confront the serious harm to the public interest that would result were an injunction issued here. [CM/ECF No. 9 at 7.]

Ultimately, this case involves whether the American people are to enjoy their right to choose their leaders by their own decision at the ballot box rather than through the Courts.  Donald J. Trump is the leading candidate for the Republican nomination for President of the United States. In a complaint based on mere conclusory assertions that President Trump violated an oath to support the Constitution by engaging in insurrection, Plaintiff seeks an unprecedented declaratory judgment that a leading candidate is constitutionally barred from holding any elective office or appearing on 2024 primary and general election ballots in West Virginia. Plaintiff would have the Courts effectively decide a significant part of the 2024 election and declare defendant ineligible for elective office based on defendant's allegations of insurrection. This would not only deprive President Trump of his right to run for the Presidency, but also would interfere with the

Republican Party's ability to put forward the candidate chosen by its own rules and processes, and would deprive millions of voters of their right to vote for the candidate of their choice. Given the gravity of defendant's request, it is not in the public interest to interfere with the election process. Instead, the public interest is well served by the election processes that are in place.

The Constitution establishes a process by which Congress can ultimately decide any question of disqualification under Section 3. There is simply no reason for this or any other court to preempt or interfere with that process and for it to do so would be decidedly against the public interest.

## Conclusion

For the reasons stated above, Defendant Donald John Trump requests that the Proposed Findings and Recommendation [CM/ECF No. 13] be adopted, and that Plaintiffs' Emergency Application for Temporary Restraining Order and Expedited Preliminary Injunction [CM/ECF No. 9] be denied.

DONALD JOHN TRUMP,

By Counsel,


*/s/ J. Mark Adkins*
J. Mark Adkins (WVSB #7414)
Richard R. Heath, Jr. (WVSB #9067)
William M. Lorensen (WVSB #13223)
BOWLES RICE LLP
600 Quarrier St.
Charleston, West Virginia 25301
Tel: (304) 347-1100
Fax: (304) 347-1746
madkins@bowlesrice.com
rheath@bowlesrice.com
wlorensen@bowlesrice.com

<u>**CERTIFICATE OF SERVICE**</u>

The undersigned counsel does hereby certify that on the **6th** day of **October, 2023**, the

foregoing document was served upon all parties of record electronically via the Court's CM/EMF

system as follows:

| | |
|---|---|
| John Anthony Castro<br>12 Park Place<br>Mansfield, Texas 76063<br>J.Castro@CastroAndCo.com<br>*Pro Se Plaintiff*<br><br>Elgine Heceta McArdle<br>MCARDLE LAW OFFICE<br>2139 Market Street<br>Wheeling, West Virginia 26002<br>elgine@mcardlelawoffice.com<br><br>-and-<br><br>Jay Alan Sekulow<br>Jordan A. Sekulow<br>Stuart J. Roth<br>Andrew J. Economou<br>Benjamin P. Sisney<br>Nathan J. Moelker<br>THE AMERICAN CENTER FOR LAW<br>AND JUSTICE<br>201 Maryland Avenue, NE<br>Washington, DC 20002<br>sekulow@aclj.org<br>jordansekulow@aclj.org<br>sroth@aclj.org<br>aekonomou@aclj.org<br>bsisney@aclj.org<br>nmoelker@aclj.org<br>*Counsel for Intervenor-Plaintiff West Virginia*<br>*Republican Party* | Douglas P. Buffington, II<br>  Chief Deputy Attorney General<br>Curtis R. A. Capehart<br>  Deputy Attorney General<br>Chanin Wolfinbarger Krivonyak<br>  Deputy Attorney General<br>Office of the Attorney General<br>1900 Kanawha Blvd. E., Bldg 1, Rm 26E<br>Charleston, West Virginia 25305<br>Doug.P.Buffington@wvago.gov<br>Curtis.R.A.Capehart@wvago.gov<br>ckrivonyak@wvago.gov<br>*Counsel for Defendant Andrew Warner, West*<br>*Virginia Secretary of State*<br><br>Michael R. Williams<br>  Principal Deputy Solicitor General<br>David E. Gilbert<br>  Deputy Attorney General<br>State Capitol Complex<br>Building 1, Room E-26<br>michael.r.williams@wvago.gov<br>dgilbert@wvago.gov<br>*Counsel for Intervenor The State of West*<br>*Virginia – Patrick Morrisey, Attorney*<br>*General* |

*/s/ J. Mark Adkins*_____
J. Mark Adkins (WVSB #7414)