**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**
**CHARLESTON DIVISION**

| | | |
|---|---|---|
| JOHN ANTHONY CASTRO | ) | |
| 12 Park Place, Mansfield, TX 76063 | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | Case No. 2:23-cv-00598 |
| *v.* | ) | |
| | ) | The Honorable Irene C. Burger |
| SECRETARY OF STATE ANDREW | ) | |
| WARNER and DONALD JOHN TRUMP, | ) | |
| | ) | |
|     Defendants. | ) | |

**RESPONSE TO DEFENDANT DONALD JOHN TRUMP'S MOTION TO DISMISS**

Plaintiff John Anthony Castro, *pro se*, submits this response to Defendant Donald John Trump's motion to dismiss.  Although Defendant Donald John Trump's motion is titled as being solely with regard to lack of subject matter jurisdiction, the body and content also include grounds for dismissing for failure to state a claim upon which relief can be granted, so to prevent that error from distracting appellate review, Plaintiff addresses both issues and states as follows:

**STANDING**

Plaintiff incorporates his Original Verified Complaint (ECF 1) and the Emergency Application for a Temporary Restraining Order and Expedited Preliminary Injunction Hearing (ECF 9) herein by reference.

The U.S. Constitution explains that the "judicial Power of the United States, shall be vested in one supreme Court, and in such inferior Courts as the Congress may from time to time ordain and establish."[1]   More specifically, the "judicial Power shall extend to all Cases, in Law and

---

[1] U.S. Const. art. III, § 1.

Equity, ***arising under this Constitution***."[2]   This was codified at 28 U.S.C. § 1331: "The district courts shall have original jurisdiction of all civil actions ***arising under the Constitution***."  In this case, there is a controversy between two Republican candidates that arises under the Constitution. Jurisdiction is clear.

Plaintiff alleges that Defendant Donald John Trump is causing a political competitive injury in the form of loss of political support.  Injury.  Plaintiff alleges that the injury is due to Defendant Donald John Trump's unconstitutional pursuit of holding office in violation of Section 3 of the 14th Amendment, which must be accepted as true for purposes of a motion to dismiss. Traceability.  Plaintiff alleges that Defendant Donald John Trump does not meet the qualifications mandated by the U.S. Constitution.  The Court can determine whether, by preponderance of the evidence, Defendant Donald John Trump provided *either* aid or comfort to the insurrectionists that attacked the United States Capitol on January 6, 2021.  Judicially discoverable and manageable standards.  If the Court determines Defendant Donald John Trump provided *either* aid or comfort, it can enjoin the state from printing any ballots with his name, counting write-in votes in his favor, and any other relief that would prevent the state or Defendant Donald John Trump from violating Section 3 of the 14th Amendment.  Redressability.  Standing could not possibly be more clear.

## COURT HAS SUBJECT MATTER JURISDICTION

### POLITICAL QUESTION DOCTRINE

Despite the plain wording of the Constitution and its application to this case, Defendant Donald John Trump claims that this Court does not have subject matter jurisdiction over a question arising under the Constitution because its political in nature.  Such a play on semantics while

---

[2] U.S. Const. art. III, § 2, cl. 1.

ignoring the actual meaning and substance of the *Political Question Doctrine* borders on sanctionable frivolity.

Put plainly, Courts have held that the *Political Question Doctrine* does not apply until ***after*** the major political parties hold their conventions and formally select a nominee; more specifically, after the states have accepted the nomination paperwork from the major parties for placement on the general election ballot.

Article II, Section 1, of the U.S. Constitution states that state legislatures must "appoint…. a Number of Electors… [who] shall meet in their respective States…vote…. Make a List of all the Persons voted for… and transmit… to the President of the Senate… [who will] open all the Certificates, and the Votes shall then be counted."  It is simply ministerial in nature.

