UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

| | |
|---|---|
| JOHN ANTHONY CASTRO,<br>      Plaintiff,<br>   v.<br>SECRETARY OF STATE ANDREW WARNER, and DONALD JOHN TRUMP<br>DONALD JOHN TRUMP,<br><br>      Defendants. | Case No. 2:23-cv-00598 |

**DEFENDANT SECRETARY OF STATE'S,
RESPONSE TO STATE OF WEST VIRGINIA'S MOTION TO INTERVENE**

Douglas P. Buffington, II (WVSB # 8157)
  *Chief Deputy Attorney General*
Curtis R. A. Capehart (WVSB 9876)
  *Deputy Attorney General*
Chanin W. Krivonyak (WVSB # 7247)
  *Deputy Attorney General*
West Virginia Attorney General's Office
West Virginia Bar No. 9876
1900 Kanawha Boulevard, East
Building 1, Room 26E
Charleston, WV 25305
Email: curtis.r.a.capehart@wvago.gov

*Counsel for Mac Warner, in his official capacity as Secretary of State of the State of West Virginia*

Comes now the Defendant, Mac Warner, in his official capacity as Secretary of State of the State of West Virginia (hereinafter "the Secretary" or "Secretary Warner"), and responds to the State of West Virginia's Motion to Intervene and for Response Deadlines (ECF 25) at the invitation of Magistrate Aboulhosn's Order (ECF 27) (the "Order") to do so. Specifically, the Order suggests that the Secretary might be substituted as a party by the State in the interests of judicial economy, seeking discussion of the Secretary and the State of West Virginia being represented by the same counsel and proceed as a single defendant in this matter.

## DISCUSSION

The Secretary agrees that the State of West Virginia (the "State") has an absolute right to intervene in matters where the State's interests are implicated. However, that right does not displace state agencies or officers, such as the Secretary, as parties or prevent them from being parties in litigation independent of the State.

The powers and duties of the Secretary of State are enumerated in W.Va. Code § 3-1A-6, beginning with the declaration that "The Secretary of State shall be the chief election official of the state." *See* W.Va. Code § 3-1A-6(a). As the chief election officer, the Secretary of State has broad powers to take myriad actions relative to the electoral process, including the following: making, amending, and rescinding orders; promulgating legislative rules; requiring collection and reporting of statistical information; advising with election officials; investigating administration of election laws, frauds, and irregularities; and implementing emergency procedures and rules in the event of a natural disaster, terrorist attack, war or general emergency, among others. *Id.* The Secretary of State, as the chief election officer, has an independent and primary interest in being party to any matter involving elections in West Virginia, offering input regarding the relevant statutes and processes at issue in any such case. The Secretary has

institutional knowledge of and familiarity with the electoral processes, issues, and complications attendant thereto, including intimate knowledge of and experience with historical eligibility challenges that have occurred that the State does not. As the Constitutional officer responsible for overseeing election matters in West Virginia, the Secretary has the right to offer his unique perspective and weigh in regarding election matters and statutes, as well as interpretations of the same.

The State's intervention as of right does not supplant the right of the Secretary to remain as a party in interest on his own behalf as West Virginia's chief election officer.[1] The State's focus in seeking intervention here goes beyond election matters, while the Secretary's focus **is** the election process. This is logical and appropriate; the Secretary's focus is connected to the powers and duties of his office per the West Virginia Code, while the State has no limits to its interests and can address anything it chooses. Nevertheless, the Secretary, as a party in interest, must have the opportunity to remain as an independent party on his own behalf to assert his positions as the chief election officer, separate and apart from whatever other interests are addressed by the State. To do otherwise would be disrespectful of West Virginia's distribution of powers and authorities. *See Cameron v. EMW Women's Surgical Ctr., P.S.C.*, 595 U.S. 344, 142 S. Ct. 1012, 1011, 212 L.Ed.2d 114 (2022) (noting that the "[r]espect for state sovereignty must also take into account the authority of a State to structure its executive branch in a way that empowers multiple officials to defend its sovereign interests in federal court.").

