IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

JOHN ANTHONY CASTRO,

    **Plaintiff,**                                                                2:23-CV-00598

vs.

SECRETARY OF STATE
ANDREW WARNER, and
DONALD JOHN TRUMP,

    **Defendants.**

WEST VIRGINIA REPUBLICAN PARTY,

    **Intervenor.**

# ORDER

    Pending before the Court is the unopposed ***State of West Virginia's Motion to Intervene and for Response Deadlines*** (ECF No. 25), filed on October 2, 2023. On October 10, 2023, both the State of West Virginia (State) and Defendant Secretary of State Andrew Warner (Secretary) filed their ***Responses*** to the undersigned's invitation (ECF No. 27) to consider whether the two parties can proceed in this matter as a single defendant. (See ECF Nos. 40, 41) Having reviewed the State's ***Motion***, the ***Responses*** filed by the State and the Secretary, and pertinent legal authority, the undersigned has concluded that the State's ***Motion to Intervene*** should be **GRANTED**.

    As an initial matter, the undersigned finds the State's motion is timely: this action was filed on September 7, 2023; the undersigned recommended the Plaintiff's Emergency Application for injunctive relief be denied (ECF No. 13) and granted the West Virginia Republican Party's own motion to intervene on September 28, 2023 (ECF No. 14), to which the Plaintiff filed timely objections (ECF Nos. 15, 16). Defendant Donald John Trump (Trump) filed a Motion to Dismiss

on October 6, 2023, to which the Plaintiff has filed his Response in opposition on October 9, 2023 (ECF Nos. 33, 38). There has been no scheduling order entered, and despite the flurry of filings, little to no progress has been made in this case yet.

In support of its motion, the State acknowledges that three Deputy Attorneys General have been assigned to represent the Secretary in this action, however, the Attorney General represents the interests of the State *itself*, thus the reason for seeking intervention on behalf of the *State*. Given the public importance of this case, the Attorney General is obligated under State law to be involved, and to inform the Court of State interests beyond those of the Secretary. Without intervention, the Attorney General's ability to discharge his inherent constitutional functions on behalf of the State will be impaired; the administration of elections implicates the State's sovereign interests, which the Attorney General is best able to defend. The Attorney General contends he need only show that representation of the State's interests may be inadequate, and asserts that the Secretary's role and interest in this matter are narrower than those of the Attorney General. The Attorney General states that intervention, either by right or permissively, will not prejudice the rights of the other parties in this case, or unnecessarily delay these proceedings.

The Secretary acknowledges that the State has an absolute right to intervene in these matters, and does not supplant the Secretary's right to remain in these proceedings, as the State's chief election officer. Both the State and the Secretary note that the Secretary is the appropriate, and necessary party in this action, both parties should be permitted to proceed, separately. The State ultimately has the right to speak on its own behalf in this action. Additionally, the State points

out this District has recent history of allowing it to intervene even though other state officials were already named as defendants.[1]

### Relevant Law

Rule 24(a) establishes intervention of right, providing that "[o]n timely motion, the court must permit anyone to intervene who…claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2). The Fourth Circuit has held that "to intervene as a matter of right under Rule 24(a), a movant generally must satisfy four criteria: (1) timeliness, (2) an interest in the litigation, (3) a risk that the interest will be impaired absent intervention, and (4) inadequate representation of the interest by the existing parties." *Scott v. Bond*, 734 F. App'x 188, 191 (4th Cir. 2018).

The Federal Rules also allow for permissive intervention. Under Rule 24(b), "[o]n timely motion, the court may permit anyone to intervene who…has a claim or defense that shares with the main action a common question of law or fact."  Fed. R. Civ. P. 24(b)(1)(B).

### Discussion

The State signals its intent to intervene in this matter "for the sole purpose" of allowing the Attorney General to express his view on the legal matters presented in this case. (ECF No. 25 at 1) In short, the Attorney General endeavors to ensure that the voters' right to cast a vote for the candidate of their choosing remain intact.[2] It is not lost on the Court that the Secretary is already

---

[1] Citing *Women's Health Ctr. Of W. Va. v. Sheth*, No. 2:23-cv-00079, 2023 WL 2146255, at *1 (S.D.W. Va. Feb. 21, 2023); *B.P.J. v. W. Va. State Bd. of Educ.*, No. 2:21-cv-00316, (S.D.W. Va. Jun. 18, 2021).

