**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION**

| | |
|---|---|
| JOHN ANTHONY CASTRO ) <br> 12 Park Place, Mansfield, TX 76063 ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> SECRETARY OF STATE ANDREW ) <br> WARNER and DONALD JOHN TRUMP, ) <br> ) <br> Defendants. ) | Case No. 2:23-cv-00598 <br><br> The Honorable Irene C. Burger |

**OBJECTION TO U.S. MAGISTRATE'S ABILITY TO RULE ON ANY MOTIONS IN THIS CASE PER ARTICLE III OF THE U.S. CONSTITUTION**

Plaintiff John Anthony Castro, *pro se*, submits this objection to the U.S. Magistrate's ability to rule on any prior or future motions in this case per Article III of the U.S. Constitution. In particular, Plaintiff is calling into question the constitutionality of 28 U.S.C. § 636, which provides that U.S. Magistrate Judges can rule on nondispositive pretrial matters without the consent of all parties and without mandatory review by an Article III Judge; two safeguards that would make it constitutional but that Congress failed to include.

**CONSTITUTIONALITY OF 28 U.S.C. § 636 BEING CHALLENGED**

By permitting the intervention of parties that have no legally protectable interest with zero substantive legal analysis and taking no action to prevent intervenors' frivolous filings that include, *inter alia*, a bizarre request for an injunction against Plaintiff from pursuing judicial relief, which has the legal sophistication of a first-year law student at best, the U.S. Magistrate Judge's half-witted actions and inactions have brought to light the unconstitutional nature of the role of U.S. Magistrate Judges in our federal judicial system.

1

Article III, Section 1, of the U.S. Constitution provides that "the judicial Power of the United States, shall be vested in one supreme Court, and in such inferior Courts as the Congress may from time to time ordain and establish" and that the "Judges, both of the supreme and inferior Courts, shall hold their Offices during good Behaviour, and shall, at stated Times, receive for their Services, a Compensation, which shall not be diminished during their Continuance in Office."

Although Congress created the inferior role with the Federal Magistrates Act of 1968, the U.S. Constitution guarantees Plaintiff the right to have ruling in his case made *exclusively* by an Article III Judge.  *See Commodity Futures Trading Commission v. Schor*, 478 U.S. 833 (1986).

In other words, Congress' decision to permit U.S. Magistrates to rule on nondispositive pretrial matters while making reconsideration merely optional rather than mandatory on the part of an Article III Judge violates the U.S. Constitution.

Plaintiff hereby objects to any continued rulings by the U.S. Magistrate Judge and demands all prior and future rulings in this case be made solely and exclusively by an Article III Judge going forward.

To be clear, the U.S. Magistrate can make findings and recommendations just like any other law clerk, but any rulings, even if nondispositive and pretrial in nature, are unconstitutional when not mandatorily reviewed and ruled upon by an Article III Judge.

Because it is very likely this hostile court, which has already shown zero regard for civilized procedure and has allowed chaotic frivolous filings, will ignore this request leaving Plaintiff with no other opportunity for relief, Plaintiff will seek mandamus relief from the U.S. Court of Appeals for the 4th Circuit.

**REQUESTED RELIEF**

Plaintiff demands this Court limit the U.S. Magistrate Judge's involvement in this case to only providing findings and recommendations going forward.

Plaintiff further demands that any and all prior and future rulings must mandatorily be ruled upon by an Article III Judge as the Framers of our sacred United States Constitution intended.

Plaintiff further demands that the U.S. District Court Judge impose a sanction of $100,000 on Intervenor West Virginia Republican Party ("WVGOP") for its repeated frivolous filings intended only to disrupt these proceedings. Most notably, the U.S. District Court Judge can impose a sanction for WVGOP's patently frivolous request for an injunction against Plaintiff to prevent him from petitioning the judiciary to redress his grievances, which is baseless in law and wholly indefensible.

Dated: October 16, 2023.	Respectfully submitted,

By: /s/ *John Anthony Castro*
John Anthony Castro
12 Park Place
Mansfield, TX  76063
(202) 594 – 4344
J.Castro@JohnCastro.com
**Plaintiff** *Pro Se*

**NOTICE OF CONSTITUTIONAL QUESTION**

Plaintiff hereby provides notice, in accordance with Fed. R. Civ. P. 5.1, that Plaintiff is calling into question the constitutionality of 28 U.S.C. § 636, which provides that U.S. Magistrate Judges can rule on nondispositive pretrial matters without the consent of all parties and without mandatory review by an Article III Judge; two safeguards that would make it constitutional.

Plaintiff certifies he has served this paper and incorporated notice on the Attorney General of the United States by certified mail or by sending it to an electronic address designated by the attorney general for this purpose.

The Court must now, pursuant to 28 U.S.C. § 2403, certify to the appropriate attorney general that a statute has been questioned.

*/s/ John Anthony Castro*
John Anthony Castro

**CERTIFICATE OF SERVICE**

On October 16, 2023, I submitted the foregoing document with the Clerk of this Court either by mail, email, or CM/ECF. It is further certified that all other parties are registered CM/ECF users and will be served via that system.

*/s/ John Anthony Castro*
John Anthony Castro