IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

JOHN ANTHONY CASTRO,

    **Plaintiff,**

    vs.                                                      CIVIL ACTION NO. 2:23-CV-00598

SECRETARY OF STATE
ANDREW WARNER, and
DONALD JOHN TRUMP,

    **Defendants,**

WEST VIRGINIA REPUBLICAN PARTY,

    **Intervenor,**

STATE OF WEST VIRGINIA,

    **Intervenor.**

# ORDER

    The Intervenors, the West Virginia Republican Party, and the State of West Virginia, by counsel, have filed with the Court and served on the Plaintiff, who is acting *pro se*, their ***Motion to Dismiss Pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6)*** (ECF No. 42) and ***Motion to Dismiss*** (ECF No. 44) along with supporting Memoranda, as well as the Defendant Secretary of State Andrew Warner, by counsel, has also filed his own ***Motion to Dismiss*** with supporting ***Memorandum of Law*** (ECF Nos. 45, 46) with the Court and served on the Plaintiff.[1]

    Accordingly, pursuant to <u>Roseboro v. Garrison</u>, 528 F.2d 309 (4th Cir. 1975), the Plaintiff is hereby notified that he has the right to file a response to the Intervenors' ***Motions*** and the

---

[1] Having been granted access to electronic case filing (ECF No. 8), the Plaintiff received notice of these filings via CM/ECF.

Defendant Secretary of State's *Motion* and submit Affidavit(s) or statements subject to the penalties of perjury, exhibits, and/or other legal or factual material supporting his positions and issues in the case as they are challenged by these parties in the aforesaid *Motions*. The Plaintiff is advised that actual statements in Affidavits or Declarations submitted by the Intervening Parties and/or the Defendant will be accepted as true unless the Plaintiff sets forth facts in response indicating the existence of a genuine or actual dispute of fact for trial. In response to the Intervening Parties' and/or the Defendant's *Motions*, the Plaintiff must set out either in his own Affidavit or sworn statement or the Affidavits or sworn statements of other witnesses, specific facts which show that Plaintiff and the Intervening Parties and/or the Defendant actually disagree about one or more important and material fact or facts presented by this case. In the Affidavits and exhibits, the Plaintiff should address, as clearly as possible, the issues and facts stated in the *Motions* and in the Affidavits submitted by the Intervening Parties and/or the Defendant. If the Plaintiff chooses to file a response in opposition to the *Motions*, it is hereby **ORDERED** that the Plaintiff's response shall be filed with the Clerk of this Court on or before **October 27, 2023**. The Plaintiff shall serve copies of his response in opposition to the Intervening Parties' and/or the Defendant's *Motions* on their respective counsel.

The Plaintiff is also advised that a failure to respond to these *Motions* may result in a recommendation of denial of the relief sought in the Complaint and dismissal of this suit. In preparing a response, the Plaintiff should be aware of the fact that a knowing assertion of a falsehood in order to avoid dismissal could, if proven, constitute perjury punishable by law.

Following service of the Plaintiff's response to the *Motions*, if such is filed, the Intervening Parties and the Defendant will have seven (7) business days within which to file a reply, and the parties are advised that, after the passage of the time provided for a response and

a reply, the Court will consider the *Motions* ready for decision.

The Clerk is directed to transmit a copy of this Order to the Plaintiff, who is acting *pro se*, and to counsel of record.

ENTER: October 16, 2023.

Omar J. Aboulhosn
United States Magistrate Judge