IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

JOHN ANTHONY CASTRO,

    *Plaintiff,*                                                Civil Action No. 2:23-cv-00598

    v.                                                     Honorable Irene C. Berger

SECRETARY OF STATE
ANDREW WARNER and
DONALD JOHN TRUMP,

    *Defendants.*

WEST VIRGINIA REPUBLICAN PARTY
and STATE OF WEST VIRGINIA,

    *Intervenors.*

**STATE OF WEST VIRGINIA'S RESPONSE TO PLAINTIFF'S 10.16 "OBJECTION TO U.S. MAGISTRATE'S ABILITY TO RULE ON ANY MOTIONS"**

    Plaintiff John Anthony Castro has objected to "the U.S. Magistrate's ability to rule on any prior or future motions in this case," ECF No. 48, at 1, arguing that Magistrate Judge Aboulhosn's continuing exercise of authority would be unconstitutional. This "objection"—which is not directed at any specific order or ruling—is probably more accurately called a motion for miscellaneous relief. But whatever it is, the Court should reject it.

    "Congress intended to give magistrates a significant role in the federal judicial system." *United States v. Schronce*, 727 F.2d 91, 93 (4th Cir. 1984). As "competent and impartial assistants of district judges," magistrate judges "are an integral part of a district court." *In re Brown*, 932 F.3d 162, 171 (4th Cir. 2019). Magistrate judges "assume some of the burden imposed on the district courts and … relieve [those] courts of unnecessary work." *ContraVest Inc. v. Mt. Hawley Ins. Co.*, 273 F. Supp. 3d 607, 620 (D.S.C. 2017) (cleaned up). And "it is no exaggeration to say

1

that without the distinguished service of these judicial colleagues, the work of the federal court system would grind nearly to a halt." *Wellness Int'l Network, Ltd. v. Sharif*, 575 U.S. 665, 668 (2015).

As this Court knows quite well, "[m]agistrate judges are authorized to rule on any pretrial matter, except for eight specific matters listed in the enabling statute and generally referred to as 'dispositive' matters." *Gardendance, Inc. v. Woodstock Copperworks, Ltd.*, 230 F.R.D. 438, 447 (M.D.N.C. 2005). "[A] district court may refer [even] dispositive motions to a magistrate for a recommendation so long as the entire process takes place under the district court's total control and jurisdiction." *Thomas v. Arn*, 474 U.S. 140, 153 (1985). Thus, under the Federal Magistrate Act, magistrate judges obviously may rule on motions like the motions to intervene about which Castro now complains. *See Coleman v. Lab. & Indus. Rev. Comm'n of Wisc.*, 860 F.3d 461, 474 (7th Cir. 2017) (holding that a magistrate judge may decide a motion to intervene)*; Day v. Sebelius*, 227 F.R.D. 668, 671 (D. Kan. 2005) (same); *United States v. Marsten Apartments*, *Inc.,* 175 F.R.D. 265, 267 n.1 (E.D. Mich. 1997) (same). Yet in his "objection," Castro takes issue with Congress's choice.

Castro is wrong to question the magistrate judge's authority. "Even if a controversial matter might be delegated to a magistrate, so long as the district court has the power to review the magistrate judge's actions, there is no threat to the judicial power or the independence of judicial decisionmaking that underlies Article III." *United States v. Dees*, 125 F.3d 261, 268 (5th Cir. 1997); *see also, e.g.*, *Zinberg v. Washington Bancorp, Inc.*, 138 F.R.D. 397, 400–01 (D.N.J. 1990) ("This delegation of judicial power does not violate Article III of the United States Constitution so long as this court ultimately decides the referred matter."). Continuing district-court supervision is exactly what the Federal Magistrate Act contemplates—and exactly what has happened in this

