# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
# CHARLESTON DIVISION

| | |
|---|---|
| JOHN ANTHONY CASTRO<br>12 Park Place, Mansfield, TX 76063<br><br>    Plaintiff,<br><br>v.<br><br>SECRETARY OF STATE ANDREW<br>WARNER and DONALD JOHN TRUMP,<br><br>    Defendants. | Case No. 2:23-cv-00598<br><br>The Honorable Irene C. Burger |

## RESPONSE TO DEFENDANT SECRETARY OF STATE'S MOTION TO DISMISS

Plaintiff John Anthony Castro, *pro se*, submits this response to Defendant Secretary of State's motion to dismiss for lack of subject matter jurisdiction. Although Defendant Secretary of State references Fed. R. Civ. P. 12(b)(6), the body of the motion contains no assertion of failure to state a claim upon which relief can be granted.

## STANDING

Plaintiff incorporates his Original Verified Complaint (ECF 1) and the Emergency Application for a Temporary Restraining Order and Expedited Preliminary Injunction Hearing (ECF 9) herein by reference.

The U.S. Constitution explains that the "judicial Power of the United States, shall be vested in one supreme Court, and in such inferior Courts as the Congress may from time to time ordain and establish."[1] More specifically, the "judicial Power shall extend to all Cases, in Law and Equity, *arising under this Constitution*."[2] This was codified at 28 U.S.C. § 1331: "The district

---

[1] U.S. Const. art. III, § 1.
[2] U.S. Const. art. III, § 2, cl. 1.

1

courts shall have original jurisdiction of all civil actions *arising under the Constitution*." In this case, there is a controversy between two Republican candidates that arises under the Constitution. Jurisdiction is clear.

Plaintiff alleges that Defendant Donald John Trump is causing a political competitive injury in the form of loss of political support. Injury. Plaintiff alleges that the injury is due to Defendant Donald John Trump's unconstitutional pursuit of holding office in violation of Section 3 of the 14th Amendment, which must be accepted as true for purposes of a motion to dismiss. Traceability. Plaintiff alleges that Defendant Donald John Trump does not meet the qualifications mandated by the U.S. Constitution. The Court can determine whether, by preponderance of the evidence, Defendant Donald John Trump provided *either* aid or comfort to the insurrectionists that attacked the United States Capitol on January 6, 2021. Judicially discoverable and manageable standards. If the Court determines Defendant Donald John Trump provided *either* aid or comfort, it can enjoin Defendant Secretary of State from acts that would be in furtherance of a violation of the U.S. Constitution, including, but not limited to, enjoining the state from printing any ballots with Defendant Donald John Trump's name, counting write-in votes in his favor, and any other relief that would prevent the State or Defendant Donald John Trump from violating Section 3 of the 14th Amendment. Redressability.

This directly refutes Defendant Secretary of State's claim that there is no traceability to him. If this Court determines there was a violation by Defendant Doanld John Trump, then anyone who aids or assists his efforts to continue to pursue office is engaging in unconstitutional conduct that can be enjoined by this Court. Defendant Secretary of State would be better to argue that he is a contingent defendant, but even then, that's permissible under Fed. R. Civ. P. 18(b): "A party may join two claims even though one of them is contingent on the disposition of the other."

Defendant Secretary of State is advised to read the Federal Rules of Civil Procedure. Standing could not possibly be more clear. Each element is satisfied.

### RIPENESS

Although ripeness would appear to be a valid basis for objecting to the Court's jurisdiction since that would go to the heart of whether there is a ripe injury giving rise to an actual controversy; however, this is not a state-level election. This is a national election with 50 states providing delegates needed to secure the nomination of the Republican Party. Plaintiff is already on the ballot in Nevada and New Hampshire. The competitive injuries in those states can and must be recognized in this state. Moreover, like New Hampshire, West Virginia's filing fee is only $2500 and a simple Declaration of Candidacy; a mere ministerial act that cannot serve as a bar to jurisdiction.[3]

If the Court were to deny review until the filing period, there would be insufficient time to render a judgment thereby guaranteeing irreparable harm to Plaintiff and effectively denying Plaintiff relief thereby perfecting the right to appellate review.

### REQUESTED RELIEF

Plaintiff requests that this Court deny Defendant Secretary of State's Motions to Dismiss.

Dated: October 17, 2023.             Respectfully submitted,

By: /s/ *John Anthony Castro*
John Anthony Castro
12 Park Place
Mansfield, TX  76063
(202) 594 – 4344
J.Castro@JohnCastro.com
**Plaintiff *Pro Se***

---

[3] *See S.E.C. v. Clark*, 560 F. App'x 768, 770 (10th Cir. 2014); *also see Badoni v. Higginson*, 638 F.2d 172, 180 (10th Cir. 1980).

3

## CERTIFICATE OF SERVICE

On October 17, 2023, I submitted the foregoing document with the Clerk of this Court either by mail, email, or CM/ECF. It is further certified that all other parties are registered CM/ECF users and will be served via that system.

<em>/s/ John Anthony Castro</em><br>
John Anthony Castro