IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

JOHN ANTHONY CASTRO,

    Plaintiff,

v.

SECRETARY OF STATE ANDREW
WARNER, and DONALD JOHN TRUMP,

    Defendants,

WEST VIRGINIA REPUBLICAN PARTY,

    Intervenor-Plaintiff.

Civil Action No. 2:23-cv-00598
The Honorable Irene C. Berger

## RESPONSE IN OPPOSITION TO PLAINTIFF'S
## MOTION TO STRIKE NOTICE OF SUPPLEMENTAL AUTHORITY

Defendant Donald John Trump, by counsel, hereby responds in opposition to Plaintiff's Motion to Strike Defendant's Notice of Supplemental Authority, [CM/ECF No. 57]. Defendant's Notice of Supplemental Authority (the "Notice") identifies recently decided opinions dismissing lawsuits seeking to disqualify Defendant Donald John Trump from the ballot under Section Three of the Fourteenth Amendment for lack of standing. [*See* CM/ECF No. 56.] The Notice identifies the cases for the Court's consideration, and in non-argumentative fashion. [*See id.*]

The new authority pertains to Article III standing—which strikes at the Court's subject-matter jurisdiction. Federal courts 'have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010). The courts must therefore "raise and decide jurisdictional questions that the parties either overlook or elect not to press." *Henderson v. Shinseki*, 562 U.S. 428, 434 (2011). Defendant submits the Notice in the spirit of alerting the Court to recent caselaw that might aid its independent obligation to analyze its subject-matter jurisdiction.

Plaintiff moves to strike the Notice on the grounds that Federal Rule of Civil Procedure 12(g)(2) bars Defendant from noticing supplemental authority. Plaintiff is mistaken. To start, the Rule does not apply to motions to dismiss for lack of subject matter jurisdiction. *Compare* Fed. R. Civ. P. 12(g)(2) ("Except as provided in Rule 12(h)(2) or (3) . . ."): *with* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Subject-matter jurisdiction defects can be raised by any party and at any time.

Even so, Rule 12(g)(2) generally prohibits the filing successive motions to dismiss "raising a defense or objection that was available to the party but omitted from its earlier motion." The Notice is not a motion, nor does it "rais[e] a defense or objection that was available" to Defendant at the time of his October 6, 2023 Motion to Dismiss. The Notice does not raise any new defenses or objections—it identifies authority *decided after* Defendant's Motion to Dismiss. Ultimately, the new authority supports, but does not change, the dismissal arguments Defendant raised in his Motion to Dismiss. [*See* CM/ECF Nos. 33, 34.]

Defendant therefore opposes Plaintiff's Motion to Strike, [CM/ECF No. 57], and requests that it be denied.

    DONALD JOHN TRUMP,

    By Counsel,

    */s/ J. Mark Adkins*
    J. Mark Adkins (WVSB #7414)
    Richard R. Heath, Jr. (WVSB #9067)
    William M. Lorensen (WVSB #13223)
    BOWLES RICE LLP
    600 Quarrier St.
    Charleston, West Virginia 25301
    (304) 347-1100
    madkins@bowlesrice.com
    rheath@bowlesrice.com
    wlorensen@bowlesrice.com

## CERTIFICATE OF SERVICE

The undersigned counsel does hereby certify that on the **24th** day of **October, 2023**, the foregoing ***Response In Opposition To Plaintiff's Motion To Strike Notice Of Supplemental Authority*** was served upon all parties of record electronically via the Court's CM/EMF system as follows:

John Anthony Castro
12 Park Place
Mansfield, Texas 76063
J.Castro@CastroAndCo.com
*Pro Se Plaintiff*

Elgine Heceta McArdle
MCARDLE LAW OFFICE
2139 Market Street
Wheeling, West Virginia 26002
elgine@mcardlelawoffice.com

-and-

Jay Alan Sekulow
Jordan A. Sekulow
Stuart J. Roth
Andrew J. Economou
Benjamin P. Sisney
Nathan J. Moelker
THE AMERICAN CENTER FOR LAW AND JUSTICE
201 Maryland Avenue, NE
Washington, DC 20002
sekulow@aclj.org
jordansekulow@aclj.org
sroth@aclj.org
aekonomou@aclj.org
bsisney@aclj.org
nmoelker@aclj.org
*Counsel for Intervenor-Plaintiff West Virginia Republican Party*

Douglas P. Buffington, II
 Chief Deputy Attorney General
Curtis R. A. Capehart
 Deputy Attorney General
Chanin Wolfinbarger Krivonyak
 Deputy Attorney General
Office of the Attorney General
1900 Kanawha Blvd. E., Bldg 1, Rm 26E
Charleston, West Virginia 25305
Doug.P.Buffington@wvago.gov
Curtis.R.A.Capehart@wvago.gov
ckrivonyak@wvago.gov
*Counsel for Defendant Andrew Warner, West Virginia Secretary of State*

Michael R. Williams
 Principal Deputy Solicitor General
David E. Gilbert
 Deputy Attorney General
State Capitol Complex
Building 1, Room E-26
michael.r.williams@wvago.gov
dgilbert@wvago.gov
*Counsel for Intervenor The State of West Virginia – Patrick Morrisey, Attorney General*

                                          */s/ J. Mark Adkins*
                                          J. Mark Adkins (WVSB #7414)