# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
### CHARLESTON DIVISION

JOHN ANTHONY CASTRO,

    *Plaintiff,*

    v.

SECRETARY OF STATE ANDREW
WARNER and DONALD JOHN TRUMP,

    *Defendants.*

WEST VIRGINIA REPUBLICAN PARTY
and STATE OF WEST VIRGINIA,

    *Intervenors.*

Civil Action No. 2:23-cv-00598

Honorable Irene C. Berger

## <u>REPLY TO RESPONSE TO SECRETARY OF STATE'S MOTION TO DISMISS</u>

Douglas P. Buffington, II (WVSB # 8157)
 *Chief Deputy Attorney General*
Curtis R. A. Capehart (WVSB # 9876)
 *Deputy Attorney General*
Chanin W. Krivonyak (WVSB # 7247)
 *Deputy Attorney General*
West Virginia Attorney General's Office
1900 Kanawha Boulevard, East
Building 1, Room 26E
Charleston, WV 25305
Email: curtis.r.a.capehart@wvago.gov

*Counsel for Mac Warner, in his official capacity as Secretary of State of the State of West Virginia*

## INTRODUCTION

Comes now, Defendant, Mac Warner, in his official capacity as Secretary of the State of West Virginia, (hereinafter "the Secretary" or "Secretary Warner") and files the *Secretary of State's Reply to Response to Secretary of State's Motion to Dismiss* in reply to Plaintiff's Response to Defendant Secretary of State's Motion to Dismiss (the "Response") filed on October 17, 2023.  *See* ECF No. 53.  Secretary Warner submits his reply to further support his motion to dismiss, *see* ECF No. 45 (the "Motion"), and his memorandum of law in support of his motion to dismiss, *see* ECF No. 46 (the "Memorandum").

The Response ignores the details of Secretary Warner's arguments documenting why Plaintiff lacks standing, why his claims are unripe for review, and, as a result, why his complaint fails to state a claim upon which relief can be granted by this Court.  Instead, it exhibits dismissive reiterations of the Complaint's allegations that do little to respond to the Motion and Memorandum and indulges in notable discourtesy, in keeping with some of Plaintiff's other recent filings directed at other parties, counsel, court staff, and the judiciary.

Federal Rule of Civil Procedure 12(b)(1) provides for dismissal of an action for lack of subject-matter jurisdiction, and without standing, there is no subject matter jurisdiction.  Federal Rule of Civil Procedure 12(b)(6) allows for dismissal for failure to state a claim upon which relief can be granted.  Dismissal is proper in this matter because subject matter jurisdiction is lacking and because the Complaint fails to allege a cause of action upon which relief can be granted.

### I.      STANDING

Federal Rule of Civil Procedure 12(b)(1) provides for dismissal of an action for lack of subject-matter jurisdiction, and without standing, there is no subject matter jurisdiction.  "In

analyzing standing, the Supreme Court reiterated that 'no principle is more fundamental to the judiciary's proper role in the United States's system of government than the constitutional limitation of federal-court jurisdiction to actual cases or controversies.'" *John and Jane Parents 1 v. Montgomery Cnty. Bd. of Educ.,* 78 F.4th 622, 630 (4th Cir. 2023) (quoting *Clapper v. Amnesty Int'l. USA,* 568 U.S. 398, 408 (2013)). The "irreducible constitutional minimum of standing," *Lujan v. Defs. of Wildlife,* 504 U.S. 555, 560 (1992), consists of three elements designed to ensure that Plaintiff "has alleged such a personal stake in the outcome of the controversy as to warrant his invocation of federal court jurisdiction and to justify exercise of the court's remedial powers on his behalf." *White Tail Park, Inc. v. Stroube,* 413 F.3d 451, 458 (4th Cir. 2005) (quoting *Planned Parenthood of South Carolina Inc. v. Rose,* 361 F.3d 786, 789 (4th Cir. 2004)). Plaintiff bears the burden of establishing these elements and has failed to do so.

A.  Plaintiff Has Failed to Prove He is Suffering An Injury In Fact

Regarding the first of the three elements of standing, the Memorandum explained how Plaintiff is unable to establish he is suffering a concrete and particularized injury. Plaintiff's alleged injury is conjectural and hypothetical, and there are no allegations of campaign efforts and organization or even seeking campaign contributions in West Virginia. Yet the Complaint asserts that Plaintiff is "suffering irreparable competitive injuries" by Defendant Trump "siphoning off votes and contributions." *See* ECF No. 1 ¶¶ 27, 103. The Complaint offers no allegations of any efforts to receive contributions from—let alone gain the votes of—West Virginia voters, nor are there any allegations asserting or even suggesting that the allowance of Defendant Trump as a possible candidate is the stumbling block between Plaintiff and financial and electoral support in West Virginia. The Complaint presents nothing on this, nor does the Response rehabilitate those

failings.  This is beyond speculation and strains any understanding of personal political decision-making and West Virginia voting history, which is within the scope of the Court's judicial notice. More importantly for the Motion, this is insufficient to establish that Plaintiff is suffering an injury in fact sufficient to establish standing.

