THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

| | |
|---|---|
| JOHN ANTHONY CASTRO ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 2:23-cv-00598 |
| ) | The Honorable Irene C. Berger |
| ANDREW WARNER, in his official capacity as ) | |
| West Virginia Secretary of State, and ) | |
| DONALD J. TRUMP, ) | |
| ) | |
| Defendants, ) | |
| And, ) | |
| ) | |
| WEST VIRGINIA REPUBLICAN PARTY, ) | |
| ) | |
| Intervenor. ) | |

**WEST VIRGINIA REPUBLICAN PARTY'S RESPONSE IN OPPOSITION TO JOHN ANTHONY CASTRO'S MOTION TO DISMISS**

COMES NOW, Intervenor West Virginia Republican Party (or the "State Party"), and respectfully files this response in opposition to Plaintiff John Anthony Castro's Motion to Dismiss its Complaint in Intervention, ECF No. 54.

**I.     ARGUMENT**

Plaintiff Castro's Motion to Dismiss makes numerous cursory statements opposing the West Virginia Republican Party's Complaint in Intervention [ECF No. 26] including lack of standing, failure to state a claim, and insufficient service. However, he fails to articulate any factual or legal support for his position or point to any reason *why* he believes the State Party to lack standing or to have failed to state a claim. Instead, he simply

1

references the relevant portions of Rule 12. Intervenor cannot respond to arguments Castro has not made; simply accusing the State Party of failing to state a claim does not suffice to warrant dismissal. Castro has pointed to no specific alleged deficiency in the State Party's complaint, nor presented any supporting legal arguments or case law to buttress his position. While case law requires Plaintiffs to substantively address a motion to dismiss which contains a delineation of specific deficiencies which warrant dismissal ("When a defendant's motion to dismiss a complaint states specific deficiencies that warrant dismissal, and presents supporting legal arguments, it is the plaintiff's obligation to respond substantively to address them." *Brown v. Bank*, 2022 U.S. Dist. LEXIS 38626, *37 (D. Md. Mar. 4, 2022) (citing *Kitchings v. Shelton*, PWG-17-882, 2018 U.S. Dist. LEXIS 5864, 2018 WL 398285, at *6 (D. Md. Jan. 12, 2018)), Castro has failed to enumerate any specific deficiency in his Motion to Dismiss.

To the extent Plaintiff Castro's Motion to Dismiss reiterates his position that the State Party lacks standing to participate in this case, this Court has already disposed of the issue within its Order [ECF No. 14], entered September 28, 2023, rejecting Castro's position. The Court thoroughly explained that the State Party's "authority under State statutes to determine who will be its nominee" provides it an "obvious" interest in this action. [*Id.* at 4]. Castro's motion to dismiss ignores this Court's ruling and fails to articulate any additional arguments against the State Party's standing.

As to Plaintiff Castro's singular, unsupported, unexplained assertion of insufficient service of process, Castro is estopped to deny service when he has filed responses to the same. Plaintiff Castro is a registered user of this Court's ECF system as his motion seeking

these privileges was granted on September 19, 2023. [ECF No. 8]. The State Party's Complaint in Intervention [ECF No. 10-1] was attached to its Motion to Intervene [ECF No. 10]. Both were filed and electronically served on September 26, 2023, pursuant to this Court's Local Rules, electronic filing and service requirements available to everyone on its website. Plaintiff Castro certainly received the Motion and Complaint in Intervention promptly, *as he filed a response in opposition the very same day*. [ECF No. 11]. After the Court's order granting the motion to intervene, the Clerk separately entered the Complaint in Intervention on September 28, 2023, [ECF No. 26] and served the same on all parties. Fed. R. Civ. P. 5(b)(2)(E) explicitly indicates that service is sufficient if it was accomplished in the manner it was accomplished here, by being sent "to a registered user by filing it with the court's electronic-filing system or sending it by other electronic means that the person consented to in writing." *Id.*

Plaintiff Castro's continued pattern of inappropriate insults accusing the State Party of "a gross degree of intellectual deficiency" [Motion to Dismiss at 2] are disingenuous and serve no legal purpose.

