IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

JOHN ANTHONY CASTRO,

    Plaintiff,

v.

SECRETARY OF STATE ANDREW
WARNER, and DONALD JOHN TRUMP,

    Defendants,

WEST VIRGINIA REPUBLICAN PARTY,

    Intervenor-Plaintiff.

Civil Action No. 2:23-cv-00598
The Honorable Irene C. Berger

**RESPONSE IN OPPOSITION TO PLAINTIFF'S OBJECTION
TO U.S. MAGISTRATE'S ABILITY TO RULE ON MOTIONS**

Defendant Donald John Trump ("President Trump"), by counsel, hereby submits this response in opposition to Plaintiff's Objection to U.S. Magistrate's Ability to Rule on Any Motions Per Article III, [*see* CM/ECF No. 48 (the "Objection").]

    **I. Magistrate Judge Aboulhosn's Report and Recommendation is Both Appropriate and Correct**

Plaintiff seeks to prohibit Magistrate Judge Aboulhosn from issuing any decisions in this case. Precipitating this is (i) Magistrate Judge Aboulhosn's grant of the West Virginia Republican Party's (the "State Party's") motion to intervene, and (ii) the State Party's subsequent filings. [*See* CM/ECF No. 48 at 1-2.] Plaintiff finds the State Party's involvement to be a "corrupt attempt to allow others to foot Defendant Donald John Trump's mounting legal bills," which offends his broader strategy of attempting to "completely bankrupt" President Trump through this litigation. [CM/ECF No. 44 at 1 (quoting John Anthony Castro (@realJohnCastro), X (Sept. 27, 2023, 8:40 PM)); *see also* CM/ECF No. 37 (Notice of Related Actions by Plaintiff Castro).]

Magistrate Judge Aboulhosn's order granting the State Party's motion to intervene seems correct—and it was certainly within his authority. [*See* CM/ECF No. 14.] While many of the State Party's defenses are the same as those raised by President Trump, [*compare* CM/ECF No. 34 (President Trump's Motion to Dismiss) *with* CM/ECF No. 26 (State Party's Complaint in Intervention)], the State Party has interests that President Trump cannot assert: namely, determining who will be the State Party's nominee. [*See* CM/ECF No. 14 at 4.] This interest has constitutional import: political parties have free association rights under the First and Fourth Amendments which are of different in kind than the rights of an individual candidate. *See Eu v. S.F. Cnty. Democratic Cent. Comm.*, 489 U.S. 214, 224 (1989) (holding that "[f]reedom of association" clearly "encompasses a political party's decisions about the identity of, and the process for electing its leaders."). Accordingly, the State Party's interests are not identical to President Trump's. [*See* CM/ECF No. 14.]

The ruling is also within Magistrate Judge Aboulhosn's authority. By this Court's standing order, Magistrate Judge Aboulhosn is authorized to issue decisions on pretrial matters. [CM/ECF No. 4.] This authority is consistent with the Federal Magistrates Act. *See* 28 U.S.C. § 636(b)(1)(A). As explained in the State of West Virginia's filing, the Federal Magistrates Act has easily withstood constitutional challenge. [*See* CM/ECF No. 51 at 1-3.] Plaintiff also states that Magistrate Judge Aboulhosn has "tak[en] no action to prevent [the State Party's] frivolous filings," which Plaintiff argues reflects "hostil[ility]" to Plaintiff. [CM/ECF No. 48 at 1-2.] But the parties' filings reflect on the filer, not Magistrate Judge Aboulhosn.

Plaintiff's threat to file an extraordinary writ to the Fourth Circuit should be ignored. Plaintiff has a history of filing emergency writs when he does not get his way. *See Castro v. Trump*, 23-10429, Doc. No. 6 (11th Cir Apr. 11, 2023) (writ for denial of CM/ECF filing privileges

denied); *Castro v. Trump*, 23-10531, Doc. No. 11 (11th Cir. May 3, 2023) (writ after District Judge Cannon did not disqualify herself denied); *Castro v. Trump*, 23-11837, Doc. No. 3 (11th Cir. Aug. 23, 2023) (writ because the District Judge had not ruled on a Motion to Dismiss for more than 90 days denied); *Castro v. Trump*, 23-117 (U.S. Oct. 2, 2023) (writ of certiorari before judgment that as a political candidate, Castro had standing denied); *Castro v. Jacobson*, 6:23-cv-62-SPW (D.Mt. Sept. 20, 2023) (emergency appeal for denial of a TRO because he failed to give proper notice pending). Plaintiff's emergency writs have not yet found any footing; they are not likely to find any success here, either.

For these reasons, Defendant Donald John Trump opposes Plaintiff's Objection to U.S. Magistrate's Ability to Rule on Any Motions Per Article III.

