# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## CHARLESTON DIVISION

JOHN ANTHONY CASTRO,

        Plaintiff,

v.                                                    CIVIL ACTION NO. 2:23-cv-00598

SECRETARY OF STATE ANDREW WARNER
and DONALD TRUMP,

        Defendants,

WEST VIRGINIA REPUBLICAN PARTY,

        Intervenor.

## MEMORANDUM OPINION AND ORDER

The Court has reviewed the *Motion to Dismiss of Defendant Donald John Trump* (Document 33), the *Memorandum in Support of Motion to Dismiss of Defendant Donald John Trump* (Document 34), the Plaintiff's *Response to Defendant Donald John Trump's Motion to Dismiss* (Document 38), and the *Reply in Support of Motion to Dismiss of Donald John Trump* (Document 52). The Court has also reviewed the *Secretary of State's Motion to Dismiss* (Document 45), the *Secretary of State's Memorandum of Law in Support of His Motion to Dismiss* (Document 46), the Plaintiff's *Response to Defendant Secretary of State's Motion to Dismiss* (Document 53), and the *Reply to Response to Secretary of State's Motion to Dismiss* (Document 63).

Additionally, the Court has reviewed the *West Virginia Republican Party's Motion to Dismiss Pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) and Memorandum of Law in Support* (Document 42) and the *State of West Virginia's Motion to Dismiss* (Document 44).[1]

This case was referred to the Honorable Omar J. Aboulhosn, United States Magistrate Judge, for proposed findings of fact and recommendation for disposition, pursuant to the Court's *Standing Order* (Document 4) for matters involving pro-se litigants. However, the Court finds it appropriate to withdraw the reference to facilitate more expeditious final resolution of the motions to dismiss in light of the approaching electoral filing deadlines. Should the matter proceed to the merits, the Court may again refer the case.

The Plaintiff, John Anthony Castro, brought this litigation seeking an injunction to prevent Secretary of State Andrew "Mac" Warner from placing Donald John Trump's name on the West Virginia Republican Primary ballot. He asserts that former President Trump is disqualified from serving as President pursuant to Section 3 of the Fourteenth Amendment of the United States Constitution. Mr. Castro asserts that he has competitor standing as a candidate for the Republican nomination for President and based on his intention to continue as a general election candidate.

The Defendants move to dismiss on various grounds, including lack of standing. The arguments asserted by each Defendant with respect to standing overlap. In short, they contend

---

[1] The motions filed by the West Virginia Republican Party and the State of West Virginia incorporate their memoranda within their motions. Local Rule of Civil Procedure 7.1 specifies that motions are to concisely state the precise relief requested, and many types of motions, including motions to dismiss, are to be accompanied by a separate memorandum of law of no more than twenty pages. The Court will accept the motions as filed in the interest of speedy resolution but urges counsel to ensure compliance with the Local Rules prior to any additional filings.

2

that Mr. Castro has not suffered a concrete injury because there is no indication that he is in genuine competition for voters in the Republican presidential primary contest. They further contend that any injury is not traceable to Mr. Trump's placement on the ballot or redressable by the relief sought, because there is no indication that third-party voters would choose to support Castro if Mr. Trump did not appear on the ballot. Mr. Castro opposes the motions to dismiss and maintains that he alleged sufficient facts to establish standing.

A motion to dismiss pursuant to Rule 12(b)(1) raises the fundamental question of whether a court is competent to hear and adjudicate the claims brought before it. To establish standing, "[t]he plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016). An injury in fact must be "an invasion of a legally protected interest that was concrete, particularized, and not conjectural or hypothetical." *White Tail Park, Inc. v. Stroube*, 413 F.3d 451, 460 (4th Cir. 2005) (internal quotation marks and citations omitted). "A defendant may challenge subject-matter jurisdiction in one of two ways: facially or factually." *Beck v. McDonald*, 848 F.3d 262, 270 (4th Cir. 2017) (explaining that in a facial challenge, the defendant accepts the facts as pled and contends they are insufficient to support subject matter jurisdiction, while a factual challenge argues that the jurisdictional allegations are not true). The district court may consider matters outside the pleadings in a factual challenge to jurisdiction. *Id.* "[T]he procedural posture of the case dictates the plaintiff's burden as to standing," based on whether the parties have had the opportunity to conduct discovery. *Id.* "At the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice," but at summary judgment, "the plaintiff can no longer rest on such mere allegations,

3

but must set forth by affidavit or other evidence specific facts." *Spokeo*, 578 U.S. at 338 (internal quotation marks and citations omitted).

