**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION**

| | |
|---|---|
| JOHN ANTHONY CASTRO )<br>12 Park Place, Mansfield, TX 76063 )<br> )<br>     Plaintiff, )<br> )<br>*v.* )<br> )<br>SECRETARY OF STATE ANDREW )<br>WARNER and DONALD JOHN TRUMP, )<br> )<br>     Defendants. ) | Case No. 2:23-cv-00598<br><br>The Honorable Irene C. Burger |

**VERIFIED RESPONSE TO COURT ORDER TO BRIEF THE ISSUES**

Plaintiff John Anthony Castro, *pro se*, files this Verified Response to the Honorable Irene C. Burger's Order to provide a supplemental brief on the key issues in this case.

With regard to the provision of aid or comfort to an insurrection, because the facts speak for themselves indisputably evidencing a provision of both aid and comfort to a judicially determined insurrection, the only two questions for the Court are: [1] does this Court have subject matter jurisdiction, and [2] has Plaintiff stated a claim upon which relief can be granted?

**COURT HAS SUBJECT MATTER JURISDICTION**

The U.S. Constitution explains that the "judicial Power of the United States, shall be vested in one supreme Court, and in such inferior Courts as the Congress may from time to time ordain and establish."[1]   More specifically, the "judicial Power shall extend to all Cases, in Law ***and Equity***, arising under this Constitution."[2]   This was codified at 28 U.S.C. § 1331: "The district courts shall have original jurisdiction of all civil actions arising under the Constitution."   In this

---

[1] U.S. Const. art. III, § 1.
[2] U.S. Const. art. III, § 2, cl. 1.

case, there is a controversy between two candidates that arises under the Constitution. Jurisdiction could not possibly be more clear under the plain language of the U.S. Constitution.

POLITICAL QUESTION DOCTRINE

The *Political Question Doctrine* is an affirmative defense to jurisdiction.[3] The Fourth Circuit has held that the "party asserting an affirmative defense bears the burden of proving it."[4] This is currently on expedited appellate review before the U.S. Court of Appeals for the First Circuit. *See* Exhibit A, Appellant's Opening Brief to the First Circuit.

Defendant Donald John Trump cites the U.S. Supreme Court ruling of *Baker v. Carr* to argue for the applicability of the *Political Question Doctrine*.[5] The sole basis upon which Defendant Donald John Trump rests his argument for the application of the *Political Question Doctrine* is that there is a "textually demonstrable constitutional commitment of the issue to a coordinate political department" regarding the determination of constitutional eligibility as it relates to Congress and the Electoral College. Therefore, Defendant Donald John Trump bears the

---

[3] *See U.S. v. Kellogg Brown & Root Servs., Inc*., 856 F. Supp. 2d 176, 179 (D.D.C. 2012) ("The government asserts a number of independent barriers to KBR's counterclaim and affirmative defense, including judicial estoppel, the political question doctrine, failure to exhaust administrative remedies, and failure to state a claim."); *Fed. Republic of Yugoslavia v. Park-71st Corp*., 913 F. Supp. 191, 193 (S.D.N.Y. 1995) ("Defendant… asserts, as an affirmative defense, that Plaintiff lacks standing and that this matter presents a non-justiciable political question."); *Fair Fight Action, Inc. v. Raffensperger*, 634 F. Supp. 3d 1128, 1148 (N.D. Ga. 2022) ("Defendants presented the following affirmative defenses… Political Question Doctrine."); *In re 3M Combat Arms Earplug Prod. Liab. Litig.*, No. 3:19MD2885, 2021 WL 1600487, at *2 (N.D. Fla. Apr. 23, 2021) ("the affirmative defense based on the political question doctrine"); *Cassirer v. Thyssen-Bornemisza Collection Found*., No. CV 05-03459 GAF EX, 2014 WL 5510996, at *6 (C.D. Cal. Oct. 31, 2014) ("Political Question Affirmative Defense"); *U.S. v. Washington*, 19 F. Supp. 3d 1317, 1338 (W.D. Wash. 2000) ("political question affirmative defense"); *Seneca Nation of Indians v. State*, No. 93-CV-688A, 1994 WL 688262, at *1 (W.D.N.Y. Oct. 28, 1994) ("The affirmative defenses raised by defendants' answers include... political question."); *U.S. v. Hempfling*, No. CVF05-594LJOSMS, 2007 WL 1299262, at *2 (E.D. Cal. May 1, 2007) ("Affirmative Defense: The political question doctrine"); *Caliste v. Cantrell*, No. CV 17-6197, 2017 WL 6344152, at *1 (E.D. La. Dec. 12, 2017) ("Defendant also alleges twenty-eight affirmative defenses including… non-justiciable political question."); *Simon v. Republic of Hungary*, No. CV 10-01770 (BAH), 2012 WL 13069771, at *6 (D.D.C. Sept. 30, 2012) ("The Court concludes that RCH has asserted meritorious defenses, insofar as it is has asserted six affirmative defenses… The claims against RCH constitute non-justiciable political questions."). The lower court should take note that Appellant was not "quibbl[ing] without reason" as it rudely held in its Order; the lower court simply did not properly comprehend the law.
[4] *Bartels by & through Bartels v. Saber Healthcare Grp., LLC*, 880 F.3d 668, 681 (4th Cir. 2018).
[5] *See Baker v. Carr*, 369 U.S. 186, 217 (1962).

