IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

|  |  |  |
|---|---|---|
| JOHN ANTHONY CASTRO<br>12 Park Place, Mansfield, TX 76063<br><br>    Plaintiff,<br><br>v.<br><br>SECRETARY OF STATE ANDREW<br>WARNER and DONALD JOHN TRUMP,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 2:23-cv-00598<br><br>The Honorable Irene C. Burger |

## NOTICE OF SUPPLEMENTAL AUTHORITY ON
## INJURY ANALYSIS FOR STANDING

The U.S. Supreme Court has spoken on this precise issue in *U.S. v. SCRAP*. In that case, the U.S. Supreme Court thoroughly explained and refuted the attempt to fabricate a heightened injury requirement for Article III standing:

> "[Defendant] urges us to limit standing to those who have been 'significantly' affected by [state] action. But, even if we could begin to define what such a test would mean, we think it ***fundamentally misconceived***. 'Injury in fact' reflects the statutory requirement that a person be 'adversely affected' or 'aggrieved,' and it serves to distinguish a person with a direct stake in the outcome of a litigation — ***even though small*** — from a person with a mere interest in the problem. We have allowed important interests to be vindicated by plaintiffs with no more at stake in the outcome of an action than a ***fraction of a vote***, *see Baker v. Carr*… ***a $5 fine*** and costs, *see McGowan v. Maryland*… and ***a $1.50 poll tax***, *Harper v. Virginia Bd. of Elections*… As Professor Davis has put it: 'The basic idea that comes out in numerous cases is that an ***identifiable trifle*** is enough for standing to fight out a question of principle; the trifle is the basis for standing and the principle supplies the motivation.'"[1]

---

[1] *U.S. v. SCRAP*, 412 U.S. 669, 690 (1973).

1

Defendants' argument for a heightened injury standard was expressly and unambiguously rejected by the U.S. Supreme Court a half-century ago.[2]

Moreover, any reliance on *Drake v. Obama* for the proposition that one must prove a "potential loss of an election" is similarly misplaced and based on cherry-picked out-of-context quotes. The Ninth Circuit found that the plaintiffs in that case were not candidates at the time the case was filed because the election was already over:

> "The original complaint was filed on January 20, 2009, at 3:26 p.m. Pacific Standard Time, *after* President Obama was officially sworn in as President. The First Amended Complaint was filed on July 14, 2009. Whichever complaint is considered, the 2008 general election was over when it was filed. Once the 2008 election was over and the President sworn in, [Plaintiffs] were no longer "candidates" for the 2008 general election. Moreover, they have not alleged any interest in running against President Obama in the future. Therefore, none of the plaintiffs could claim that they would be injured by the 'potential loss of an election.'"[3]

Dated: November 16, 2023.                    Respectfully submitted,

 

By: /s/ *John Anthony Castro*
John Anthony Castro
12 Park Place
Mansfield, TX  76063
(202) 594 – 4344
J.Castro@JohnCastro.com
**Plaintiff** *Pro Se*

---

[2] The irony is that engaging in this kind of inquiry regarding the level of support of a candidate to discredit him from the bench violates the Political Question Doctrine since there is a lack of judicially manageable standards. That is why the U.S. Supreme Court passed on the issue in *U.S. v. SCRAP* and emphasized that a fraction of a vote or $1 poll tax was enough to create an injury-in-fact. Plaintiff asserts the Political Question Doctrine applies to that analysis making any ruling on that basis invalid as a matter of law to preserve that issue for appellate review.
[3] *Drake v. Obama*, 664 F.3d 774, 783–84 (9th Cir. 2011).

## VERIFICATION

Pursuant to 28 U.S.C. § 1746, I John Anthony Castro, verify under penalty of perjury, that the all of the statements of fact and law herein are true and correct.

Executed on November 16, 2023.

/s/ John Anthony Castro
John Anthony Castro

## CERTIFICATE OF SERVICE

On November 16, 2023, I submitted the foregoing document with the Clerk of this Court either by mail, email, or CM/ECF. It is further certified that all other parties are registered CM/ECF users and will be served via that system.

*/s/ John Anthony Castro*
John Anthony Castro