IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

| | |
|---|---|
| JOHN ANTHONY CASTRO ) <br> 12 Park Place, Mansfield, TX 76063 ) <br>                                         ) <br>     Plaintiff,                          ) <br>                                         ) <br> v.                                      ) <br>                                         ) <br> SECRETARY OF STATE ANDREW                ) <br> WARNER and DONALD JOHN TRUMP,            ) <br>                                         ) <br>     Defendants.                         ) | Case No. 2:23-cv-00598 <br><br> The Honorable Irene C. Burger |

**NOTICE OF SUPPLEMENTAL AUTHORITY**

The U.S. Court of Appeals for the Fourth Circuit in *Goldman v. Brink* found that Goldman did not have standing because he "did not demonstrate that he intends or intended to run for the House of Delegates."[1] Plaintiff agrees that if one is not, at minimum, intending to run, then one does not have standing. Although the Fourth Circuit found that Goldman "failed to show that the defendants' actions have harmed his chances of winning," that was obviously because he was ***not a candidate***. Goldman had no intention of running. Goldman did not declare he was running. Goldman certainly had not applied to be on the ballot.

In fact, Plaintiff argues that *Goldman v. Brink* proves that because, in this case, Plaintiff has declared his candidacy and intends to apply to be on the ballot, he has Article III standing in accordance with Fourth Circuit jurisprudence.

---

[1] *Goldman v. Brink*, 41 F.4th 366, 369 (4th Cir. 2022),

1

More importantly, the U.S. Supreme Court has spoken on this precise issue in *U.S. v. SCRAP*. In that case, the U.S. Supreme Court thoroughly explained and refuted the U.S. Magistrate's fabricated heightened injury requirement for Article III standing:

> "[Defendant] urges us to limit standing to those who have been 'significantly' affected by [state] action. But, even if we could begin to define what such a test would mean, we think it ***fundamentally misconceived***. 'Injury in fact' reflects the statutory requirement that a person be 'adversely affected' or 'aggrieved,' and it serves to distinguish a person with a direct stake in the outcome of a litigation — ***even though small*** — from a person with a mere interest in the problem. We have allowed important interests to be vindicated by plaintiffs with no more at stake in the outcome of an action than a ***fraction of a vote***, *see Baker v. Carr*… ***a $5 fine*** and costs, *see McGowan v. Maryland*… and ***a $1.50 poll tax***, *Harper v. Virginia Bd. of Elections*… As Professor Davis has put it: 'The basic idea that comes out in numerous cases is that an ***identifiable trifle*** is enough for standing to fight out a question of principle; the trifle is the basis for standing and the principle supplies the motivation.'"[2]

Separately, in *Drake v. Obama*, the Ninth Circuit found that the plaintiffs in that case were not candidates at the time the case was filed because the election was already over:

> "The original complaint was filed on January 20, 2009, at 3:26 p.m. Pacific Standard Time, ***after*** President Obama was officially sworn in as President. The First Amended Complaint was filed on July 14, 2009. Whichever complaint is considered, the 2008 general election was over when it was filed. Once the 2008 election was over and the President sworn in, [Plaintiffs] were no longer "candidates" for the 2008 general election. Moreover, they have not alleged any interest in running against President Obama in the future. Therefore, none of the plaintiffs could claim that they would be injured by the 'potential loss of an election.'"[3]

Plaintiff spoken to thousands of West Virginia voters.[4]

In the New Hampshire case (soon to be reversed by the First Circuit), Plaintiff merely acknowledged that, at the time the case was originally filed several months ago, he was a "longshot." However, since then, the Washington Post, Newsweek, and other news agencies

---

[2] *U.S. v. SCRAP*, 412 U.S. 669, 690 (1973).
[3] *Drake v. Obama*, 664 F.3d 774, 783–84 (9th Cir. 2011).
[4] Verified statement pursuant to 28 U.S.C. § 1746.

agreed to stop referring to Plaintiff as a longshot since he now has more name recognition than Asa Hutchison and Doug Burgum among Republican voters.

Dated: November 16, 2023.  Respectfully submitted,

By: /s/ *John Anthony Castro*
John Anthony Castro
12 Park Place
Mansfield, TX  76063
(202) 594 – 4344
J.Castro@JohnCastro.com
**Plaintiff** *Pro Se*

## VERIFICATION

Pursuant to 28 U.S.C. § 1746, I John Anthony Castro, verify under penalty of perjury, that the all of the statements of fact and law herein are true and correct.

Executed on November 16, 2023.

/s/ John Anthony Castro
John Anthony Castro

## CERTIFICATE OF SERVICE

On November 16, 2023, I submitted the foregoing document with the Clerk of this Court either by mail, email, or CM/ECF.  It is further certified that all other parties are registered CM/ECF users and will be served via that system.

/s/ *John Anthony Castro*
John Anthony Castro