According to Defendant Donald John Trump's interpretation of the Constitution, the Republican Party could place Vladimir Putin on the Republican Primary ballot and there is absolutely nothing the federal judiciary could do to stop it.  If it sounds ridiculous, please recall that this is Defendant Donald John Trump's interpretation of the law; a thrice-indicted federal and state criminal defendant that has led more attorneys to be disciplined for outlandish legal arguments than the American Mafia.  Nevertheless, Plaintiff will address each one of Defendant Donald John Trump's citations to dispel this myth that Courts have no jurisdiction to redress a political competitive injury by determining an individual's qualifications and enforcing the qualification provisions outlined in our sacred United States Constitution.

Defendant Donald John Trump cites *Berg v. Obama* for the proposition that Presidential qualifications are nonjusticiable political questions because the Court mentioned what it "seemed" like in *dicta*.[3]  However, *Berg v. Obama* was initiated on August 21, 2008, which was four (4)

---

[3] 586 F.3d 234, 238 (3d Cir. 2009).

days before the Democratic National Convention wherein Barack Obama was formally nominated to be the Democratic Nominee for the Presidency of the United States.  Moreover, the case was not decided until October 24, 2008, which was only twelve (12) days before the general election. In most states, early voting had already started.  As Plaintiff explained earlier, this case proves that the political question doctrine applies only *after* the major political parties hold their conventions and submit the nomination paperwork to the state for placement on the general election ballot.  On the merits, *Berg v. Obama* was dismissed for lack of standing; all else means *dicta*.

Defendant Donald John Trump then cites *Robinson v. Bowen* for the proposition that Presidential qualifications are nonjusticiable political questions because a district court mentioned the Electoral College Act in *dicta*.[4]  First, Congress has revised the Electoral College Act to limit objections only on the basis that either electors were not lawfully certified or that the vote count was irregular, so the *dicta* of that district court is not even applicable anymore.[5]  Defendant Donald John Trump clearly lacks even the most basic elementary understanding of the Electoral College Act and its recent amendments.  Second and more importantly, this case was filed 22 days before the Republican National Convention wherein John McCain was formally nominated to be the Republican Nominee for the Presidency of the United States.  Moreover, the case was not decided until September 16, 2008, which was only fifty (50) days before the general election.  As Plaintiff explained earlier, this case proves that the political question doctrine applies only *after* the major political parties hold their conventions and submit the nomination paperwork to the state for placement on the general election ballot.  On the merits, *Robinson v. Bowen* was dismissed for lack of standing; all else means *dicta*.

---

[4] 567 F. Supp. 2d 1144 (N.D. Cal. 2008).
[5] *See* 3 U.S.C. § 15(d)(2)(B)(ii)(I)-(II).

Defendant Donald John Trump then cites *Grinols v. Electoral College* for the proposition that Presidential qualifications are nonjusticiable political questions.[6]  First, this case was initiated on December 12, 2012, after the general election.  Second, it applied to the sitting President.  As Plaintiff explained earlier, this case proves that the political question doctrine applies only ***after*** the major political parties hold their conventions and submit the nomination paperwork to the state for placement on the general election ballot.  On the merits, *Grinols v. Electoral College* was dismissed for lack of standing; all else means *dicta*.

Defendant Donald John Trump then cites *Kerchner v. Obama* for the proposition that Presidential qualifications are nonjusticiable political questions.[7]  First, this case was initiated on the afternoon of January 20, 2009, after the general election and after Barack Obama had been inaugurated as President of the United States.  Hence and second, it applied to the sitting President.  As Plaintiff explained earlier, this case proves that the political question doctrine applies only ***after*** the major political parties hold their conventions and submit the nomination paperwork to the state for placement on the general election ballot.  On the merits, *Kerchner v. Obama* was dismissed for lack of standing; all else means *dicta*.