Additionally, the Secretary is a necessary party to this litigation because of the nature of the relief sought by the Plaintiff. The Supreme Court of Appeals of West Virginia ("WVSCA")

---

[1] The undersigned counsel are representing solely the interests of the Secretary of State; they have no involvement in the Attorney General's work representing the interests of the State of West Virginia here. Likewise, the counsel working with the Attorney General representing the interests of the State of West Virginia have no involvement in the representation of the Secretary and his interests here.

has held on multiple occasions that the Secretary of State is the proper defendant to name when there is a challenge to the eligibility of a candidate such as the one presented here. The WVSCA has stated that, "When a petition challenges the eligibility of a candidate for a statewide office, or for an office 'filled by the voters of more than one county,' **the Secretary of State is the appropriate election official to name as respondent for purposes of fashioning any order of relief the Court may determine is warranted**." *See White v. Manchin*, 173 W. Va. 526, at 532, 318 S.E.2d 470, at 476 (1984) (c*iting State ex rel. Maloney v. McCartney*, 159 W.Va. 513, at 527, 223 S.E.2d 607, at 616 (1976). In other words, the Secretary is the appropriate election official to name as a defendant for the purposes of ordering relief in any matter challenging the eligibility of a candidate for any race extending beyond the bounds of a single county in West Virginia. The Plaintiff is seeking temporary and permanent injunctive relief in his challenge to Defendant Trump's eligibility as candidate for President relative to that election in West Virginia, and the Secretary believes that this action should be dismissed. Regardless, for any order for any relief that the Court may ultimately determine to be warranted, the Secretary is a necessary party "for purposes of fashioning any order of relief the Court may determine is warranted" and to facilitate the order the requested relief. *Id.* As a result, Secretary Warner is a necessary party to this case that must remain as a named Defendant.

As such, the State's intervention should not result in the Secretary's substitution—effectively his dismissal—as a party here and, for the same reasons, it would be inappropriate for the State and the Secretary to be merged into a single party.

## CONCLUSION

For the foregoing reasons, the Secretary respectfully requests that the Court grant the State of West Virginia's Motion to Intervene and for Response Deadlines and also that the Secretary

remain as a named Defendant, in his own right, in this litigation and to not substitute the State as a party for the Secretary.

DATED: October 10, 2023

                                                          Respectfully submitted,

                                                          */s/Curtis R. A. Capehart*
                                                          Douglas P. Buffington, II (WVSB # 8157)
                                                            *Chief Deputy Attorney General*
                                                          Curtis R. A. Capehart (WVSB # 9876)
                                                           *Deputy Attorney General*
                                                          Chanin W. Krivonyak (WVSB # 7247)
                                                           *Deputy Attorney General*
                                                          OFFICE OF THE WEST VIRGINIA ATTORNEY GENERAL
                                                          1900 Kanawha Boulevard, East
                                                          Bldg 1, Rm 26E
                                                          Charleston, WV 25305
                                                          Email: curtis.r.a.capehart@wvago.gov

                                                          *Counsel for Mac Warner, in his official capacity as*
                                                          *Secretary of State of the State of West Virginia*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 10, 2023, I caused to be filed electronically the foregoing, Defendant, Mac Warner, in his official capacity as Secretary of State of the State of West Virginia, *Defendant Secretary of State's Response to the State of West Virginia's Motion to Intervene*, with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to Plaintiff at his email address.  I will further serve on Plaintiff the foregoing document by having it emailed to him at j.castro@johncastro.com.  *See* ECF 4.

> */s/Curtis R. A. Capehart*
>  Douglas P. Buffington, II (WVSB # 8157)
>    *Chief Deputy Attorney General*
> Curtis R. A. Capehart (WVSB # 9876)
>    *Deputy Attorney General*
> Chanin W. Krivonyak (WVSB # 7247)
>    *Deputy Attorney General*
> OFFICE OF THE WEST VIRGINIA ATTORNEY GENERAL
> 1900 Kanawha Boulevard, East
> Bldg 1, Rm 26E
> Charleston, WV 25305
> Email: curtis.r.a.capehart@wvago.gov
>
> *Counsel for Mac Warner, in his official capacity as Secretary of State of the State of West Virginia*