[2] The Attorney General advises that if permitted to intervene, it intends to respond to the Plaintiff's complaint by moving to dismiss it. (See ECF No. 25 at 4, fn1; see also ECF No. 41-1)

a defendant in this action, who is entrusted with such responsibilities; further, the West Virginia Republican Party has already recently been permitted to intervene in this matter, that also intends to protect voters' rights to vote for the candidate of their choosing by operation of State law.

There is no dispute that the Attorney General is empowered with "constitutional responsibility for providing legal counsel to State official and State entities." *State ex rel. McGraw v. Burton*, 569 S.E.2d 99, 108 (W. Va. 2002); see also W. Va. Code § 5-3-2.[3] The West Virginia Supreme Court of Appeals noted that the "non-involvement of the Attorney General in litigation involving State entities can lead to 'harm and damage to the State.' " *Id*. at 115. Significantly, the Court observed "[t]hese State entities . . . have contrasting perspectives and interests, and may take different (even competing or conflicting) legal positions before tribunals – sometimes on important issues involving State rights and powers generally, *citizen* or business rights, etc. " *Id*. at 114 (*emphasis* added). In short, despite the presence of one State officer in this case, State law provides that the Attorney General shall also be involved given the unquestionably important public interest at stake here. See, *Stuart v. Huff*, 706 F.3d 345, 351 (4th Cir. 2013) ("In matters of public law litigation that may affect great numbers of citizens, it is the government's basic duty to represent the public interest. And the need for government to exercise its representative function is perhaps at its apex where, as here, a duly enacted statute faces a constitutional challenge."); see also, *Berger v. North Carolina State Conference of the NAACP*, 597 U.S. ——, ——, 142 S.Ct. 2191, 2197,

---

[3] The Attorney General's statutory duties as provided under law as pertinent here are as follows:

> The attorney general shall appear as counsel for the state in all causes pending in the supreme court of appeals, or in any federal court, in which the state is interested; he shall appear in any cause in which the state is interested that is pending in any other court in the state, on the written request of the governor, and when such appearance is entered he shall take charge of and have control of such cause; he shall defend all actions and proceedings against any state officer in his official capacity in any of the courts of this state or any of the federal courts when the state is not interested in such cause against such officer[.]

213 L.Ed.2d 517 (2022) ("To defend its practical interests, the State may choose to mount a legal defense of the named official defendants and speak with a 'single voice,' often through an attorney general." (citing *Virginia House of Delegates v. Bethune-Hill*, 587 U. S. ——, ——, 139 S.Ct. 1945, 1952, 204 L.Ed.2d 305 (2019).

The foregoing demonstrates that the Court would be remiss not to allow the Attorney General to intervene in a matter of such constitutional, if not historical, importance to the citizenry of this State. Indeed, the Court recognizes that the Attorney General has a State constitutional duty to represent the public interest in its elections, and must intervene on the public's behalf to further those interests. Although the Attorney General's interest in this matter may not necessarily conflict with the interests of the Office of the Secretary of State, or may even be parallel with those interests, however, there is no other entity or party involved in this action that can represent the interests of *all* citizens, not just Republicans or Democrats, but *all* voters. To that extent, the Court finds that the Attorney General's mission to represent the public's interests are not identical to any other litigant in this action. Accordingly, the ***State of West Virginia's Motion to Intervene and for Response Deadlines*** (ECF No. 25) is **GRANTED**.[4]

The Clerk is hereby directed to transmit a copy of this Order to the Plaintiff and to counsel of record.

ENTER: October 11, 2023.



Omar J. Aboulhosn
United States Magistrate Judge

---

[4] The undersigned declines to address the deadlines as described in the ***Motion***, as they are likely to be better delineated with the entry of the scheduling order.