matter. The district court retains ultimate authority over all aspects of Castro's case. No wonder, then, that the Supreme Court has said there are no "serious concerns about the [Federal Magistrate Act]'s constitutionality." *Gonzalez v. United States*, 553 U.S. 242, 251 (2008). And no surprise, too, that the Fourth Circuit has more than once denied petitions and writs identical to the one that Castro says he plans to file here—that is, filings objecting to the use of magistrate judges without a party's consent because of perceived problems with Article III. *See In re Spotts*, 33 F. App'x 85 (4th Cir. 2002) (denying a petition for a writ of prohibition in which the petitioner "contend[ed] the district court referred his … motion to a magistrate judge without his consent in violation of Article III of the Constitution"); *In re Artis*, No. 92-8002, 1992 WL 27437, at *1 (4th Cir. Feb. 19, 1992) (denying petition for mandamus where party argued that "the magistrate judge's actions on preliminary matters … violated Article III of the Constitution because [the petitioner] expressly declined to consent to the magistrate judge's jurisdiction").

Unfortunately, Castro's "objection" seems to be little more than a vehicle through which to attack the magistrate judge. *See* ECF No. 48, at 1 (criticizing "the U.S. Magistrate Judge's half-witted actions and inactions"). Castro filed similar attacks against court personnel earlier in the case.[1] *See, e.g.*, ECF No. 15 at 2 (arguing that the "U.S. Magistrate's use of the 'obvious' standard completely [sic] devoid of supporting legal authority reveals this ruling for what it is"); ECF No. 31, at 2 (issuing a "demand[]" that "this Court have a discussion with the staff of the Clerk's Office to take their work more seriously"). Indeed, Castro's most recent filing even attacks the district court for being "hostile" and "show[ing] zero regard for civilized procedure." ECF No. 48, at 2.

---

[1] Castro has also lodged personal attacks against parties. *See, e.g.*, ECF No. 48, at 1 (saying that a filing was a "bizarre request" with "the legal sophistication of a first-year law student at best"). And he has attacked court personnel in his related suits. *See, e.g.*, Mot. at 1-2, *Castro v. Oliver*, No. 1:23-cv-00766 (D.N.M. Sept. 29, 2023), ECF No. 12 ("[I]t is not the job of Plaintiff to conduct a continuing education course for the U.S. Magistrate. … It is the job of the U.S. Magistrate to either research the law or recuse himself for being intellectually deficient.").

Although Castro is a *pro se*, the Court should not countenance that kind of behavior. "[L]iberal pro se practice ... is not a sword with which to insult a trial judge, and even "the right to accuse a judge of bias (or of misconduct) does not carry with it the right to abuse and insult." *Pimentel v. Delta Air Lines, Inc.*, 818 F. App'x 100, 102 (2d Cir. 2020); *see also, e.g.*, *United States v. Subasic*, No. 5:09-CR-216-FL-3, 2011 WL 4055170, at *5 (E.D.N.C. Sept. 12, 2011) ("Baseless accusations in written objections that the court did not thoroughly review materials, or insults regarding a judge's intelligence or jurisprudence are highly inappropriate."). Certainly, "[l]itigants are understandably disappointed when they do not prevail in court. *In re Mann*, 229 F.3d 657, 659 (7th Cir. 2000). But "that does not give them the license to attack the integrity of the judiciary"—or its staff, for that matter. *Id.*

For all these reasons, the Court should deny Castro's objection so that the parties may focus on the merits—or, more accurately, the meritlessness—of Castro's claims.

Respectfully submitted,

**THE STATE OF WEST VIRGINIA**

PATRICK MORRISEY
ATTORNEY GENERAL

*/s/ Michael R. Williams*
Michael R. Williams (WV Bar # 14148)
  *Principal Deputy Solicitor General*
David E. Gilbert (WV Bar # 12157)
  *Deputy Attorney General*
State Capitol Complex
Building 1, Room E-26
michael.r.williams@wvago.gov
david.e.gilbert@wvago.gov
Telephone: (304) 558-2021
Dated: October 16, 2023      Facsimile: (304) 558-0140