B.  Plaintiff Has Failed to Prove Traceability

Regarding the second element of standing, the Memorandum explained how Plaintiff is unable to establish a "causal connection" between his alleged "injury and the conduct complained of," and that it is not "[t]he result [of] the independent action of some third party not before the court."  *See generally, Lujan v. Defs. Of Wildlife*, 504 U.S. at 560-561.  The Complaint alleges that Plaintiff suffers a loss of campaign contributions and votes if Secretary Warner is not enjoined from placing Defendant Trump's name on the ballot.  This argument ignores third parties not before the Court, namely, the West Virginia electorate who independently decide the locus of their support, financial and otherwise.  Any perceived lack of support from West Virginia voters reflects their personal decisions on the person(s) to whom they will grant that support.  Plaintiff's allegations are lacking on this connection, and his arguments attempting to establish standing are based on speculation, seeming to suggest that those supporting Defendant Trump would direct their votes to Plaintiff if Defendant Trump were removed as an option.  As a result, the Plaintiff cannot establish the "causal connection" or traceability element he needs to prove standing before this Court.

C.  Plaintiff Cannot Prove Redressability

Regarding the final element, the Memorandum explained how Plaintiff has not established that it is "likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision."  *See, generally, Lujan v. Defs. Of Wildlife*, 504 U.S. at 560-561.

The Complaint describes Plaintiff's harm in the form of loss of campaign contributions and, quizzically at this time, votes for those currently sending contributions to Defendant Trump and planning to vote for him in the future, on the basis that Plaintiff is competing with Defendant Trump for the same nomination.  Thus, Plaintiff seeks to convince this Court that his perceived improper deprivation of monetary support by an allegedly ineligible candidate would be corrected by prohibiting the Secretary from placing Defendant Trump's name on the ballot, presumably on the logic that somehow Defendant Trump's supporters would necessarily redirect their contributions and votes to him to the exclusion of any of the other Republican candidates for President (or perhaps that an order could require such outcome).

While an order granting declaratory and injunctive relief here could prevent Defendant Trump from appearing on the West Virginia primary ballot as a candidate, that would do nothing to correct for contributions and votes NOT received by Plaintiff.  In fact, no court can fashion such an order because those decisions—on making political contributions and voting—are entirely private decisions by the public and voters.  The Response does nothing to contend with this reality. Because an order cannot be fashioned to correct for the Plaintiff's alleged but unspecified and unknowable injuries on these scores, the Complaint's claims cannot be redressed here.

Because the Complaint failed to establish standing, this Court should dismiss Plaintiff's Complaint pursuant to Rule 12 (b)(1) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction.

## II.     RIPENESS

The Response admits that ripeness is "a valid basis for objecting to the Court's jurisdiction since that would go to the heart of whether there is a ripe injury giving rise to an actual controversy."  *See* ECF No. 53, p. 3.  Yet, the Response argues that because this is a national

election, this Court is required to recognize alleged competitive injuries from other states, *see id.*, though the Complaint has provided no factual allegations to support this assertion and no factual allegations to establish standing or the alleged competitive injuries in other jurisdictions.

This argument does nothing to push back against the ripeness doctrine, the function of which "prevents judicial consideration of issues until a controversy is presented in clean-cut and concrete form." *Scoggins v. Lee's Crossing Homeowners Ass'n,* 718 F.3d 262, 270 (4th Cir. 2013) (quoting *Miller v. Brown,* 462 F.3d 312, 318-19 (4th Cir. 2006)). The Fourth Circuit Court of Appeals has stated that a claim is ripe for adjudication once "the action[s] in controversy [are] final and not dependent on future uncertainties. Stated alternatively, '[a] claim is not ripe for adjudication if it rests upon 'contingent future events that may not occur as anticipated, or indeed may not occur at all.'" *Scoggins,* 718 F.3d at 270 (quoting *Texas v. U.S.,* 523 U.S. 296, 300 (1998)) (internal citations omitted).

As previously detailed in the Memorandum, the claims here are not adequately mature nor are they "clean-cut and concrete" as required to establish they are ripe for judicial consideration of the alleged injuries. The period for candidates to file certificates of announcement in West Virginia does not open until January 2024, and the preparation of ballots does not begin until March 2024. Any number of potential future events could impact the claims here in myriad ways well before those time frames. This is a clear example of being dependent on future uncertainties. As such, the claims at bar are not ripe for consideration as the alleged controversy is neither in a clean-cut nor concrete form, let alone final. Additionally, Plaintiff's alleged controversy is not final as it is dependent upon future uncertainties.

## CONCLUSION

For the reasons detailed in Secretary of State's Memorandum of Law in Support of His Motion to Dismiss, as well as herein, Secretary Warner requests that this Court grant his motion to dismiss the Complaint with prejudice, pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6), as well as any other relief which this Court may deem appropriate.

Respectfully submitted,

**MAC WARNER, in his official capacity as SECRETARY OF STATE OF THE STATE OF WEST VIRGINIA**

*/s/ Curtis R. A. Capehart*
Douglas P. Buffington, II (WVSB # 8157)
  *Chief Deputy Attorney General*
Curtis R. A. Capehart (WVSB # 9876)
  *Deputy Attorney General*
Chanin W. Krivonyak (WVSB # 7247)
  *Deputy Attorney General*
OFFICE OF THE WEST VIRGINIA ATTORNEY GENERAL
1900 Kanawha Boulevard, East
Bldg 1, Rm 26E
Charleston, WV 25305
DATED: October 12, 2023     Email: curtis.r.a.capehart@wvago.gov