Finally, Plaintiff Castro challenges the State Party's attaching a Complaint to its Motion to Intervene, arguing that the pleading is "confusing and beneath the dignity of this Court." A portion of his Motion to Dismiss specifically reads:

> West Virginia Republican Party's ECF 26 filing stated that it was made pursuant to Fed. R. Civ. P. 24(c), which is a Motion to Intervene. However, the document is titled to be a "Complaint" and requests bizarre declaratory and injunctive relief as a third-party complaint pursuant to Fed. R. Civ. P. 14. This is incredibly confusing and beneath the dignity of this Court.

Plaintiff Castro seems to be operating under a misunderstanding of the Rules of Federal

3

Procedure. Despite Castro's representation, nothing is confusing about the State Party's ECF 26 filing. Fed. R. Civ. P. 24(c) reads that a "motion must state the grounds for intervention and be accompanied by a pleading that sets out the claim or defense for which intervention is sought." The State Party did just that ~ it filed a Motion to Intervene and attached thereto a Complaint to apprise the Court of the specific relief it sought in the intervention.

In other words, the rules require the filing of a pleading to accomplish intervention. Fed. R. Civ. P. 7(a) spells out what constitutes pleadings, namely, complaints and answers. The State Party is well aware that the lack of a formal pleading is often considered harmless error, *see Spring Constr. Co. v. Harris*, 614 F.2d 374, 376-77 (4th Cir. 1980) ("[A]lthough some cases have held that intervention should be denied when the moving party fails to comply strictly with the requirements of Rule 24(c), the proper approach is to disregard non-prejudicial technical defects."), but the State Party chose to file a complaint pursuant to Rule 24 to avoid any allegations of technical defects and to specifically inform the Court of the nature of its case and the relief sought. Castro has clearly understood all pleadings in this case as he has vigorously opposed any effort by the State Party to both Intervene and seek a dismissal of his baseless attempts to keep a political opponent from being placed on the ballot. To now claim inadequate service or confusion by the State Party's Complaint is disingenuous. Castro's Motion to Dismiss the same is without factual or legal merit.

## CONCLUSION

Plaintiff Castro fails to advance any cognizable factual or legal arguments within his Motion to Dismiss the State Party's Complaint in Intervention and the same should be DENIED.

Dated: October 25, 2023.                    Respectfully submitted,

/S/
Elgine McArdle, WVID 6249                   THE AMERICAN CENTER FOR LAW AND JUSTICE
MCARDLE LAW OFFICE                          JAY ALAN SEKULOW*
2139 Market Street                              (D.C. Bar No. 496335)
Wheeling, West Virginia 26003               JORDAN SEKULOW*
Phone: 304-232-0700                             (D.C. Bar No. 991680)
Fax: 304-214-1703                           STUART J. ROTH*
elgine@mcardlelawoffice.com                     (D.C. Bar No. 475937)
                                            ANDREW J. EKONOMOU*
                                                (GA Bar No. 242750)

                                            BENJAMIN P. SISNEY*
                                                (D.C. Bar No. 1044721)
                                            NATHAN MOELKER*
                                                (VA Bar No. 98313)
                                            201 Maryland Avenue, NE
                                            Washington, D.C.  20002
                                            Telephone: (202) 546-8890
                                            Facsimile: (202) 546-9309
                                            Email: bsisney@aclj.org

*Counsel for Intervenor*
*Admitted pro hac vice.

## CERTIFICATE OF SERVICE

I hereby certify that on this 25th day of October, 2023, the foregoing document was electronically transmitted to the Clerk of Court using the ECF System for filing and was transmitted to those individuals receiving Notice of Electronic Filings in this matter.

/S/
Elgine McArdle, WVID 6249
MCARDLE LAW OFFICE
2139 Market Street
Wheeling, West Virginia 26003
Phone: 304-232-0700
Fax: 304-214-1703
elgine@mcardlelawoffice.com

*Counsel for Intervenor*