**II.     Plaintiff's Court Filings Reflect a Pattern of Indecorous Behavior**

Plaintiff's characterization of Magistrate Judge Aboulhosn's reasoning as "half-witted" and the State Party's filings as "ha[ving] the legal sophistication of a first-year law student at best" is part of a repeated pattern of indecorous behavior. [*See* CM/ECF No. 48 at 1.] The State documented some of these instances in its Response to Plaintiff's Objection. [*See* CM/ECF No. 51.] In addition, Plaintiff has repeatedly referred to opposing parties, both in this case and others, as "intellectually deficient." [*See* CM/ECF No. 63 at 1 (claiming the West Virginia GOP "has exhibited a severe degree of intellectual deficiency"]; *see also Castro v. SC Elections Commission, et al.*, Case No. 3:23-cv-04501-MGL-SVH, CM/ECF No. 33 at 1 (D.S.C.).

This repeated behavior has risen to a level that, on October 18, 2023, Plaintiff was "caution[ed]" by Judge Matthew Garza of the United States District Court for the District of New Mexico to ensure his "filings comport with decorum and respect practitioners typically afford federal judges" after "employ[ing] a tenor unfamiliar with this Judge." *See John Anthony Castro*

*v. Secretary of State Maggie Toulouse Oliver, et al.*, Case No. 1:23-cv-00766-GJF-MLG, CM/ECF No 22 at 3 (D.N.M. Oct. 18, 2023).

Moreover, although in the context of litigation Plaintiff seeks to portray himself as a *pro se* plaintiff entitled to special solicitude, in his day-to-day life he depicts himself rather differently—as a practicing lawyer who holds two law degrees and heads an international tax firm. *See* https://www.castroandco.com/staff-profiles/john-anthony-castro-j-d-ll-m/ ("John Anthony Castro is the managing partner of Castro & Co. Dr. Castro earned his Master of Laws (LL.M.) in International Taxation from Georgetown University Law Center in Washington, DC. Dr. Castro also earned a Doctor of Jurisprudence (J.D.) from UNM School of Law.… Dr. Castro is listed on each and every return submitted by Castro & Co. and AiTax as a Third-Party Designee, which authorizes him to practice federal tax law in all 50 states as well as the 68 countries with which the U.S. has income and estate tax treaties.…")). Although Plaintiff does not appear ever to be admitted to any state bar, he holds himself out to be a practicing attorney to the public. Plaintiff should not be allowed to wear one costume in public and a different one when he thinks it advantages him here.

                DONALD JOHN TRUMP,

                By Counsel,

                */s/ J. Mark Adkins*
                J. Mark Adkins (WVSB #7414)
                Richard R. Heath, Jr. (WVSB #9067)
                William M. Lorensen (WVSB #13223)
                BOWLES RICE LLP
                600 Quarrier St.
                Charleston, West Virginia 25301
                (304) 347-1100
                madkins@bowlesrice.com
                rheath@bowlesrice.com
                wlorensen@bowlesrice.com

**CERTIFICATE OF SERVICE**

The undersigned counsel does hereby certify that on the **30th** day of **October, 2023**, the foregoing ***Response in Opposition to Plaintiff's Objection to U.S. Magistrate's Ability to Rule on Motions*** was served upon all parties of record electronically via the Court's CM/EMF system as follows:

John Anthony Castro
12 Park Place
Mansfield, Texas 76063
J.Castro@CastroAndCo.com
*Pro Se Plaintiff*

Elgine Heceta McArdle
MCARDLE LAW OFFICE
2139 Market Street
Wheeling, West Virginia 26002
elgine@mcardlelawoffice.com

-and-

Jay Alan Sekulow
Jordan A. Sekulow
Stuart J. Roth
Andrew J. Economou
Benjamin P. Sisney
Nathan J. Moelker
THE AMERICAN CENTER FOR LAW AND JUSTICE
201 Maryland Avenue, NE
Washington, DC 20002
sekulow@aclj.org
jordansekulow@aclj.org
sroth@aclj.org
aekonomou@aclj.org
bsisney@aclj.org
nmoelker@aclj.org
*Counsel for Intervenor-Plaintiff West Virginia Republican Party*

Douglas P. Buffington, II
 Chief Deputy Attorney General
Curtis R. A. Capehart
 Deputy Attorney General
Chanin Wolfinbarger Krivonyak
 Deputy Attorney General
Office of the Attorney General
1900 Kanawha Blvd. E., Bldg 1, Rm 26E
Charleston, West Virginia 25305
Doug.P.Buffington@wvago.gov
Curtis.R.A.Capehart@wvago.gov
ckrivonyak@wvago.gov
*Counsel for Defendant Andrew Warner, West Virginia Secretary of State*

Michael R. Williams
 Principal Deputy Solicitor General
David E. Gilbert
 Deputy Attorney General
State Capitol Complex
Building 1, Room E-26
michael.r.williams@wvago.gov
dgilbert@wvago.gov
*Counsel for Intervenor The State of West Virginia – Patrick Morrisey, Attorney General*

    */s/ J. Mark Adkins*
    J. Mark Adkins (WVSB #7414)