Although the Defendants present their motions to dismiss as facial challenges, many of their arguments rest on whether the Plaintiff's allegations are plausible. For example, Mr. Trump's memorandum in support of his motion to dismiss argues that the "Plaintiff does not allege that he appears on any national polling" or "has secured a single dollar in campaign contributions,"[2] and that "there is no plausible claim that President Trump's inclusion on the ballot materially reduces Plaintiff's chances of being awarded West Virginia's delegates to the Republican National Convention." (Trump Mem. at 6–7.) But the Plaintiff's polling position, campaign finance disclosures, and campaign activities are not part of the record in this matter.

West Virginia law establishes that candidates must file certificates of announcement for the upcoming primary between January 8 and January 27, 2024. If the Court has jurisdiction, further proceedings will be necessary to determine whether the Plaintiff is entitled to the injunctive relief he seeks. In the interests of reaching a conclusive resolution with respect to standing as expeditiously as possible, the Court finds that the pending motions to dismiss should be converted to motions for summary judgment, and the parties should be provided the opportunity to submit evidence in support of their positions.[3] The Court will direct supplemental briefing to allow submission of evidence and further argument on the construed motions.

In directing supplemental briefing, the Court cautions the Plaintiff to focus on factual and legal arguments, rather than personal attacks. Although Mr. Castro receives some leeway in his

---

2 The Defendant included reference to FEC campaign contribution records with respect to this argument.
3 The Court is aware that jurisdictional discovery and hearings have been conducted in similar case(s) filed by Mr. Castro. *See, e.g.*, *Castro v. Scanlan, et al.*, 23-cv-416-JL (D. N.H.). Accordingly, the Court anticipates that any necessary discovery can be completed in a brief period.

filings as a pro-se litigant, despite his representation that he possesses a law degree, his filings contain numerous examples of clearly inappropriate attacks. Discussion of the facts and the law will guide the Court's decisions, and derisive commentary is of little value to the Court in resolving motions. In several filings, Mr. Castro has attacked the character or intelligence of opposing counsel, as well as judges and court staff.[4] The Court's docket is not a social media feed, and any future filing with *ad hominem* attacks, inappropriate statements about individuals involved in this litigation, or other snide and malicious comments will be stricken from the record.

Wherefore, after careful consideration, the Court **ORDERS** that the pending *Motion to Dismiss of Defendant Donald John Trump* (Document 33), the *Secretary of State's Motion to Dismiss* (Document 45), the *West Virginia Republican Party's Motion to Dismiss Pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) and Memorandum of Law in Support* (Document 42), and the *State of West Virginia's Motion to Dismiss* (Document 44) be **CONVERTED** to motions for summary judgment to the extent they challenge the Plaintiff's standing and that both parties submit supplemental briefs, together with any evidentiary exhibits, no later than **November 21, 2023**. The Court further **ORDERS** that the reference of those motions to Magistrate Judge Omar J. Aboulhosn be **WITHDRAWN**.

---

4 *See, e.g.*, Document 24 (referring to "the U.S. Magistrate's willful blindness"); Document 28 (stating that "[i]f this Court had any self-respect, it would sanction WVGOP's frivolous filings"); Document 31 (expressing "serious concerns about the competency of the Clerk's Office" and "demand[ing] this Court have a discussion with the staff of the Clerk's Office to take their work more seriously" because a document filed by an unrelated party was briefly misidentified as being filed by Mr. Castro); Document 48 ("the U.S. Magistrate Judge's half-witted actions and inactions have brought to light the unconstitutional nature of the role of U.S. Magistrate Judges in our federal judicial system"); Document 53 ("Defendant Secretary of State is advised to read the Federal Rules of Civil Procedure."); Document 54 ("WVGOP's filings have already exhibited a gross degree of intellectual deficiency" and "This Court should be ashamed of itself for allowing WVGOP to make a mockery of it."); Document 63 ("Once again, Third-Party Plaintiff West Virginia Republican Party exhibits their gross lack of understanding of the Federal Rules of Civil Procedure;" "WVGOP seems confused by this;" "WVGOP has exhibited a severe degree of intellectual deficiency"). This list is not exhaustive.

The Court **DIRECTS** the Clerk to send a copy of this Order to Magistrate Judge Aboulhosn, to counsel of record and to any unrepresented party.

ENTER: October 31, 2023

_____
IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA

6