burden of demonstrating (demonstrable) to this Court that there is text (textually) in the U.S. Constitution (constitutional) that commits the determination of constitutional qualifications (commitment) to the Legislative or Executive branches of either the federal or state governments (a coordinate political department).

In support of that unprecedented legal position, Defendant Donald John Trump cites Article II as well as the 12th and 20th Amendment to the U.S. Constitution.  However, Defendant Donald John Trump provides no analysis of his citation to Article II or the 12th Amendment and only provides a snippet quote from the 20th Amendment.

With regard to his citation to the 20th Amendment, Defendant Donald John Trump quotes Section 3 thereof, also known as the Lame Duck Amendment, which describes the procedure for handling a situation wherein President elect is, due to death or a deadlocked Electoral College (269-269), unable to begin his term on January 20th at noon.  The full section states:

> If, at the time fixed for the beginning of the term of the President, the President elect shall have died, the Vice President elect shall become President. If a President shall not have been chosen before the time fixed for the beginning of his term, or if the President elect shall have failed to qualify, then the Vice President elect shall act as President until a President shall have qualified; and the Congress may by law provide for the case wherein neither a President elect nor a Vice President elect shall have qualified, declaring who shall then act as President, or the manner in which one who is to act shall be selected, and such person shall act accordingly until a President or Vice President shall have qualified.

Defendant Donald John Trump attempts to interpret the phrase "failed to qualify" to mean that Congress determines constitutional qualifications, but this assertion is baseless and easily refuted by historical analysis.  As one scholar noted, the "phrase 'failure to qualify' was intended to cover both a double death [of the President elect and Vice President elect] and an unresolved election [in the Electoral College] -- both of those would constitute failure to qualify."[6]

---

[6] Brian C. Kalt, The Twentieth Amendment, the Presidential Succession Act of 1947, and Pre-Inaugural Problems, 91 Fordham L. Rev. Online 29, 29–30 (2022).

As such, Defendant Donald John Trump's reliance on the 20th Amendment to the U.S. Constitution is without merit.

Although it is Defendant Donald John Trump who bears the burden of proving the application of the affirmative defense of the *Political Question Doctrine* to neutralize the jurisdiction of this Court, Plaintiff will anticipatorily dissect his unanalyzed and unsupported references to both Article II and the 12th Amendment of the U.S. Constitution.

*If* Article II and the 12th Amendment of the U.S. Constitution have *any* bearing on the applicability of the *Political Question Doctrine*, which Plaintiff does **not** concede, it would be solely with regard to the General Election.  However, this case involves a Primary Election, which is governed by state law.  The General Election is the one governed by the U.S. Constitution.  The General Election begins after the Republican National Convention meets July 15-18, 2024, nominates their General Election candidate, and the submits that nomination paperwork to the several states' chief election officers for placement of their candidate on the general election ballot. Defendant Donald John Trump's best argument is that the process by which to object to the constitutional qualifications of a candidate is at the Electoral College during certification of the election results.