Defendant Donald John Trump then cites *Taitz v. Democrat Party of Mississippi* for the proposition that Presidential qualifications are nonjusticiable political questions.[8]  First, this case was a frivolous civil action accusing Barack Obama and Nancy Pelosi of a "conspiracy violating the federal Racketeer Influenced and Corrupt Organizations Act."[9]  Defendant Donald John Trump filed a similar RICO civil action against Hillary Clinton that resulted in a $50,000 sanction on

---

[6] *See* No. 2:12-CV-02997-MCE, 2013 WL 2294885 (E.D. Cal. May 23, 2013), aff'd, 622 F. App'x 624 (9th Cir. 2015).
[7] *See* 669 F. Supp. 2d 477 (D.N.J. 2009), aff'd, 612 F.3d 204 (3d Cir. 2010).
[8] *See* No. 3:12-CV-280-HTW-LRA, 2015 WL 11017373 (S.D. Miss. Mar. 31, 2015).
[9] *Id.* at *1.

Defendant Donald John Trump's attorney in that case. Plaintiff need not give this unreported case any more attention than it deserves. As Plaintiff explained earlier, this case proves that the political question doctrine applies only *after* the major political parties hold their conventions and submit the nomination paperwork to the state for placement on the general election ballot. On the merits, *Taitz v. Democrat Party of Mississippi* was dismissed for lack of standing; all else means *dicta*.

Defendant Donald John Trump then gets desperate and starts to cite state cases. The first state case is *Strunk v. New York State Bd. of Elections*, which the Court, in its official ruling, described as a "movie script" that should be called "The Manchurian Candidate Meets The Da Vinci Code" and then went on to ridicule the plaintiff's complaint as "a rambling, forty-five page variation on 'birther' cases."[10] Because the U.S. Constitution, Article 1, Section 4, states that the "Times, Places and Manner of holding Elections for **Senators and Representatives** [no reference to Presidential elections], shall be prescribed in each State by the Legislature thereof," the Court was partially correct in holding that if "a state court were to involve itself in the eligibility of a candidate to hold the office of President… it may involve itself in national political matters for which it is institutionally ill-suited."[11] However, the Court's references to the Electoral College were wrong, and, as mentioned before, the changes to the Electoral College Act no longer allow for objections based on qualifications, so even the mere inapplicable *dicta* in this case has been superseded and rendered obsolete by statute. On the merits, *Strunk v. New York State Bd. of Elections* was dismissed for lack of standing; all else means *dicta*.

Defendant Donald John Trump then cites the California state case of *Keyes v. Bowen*; a case initiated on November 13, 2008, after the general election.[12] Moreover, an amended

---

[10] 950 N.Y.S.2d 722 (Sup. Ct. 2012), *order aff'd*, 5 N.Y.S.3d 483 (2015)
[11] *Id*.
[12] *See* 189 Cal. App. 4th 647 (2010).

complaint was filed after the Electoral College certified the results (at that time permitting objections based on qualifications) and then-President Barack Obama had already been inaugurated, so it applied to a sitting President. As Plaintiff explained earlier, the political question doctrine does not apply until *after* the major political parties hold their conventions and submit the nomination paperwork to the state for placement on the general election ballot. On the merits, *Keyes v. Bowen* was dismissed for mootness; all else means *dicta*.

Defendant Donald John Trump then cites the Washington state case of *Jordan v. Secretary of State Sam Reed*; a case initiated on August 29, 2012, twenty-seven days before the Democratic National Convention.[13] This case was dismissed because the Court found that an "analysis of *Indispensible Party* under CR 19 leads only to the conclusion that this case must be dismissed because plaintiff has failed to join President Obama as a party."[14] On the merits, *Jordan v. Secretary of State Sam Reed* was dismissed for failing to include an indispensable party; all else means *dicta*. The ability to object to electoral college votes based on qualifications is no longer permitted, so any reference to that is superseded by statutory amendments to the Electoral College Act.

Defendants fail to show a textually demonstrable constitutional commitment of this issue to the Legislative or Executive Branch. Plaintiff has shown in his Verified Complaint that there are judicially discoverable and manageable standards for resolving it. Did the President provide aid or comfort to the insurrectionists that violently attacked our United States Capitol? If the preponderance of the evidence suggests he did, he is not constitutionally qualified to pursue the holding of office. Defendants fail to show how this would involve a policy determination.