Plaintiff concedes that this *was* a viable legal theory… until Congress passed the Electoral Count Reform and Presidential Transition Improvement Act of 2022.  This new law amended the Electoral Count Act, by which the Electoral College operates, to limit objections to only two grounds: [1] that the electors coming from a particular state were not lawfully certified (*i.e.*, to prevent fake electors like the ones submitted by Defendant Donald John Trump for which he was criminally indicted) and [2] that a particular presidential elector's vote was not "regularly given."[7]

---

[7] *See* 3 U.S.C. § 15(d)(2)(B)(ii)(I)-(II).

Moreover, the new law clarifies that the Vice President's role is "solely ministerial" with no power to determine, accept, reject, or otherwise adjudicate or resolve disputes over the proper list of electors, the validity of electors, or the votes of electors" (*i.e.*, to prevent legal theories like the ones pushed by Defendant Donald John Trump for which he was criminally indicted).

As such, Defendant Donald John Trump's reliance on Article II and the 12th Amendment to the U.S. Constitution are also without merit.  More importantly, Plaintiff John Anthony Castro argues that because Defendant Donald John Trump did not brief or even make an attempt to explain his theory of how Article II or the 12th Amendment apply, those arguments are waived.  Plaintiff anticipatorily objects to any further reliance on these waived arguments.

That leaves Defendant Donald John Trump's assertion that the *Political Question Doctrine* applies supported only by a plethora of unanalyzed *dicta* from various district courts, which are all analyzed below.[8]

<u>THE UNANALYZED DICTA CASES</u>

Although Plaintiff has thoroughly analyzed the inapplicability of the *Political Question Doctrine* and all of the cases cited by Defendant Donald John Trump and analyzed below involve unanalyzed dicta, now that this Court has a proper and thorough understanding of the *Political Question Doctrine*, the Court can follow the logic of the various district courts and why they concluded that all of these post-primary cases likely implicated the *Political Question Doctrine*. Also note that these cases were all decided before the 2022 amendments to the Electoral Count Act.

---

[8] As will be analyzed further in this filing, all of the cases cited by Defendant Donald John Trump were dismissed for lack of standing.  References to the Political Question Doctrine were made in unanalyzed *dicta*.  Nevertheless, Plaintiff researched why so many judges would presume, without analysis, that the Political Question Doctrine applies.  Ultimately, Plaintiff realized that the "political decision already made" that the Courts were referring to was the decision by the electorate to nominate a particular individual.  In effect, the Courts were viewing "the People" as a political branch that made a decision that the Courts should defer to.  Nevertheless, amendments to the Electoral College Act, which will be discussed in more detail as you continue reading, have mooted this idea.

Defendant Donald John Trump cites *Berg v. Obama* for the proposition that Presidential qualifications are nonjusticiable political questions because the Court mentioned what it "seemed" like in *dicta*.[9]   However, *Berg v. Obama* was initiated on August 21, 2008, which was four (4) days before the Democratic National Convention wherein Barack Obama was formally nominated to be the Democratic Nominee for the Presidency of the United States.  Moreover, the case was not decided until October 24, 2008, which was only twelve (12) days before the general election. In most states, early voting had already started.  As Plaintiff explained earlier, this case proves that the political question doctrine applies only ***after*** the major political parties hold their conventions and submit the nomination paperwork to the state for placement on the general election ballot.  On the merits, *Berg v. Obama* was dismissed for lack of standing; all else means *dicta*.