---

[13] *See* No. 12-2-01763-5, 2012 WL 4739216, at *1 (Wash.Super. Aug. 29, 2012)
[14] *Id*.

Defendants fail to show how this involves a political decision already made.[15]  Defendants fails to show how this could result in multifarious pronouncements by various departments.  As such, nothing from the U.S. Supreme Court holding of *Massachusetts v. EPA*, which analyzed the *Political Question Doctrine*, is applicable.[16]

The *Political Question Doctrine* does not yet apply.  To be precise, it would not apply until July 15, 2024, when the Republican National Convention takes place to formally select their Nominee.  Defendant Donald John Trump is banking on the Court believing that any case involving a question of politics implicates the *Political Question Doctrine*, but such a frivolous legal position is sanctionable at worst and laughable at best.

## PLAINTIFF HAS STATED A VALID CLAIM

### CONSTITUTIONAL QUALIFICATIONS ARE SELF-EXECUTING

Defendant Donald John Trump then argues that no one has the authority to enforce any of the U.S. Constitution's qualifications to hold the Presidency of the United States because Congress has created no cause of action.  Plaintiff thoroughly analyzed this issue in his Verified Complaint and incorporates the entirety of the Verified Complaint herein by reference.

The 1870 Enforcement Act was created to grant individuals (*i.e.*, law enforcement) that otherwise did not have a direct injury with standing to remove public officials holding office in violation of Section 3 of the 14th Amendment.  This has no bearing on Plaintiff who has a concrete and particularized political competitive injury.  Plaintiff, in a Verified Complaint, explained that

---

[15] Although Plaintiff disagrees that the decision of a private political party constitutes a "political decision," that is how the Courts have interpreted the doctrine. As such, the earliest the Political Question Doctrine could apply would be July 15, 2024, when the Republican National Convention formally meets to nominate a candidate. However, Plaintiff maintains that a "political decision" is limited to one that is made by either the Legislative or Executive Branch; not a private political party. Allowing the decision of a private political party to qualify as a decision of a political department of the government legally recognizes a two-party system by treating their private decisions as government decisions, which is inappropriate.  The true deadline would be when nomination paperwork is due to the state for formal preparation of the general election ballot.

[16] 549 U.S. 497 (2007).

hundreds of voters have said they would support him but for Defendant Donald John Trump being a candidate.   Plaintiff has made clear that the source of the competitive injury is the unconstitutional candidacy of Defendant Donald John Trump.   For purposes of a motion to dismiss, all allegations must be accepted as true.  Period.  If Defendant Donald John Trump wants to disprove a fact or show that the injury is from another source, he must do so at trial.

Defendant Donald John Trump then tries to distinguish a general election from a primary election even though both involve state action; state action of possibly placing a constitutionally ineligible candidate on the ballot.  State action contrary to the U.S. Constitution.  Unconstitutional state action subject to injunction.  More frivolity by Defendant Donald John Trump.

<u>PLAINTIFF HAS STATED A CLAIM</u>

This is a civil action that encompasses a controversy between two candidates for the Republican nomination for the Presidency of the United States that arises under the Constitution. The law is clear: Plaintiff has stated a claim.  Plaintiff is being politically injured.  The Court can remedy this injury by interpreting the U.S. Constitution and enjoining state action that would conflict with its interpretation.  It's that simple.

**REQUESTED RELIEF**

Plaintiff requests that this Court deny Defendant Donald John Trump's Motions to Dismiss.


Dated: October 9, 2023.                          Respectfully submitted,

                                                 By: <u>/s/ *John Anthony Castro*</u>
                                                 John Anthony Castro
                                                 12 Park Place
                                                 Mansfield, TX  76063
                                                 (202) 594 – 4344
                                                 J.Castro@JohnCastro.com
                                                 **Plaintiff *Pro Se***

## CERTIFICATE OF SERVICE

On October 9, 2023, I submitted the foregoing document with the Clerk of this Court either by mail, email, or CM/ECF.  It is further certified that all other parties are registered CM/ECF users and will be served via that system.


*/s/ John Anthony Castro*
John Anthony Castro