Defendant Donald John Trump then cites *Robinson v. Bowen* for the proposition that Presidential qualifications are nonjusticiable political questions because a district court mentioned the Electoral College Act in *dicta*.[10]   First, Congress has revised the Electoral College Act to limit objections only on the basis that either electors were not lawfully certified or that the vote count was irregular, so the *dicta* of that district court is not even applicable anymore.[11]   Defendant Donald John Trump clearly lacks even the most basic elementary understanding of the Electoral College Act and its recent amendments.  Second and more importantly, this case was filed 22 days before the Republican National Convention wherein John McCain was formally nominated to be the Republican Nominee for the Presidency of the United States.  Moreover, the case was not decided until September 16, 2008, which was only fifty (50) days before the general election.  As Plaintiff explained earlier, this case proves that the political question doctrine applies only ***after*** the major

---

[9] 586 F.3d 234, 238 (3d Cir. 2009).
[10] 567 F. Supp. 2d 1144 (N.D. Cal. 2008).
[11] *See* 3 U.S.C. § 15(d)(2)(B)(ii)(I)-(II).

political parties hold their conventions and submit the nomination paperwork to the state for placement on the general election ballot.  On the merits, *Robinson v. Bowen* was dismissed for lack of standing; all else means *dicta*.

Defendant Donald John Trump then cites *Grinols v. Electoral College* for the proposition that Presidential qualifications are nonjusticiable political questions.[12]  First, this case was initiated on December 12, 2012, after the general election.  Second, it applied to the sitting President.  As Plaintiff explained earlier, this case proves that the political question doctrine applies only ***after*** the major political parties hold their conventions and submit the nomination paperwork to the state for placement on the general election ballot.  On the merits, *Grinols v. Electoral College* was dismissed for lack of standing; all else means *dicta*.

Defendant Donald John Trump then cites *Kerchner v. Obama* for the proposition that Presidential qualifications are nonjusticiable political questions.[13]  First, this case was initiated on the afternoon of January 20, 2009, after the general election and after Barack Obama had been inaugurated as President of the United States.  Hence and second, it applied to the sitting President.  As Plaintiff explained earlier, this case proves that the political question doctrine applies only ***after*** the major political parties hold their conventions and submit the nomination paperwork to the state for placement on the general election ballot.  On the merits, *Kerchner v. Obama* was dismissed for lack of standing; all else means *dicta*.

Defendant Donald John Trump then cites *Taitz v. Democrat Party of Mississippi* for the proposition that Presidential qualifications are nonjusticiable political questions.[14]  First, this case was a frivolous civil action accusing Barack Obama and Nancy Pelosi of a "conspiracy violating

---

[12] *See* No. 2:12-CV-02997-MCE, 2013 WL 2294885 (E.D. Cal. May 23, 2013), aff'd, 622 F. App'x 624 (9th Cir. 2015).
[13] *See* 669 F. Supp. 2d 477 (D.N.J. 2009), aff'd, 612 F.3d 204 (3d Cir. 2010).
[14] *See* No. 3:12-CV-280-HTW-LRA, 2015 WL 11017373 (S.D. Miss. Mar. 31, 2015).

the federal Racketeer Influenced and Corrupt Organizations Act."[15]   Defendant Donald John Trump filed a similar RICO civil action against Hillary Clinton that resulted in a $50,000 sanction on Defendant Donald John Trump's attorney in that case.  Plaintiff need not give this unreported case any more attention than it deserves.  As Plaintiff explained earlier, this case proves that the political question doctrine applies only *after* the major political parties hold their conventions and submit the nomination paperwork to the state for placement on the general election ballot.  On the merits, *Taitz v. Democrat Party of Mississippi* was dismissed for lack of standing; all else means *dicta*.

Defendant Donald John Trump then gets desperate and starts to cite state cases.  The first state case is *Strunk v. New York State Bd. of Elections*, which the Court, in its official ruling, described as a "movie script" that should be called "The Manchurian Candidate Meets The Da Vinci Code" and then went on to ridicule the plaintiff's complaint as "a rambling, forty-five page variation on 'birther' cases."[16]  Because the U.S. Constitution, Article 1, Section 4, states that the "Times, Places and Manner of holding Elections for **Senators and Representatives** [no reference to Presidential elections], shall be prescribed in each State by the Legislature thereof," the Court was partially correct in holding that if "a state court were to involve itself in the eligibility of a candidate to hold the office of President… it may involve itself in national political matters for which it is institutionally ill-suited."[17]  However, the Court's references to the Electoral College were wrong, and, as mentioned before, the changes to the Electoral College Act no longer allow for objections based on qualifications, so even the mere inapplicable *dicta* in this case has been

---

[15] *Id.* at *1.
[16] 950 N.Y.S.2d 722 (Sup. Ct. 2012), *order aff'd*, 5 N.Y.S.3d 483 (2015)
[17] *Id.*

superseded and rendered obsolete by statute.  On the merits, *Strunk v. New York State Bd. of Elections* was dismissed for lack of standing; all else means *dicta*.

Defendant Donald John Trump then cites the California state case of *Keyes v. Bowen*; a case initiated on November 13, 2008, after the general election.[18]  Moreover, an amended complaint was filed after the Electoral College certified the results (at that time permitting objections based on qualifications) and then-President Barack Obama had already been inaugurated, so it applied to a sitting President.  As Plaintiff explained earlier, the political question doctrine does not apply until ***after*** the major political parties hold their conventions and submit the nomination paperwork to the state for placement on the general election ballot.  On the merits, *Keyes v. Bowen* was dismissed for mootness; all else means *dicta*.

Defendant Donald John Trump then cites the Washington state case of *Jordan v. Secretary of State Sam Reed*; a case initiated on August 29, 2012, twenty-seven days before the Democratic National Convention.[19]  This case was dismissed because the Court found that an "analysis of *Indispensable Party* under CR 19 leads only to the conclusion that this case must be dismissed because plaintiff has failed to join President Obama as a party."[20]  On the merits, *Jordan v. Secretary of State Sam Reed* was dismissed for failing to include an indispensable party; all else means *dicta*.  The ability to object to electoral college votes based on qualifications is no longer permitted, so any reference to that is superseded by statutory amendments to the Electoral College Act.

CONSTITUTIONAL QUALIFICATIONS ARE SELF-EXECUTING

---

[18] *See* 189 Cal. App. 4th 647 (2010).
[19] *See* No. 12-2-01763-5, 2012 WL 4739216, at *1 (Wash.Super. Aug. 29, 2012)
[20] *Id*.

Defendant Donald John Trump then argues that no one has the authority to enforce any of the U.S. Constitution's qualifications to hold the Presidency of the United States because Congress has created no cause of action. However, Section 3 of the 14th Amendment is self-executing along with all other provisions of the U.S. Constitution that provide for Presidential qualifications.

Defendant Donald John Trump's claim that Section 3 of the 14th Amendment is inapplicable to the President of the United States is also without merit. Plaintiff's Verified Complaint provides the basis for that; courts have already held it applies to every office. The fact that Defendant Donald John Trump would argue that the President of the United States should be able to engage in an insurrection, provide aid to an insurrection, or provide comfort to an insurrection and not be held accountable should terrify the federal judiciary.

Defendant Donald John Trump also argues that he did not directly engage in the insurrection; however, the clear wording of Section 3 of the 14th Amendment includes merely providing "aid or comfort." It is not required that one must "engage" in the insurrection to be disqualified from holding public office in the U.S.

The 1870 Enforcement Act was created to grant law enforcement that otherwise did not have a direct injury with standing to remove public officials holding office in violation of Section 3 of the 14th Amendment. If an individual does not otherwise have an injury traceable to a defendant that is redressable by a Court, then they need Congress to grant them authority to bring the cause of action. This has no bearing on Plaintiff who has a concrete and particularized political competitive injury. Plaintiff, in his Verified Complaint and reiterated herein in this Verified response, again alleges that hundreds of voters *in this state* have said they would support him but for Defendant Donald John Trump being a candidate. Plaintiff has made clear that the source of the competitive injury is the unconstitutional candidacy of Defendant Donald John Trump. For

purposes of a motion to dismiss, all allegations must be accepted as true.  Period.  If Defendant Donald John Trump wants to disprove a fact or show that the injury is from another source, he must do so at trial.

Defendant Donald John Trump then tries to distinguish a general election from a primary election even though both involve state action; state action of possibly placing a constitutionally ineligible candidate on the ballot.  State action contrary to the U.S. Constitution.  Unconstitutional state action subject to injunction.  More frivolity by Defendant Donald John Trump.

For now, Plaintiff John Anthony Castro is a Republican Primary Write-In Candidate.  With a simple nominal fee and a ministerial Declaration of Candidacy, Plaintiff will be ballot-placed.  Moreover, this is a national election, so it cannot be ignored that Plaintiff is on the ballots of New Hampshire, Nevada, and Arizona.  Furthermore, this response is verified under penalty of perjury, and Plaintiff confirms he has incurred campaign expenses attributable to the targeting of voters in this state.  Moreover, Plaintiff's campaign strategy of relying exclusively upon earned media, for which he has earned and is valued in the millions of dollars also targeting voters in this state, must be acknowledged.  *See* Exhibit B, Affidavit of Campaign Expenses and Media Coverage.  As such, Plaintiff is not like previous write-in candidates with zero press coverage, no substantive campaigning, and no ballot placement.  Plaintiff has earned millions of dollars in free media coverage, is extensively campaigning, and is ballot-placed in multiple states.

Plaintiff is a mixed ballot-placed and write-in candidate with active national campaigning with both political competitive injuries as well as financial campaign expense injuries.

<u>PLAINTIFF'S COMPLAINT IS RIPE</u>

Defendant Donald John Trump then splits hairs in arguing that Section 3 of the 14th Amendment only prevents him from holding office; hence, he should be allowed to campaign in

pursuit of the office he is constitutionally barred from holding.  Courts need not wait for an injury to happen.  Courts are permitted to stop an injury before it happens when the intent of a defendant is to violate the U.S. Constitution.  Defendant Donald John Trump has made it abundantly clear he intends to reclaim the White House and jail his political opponents.[21]  The Court need not wait for the constitutional violation to occur when Defendant Donald John Trump has clearly stated his intent to violate it.  This is not the same as residency that can be changed before one assumes office.

PLAINTIFF HAS STATED A CLAIM

This is a civil action that encompasses a controversy between two candidates for the Republican nomination for the Presidency of the United States that arises under the Constitution. The law is clear: Plaintiff has stated a claim.  Plaintiff is being politically injured.  The Court can remedy this injury by interpreting the U.S. Constitution and enjoining state action that would conflict with its interpretation.  It's that simple.

Section 3 of the 14th Amendment applies to anyone who provides aid or comfort to an insurrection and applies to the President of the United States as explained in Plaintiff's Verified Complaint.  Plaintiff has stated each act that constituted aid and comfort to the insurrection on January 6, 2021.

Defendant Donald John Trump conflates treason, which involves aiding a foreign enemy, with insurrection or rebellion, which involves aiding or comforting a domestic enemy.  There is no requirement of war-making as he baselessly suggests.

**REQUESTED RELIEF**

---

[21] On August 29, 2023, in a televised interview, Glenn Beck asked Defendant Donald John Trump "Do you regret not locking [Hillary Clinton] up? And if you're president again, will you lock people up?"  Defendant Donald John Trump replied "The answer is you have no choice, because they're doing it to us."

Plaintiff requests that this Court deny Defendant Donald John Trump's Motion to Dismiss.

Dated: November 10, 2023.                Respectfully submitted,

                                         By: /s/ *John Anthony Castro*
                                         John Anthony Castro
                                         12 Park Place
                                         Mansfield, TX  76063
                                         (202) 594 – 4344
                                         J.Castro@JohnCastro.com
                                         **Plaintiff** *Pro Se*

## VERIFICATION

Pursuant to 28 U.S.C. § 1746, I, John Anthony Castro, verify, under criminal penalty of perjury, that the entirety of the foregoing document, including any and all accompanying exhibits, are unequivocally true and correct.

Executed on November 10, 2023.

                                         /s/ John Anthony Castro
                                         John Anthony Castro

## CERTIFICATE OF SERVICE

I certify that a true and accurate copy of the foregoing document was filed with the Court on November 10, 2023.  I further certify that a true and accurate copy of the foregoing document was served via CM/ECG on all parties; all of whom are registered with CM/ECF.

                                         /s/ *John Anthony Castro*
                                         John Anthony Castro