IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

| | | |
|---|---|---|
| JOHN ANTHONY CASTRO | ) | |
| 12 Park Place, Mansfield, TX 76063 | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:23-cv-00598 |
| | ) | The Honorable Irene C. Burger |
| SECRETARY OF STATE ANDREW | ) | |
| WARNER and DONALD JOHN TRUMP, | ) | |
| | ) | |
| Defendants. | ) | |

**MOTION TO TAKE NOTICE OF ADJUDICATIVE FACTS**

**FROM COLORADO STATE DISTRICT COURT**

**REGARDING DEFENDANT DONALD JOHN TRUMP**

On Friday, November 17, 2023, a Colorado State District Court case,[1] in which Defendant Donald John Trump was an Intervenor in a civil action that sought to have him disqualified under Section 3 of the 14th Amendment, found the following:

(1) Section 3 of the 14th Amendment is self-executing;[2]

---

[1] *See* Exhibit A, Colorado District Court's Final Order.

[2] Section 3 of the 14th Amendment applies "without federal enforcement legislation." *See* Paragraph 13. *See also Case of Davis*, 7 F. Cas. 63, 90 (C.C.D. Va. 1871) ("[With regard to the] third section of the fourteenth constitutional amendment… it will be agreed that it executes itself, acting *proprio vigore*. It needs no legislation on the part of congress to give it effect. From the very date of its ratification by a sufficient number of states it begins to have all the effect that its tenor gives it. If its provisions inflict punishment, the punishment begins at once… It does not say that congress shall, in its discretion, prescribe the punishment for persons who swore they would support the authority of the United States and then engaged in rebellion against that authority, but itself pronounces the penalty and inflicts the punishment."). On December 5, 1868, the "Chief Justice instructed the reporter to record him as having been of opinion… that the indictment should be quashed, and all further proceedings barred by the [self-executing] effect of the fourteenth amendment to the constitution of the United States." *But see In re Griffin*, 11 F. Cas. 7 (C.C.D. Va. 1869) ("To accomplish this ascertainment [of a violation of Section 3 of the 14th Amendment] and ensure effective results, proceedings, evidence, decisions, and enforcements of decisions, more or less formal, are indispensable; and these can only [in the year 1869] be provided for by congress."). As noted by the U.S. Court of Appeals for the Fourth Circuit, these "contradictory holdings… draw both cases into question and make it hard to trust Chase's interpretation.  It might seem that Chase was motivated by Confederate sympathies or some sort of prejudice, as he twisted § 3 one way to help arch-Confederate Jefferson Davis and then twisted it the other to ratify decisions by a former-Confederate judge." *Cawthorn v. Amalfi*, 35 F.4th 245, 279 (4th Cir. 2022). Since then,

1

(2)   Donald John Trump engaged in insurrection;[3]

However, the Court, based on dubious semantics,[4] found:

(3)   Section 3 of the 14th Amendment does not apply to the Office of the Presidency of the United States because the President is not an "officer of the United States."[5]

<u>COLORADO COURT FINDING IN RE "WE LOVE YOU. YOU'RE VERY SPECIAL."</u>

In Paragraph 187, the Colorado Court found that Defendant Donald John Trump "endorsed the actions of the mob trying to stop the peaceful transfer of power. It did not condemn the mob but instead sympathized with them and praised them."

<u>THE U.S. SUPREME COURT CONSIDERS THE PRESIDENT AN "OFFICER"</u>

The U.S. Supreme Court, however, disagrees on the issue of whether the President of the United States and Commander-in-Chief of the United States Armed Forces is an "Officer of the United States."

"The President is but the creature of the Constitution, one of the agencies created by it to carry it into practical operation; and it would be strange if [the President] should be permitted to exert his agency in violating that [Constitution], and then claim exemption from the process of the court whose duty it is to guard it against abuses, because he is the chief executive *officer* of the government."[6]  The wording of this case is eerily on-point and worth a second reading.

---

Congress has provided for them: the Federal Rules of Civil Procedure were adopted in 1938 and the Federal Rules of Evidence adopted in 1972.  The federal judiciary has developed far beyond that which existed in 1869, which was Chief Justice Salmon P. Chase's primary concern.  Therefore, we now have a system to ensure effective results, proceedings, evidence, decisions, and enforcement of decisions.  Chief Justice Salmon P. Chase's only objections have been satisfied.

[3] "[T]he Court finds that Petitioners have established that Trump engaged in an insurrection on January 6, 2021 through incitement, and that the First Amendment does not protect Trump's speech." *See* Paragraph 298

[4] Grammar, the use of words and phrases, changes with time. For that reason, Plaintiff cites cases from the late 1800s to reveal that "officer of the United States" was intended to include the President. Moreover, Senate floor debates during the ratification of the Amendment also reveal the intent of the framers that the President was covered by Section 3 of the 14th Amendment. When one Senator objected and asked whether the Office of the Presidency was included, another Senator re-read "any office" after which the objecting Senator withdrew his objection.

[5] *See* Paragraph 313.

[6] *State of Mississippi v. Johnson*, 71 U.S. 475, 478–79 (1866).

The U.S. Supreme Court, on multiple occasions in the late 1800s, referred to "the President as chief executive *officer*."[7] The "chief executive *officer* of this government, the president of the United States."[8] The "chief executive *officer*, the president of the United States."[9] "It must be presumed that he acted under the orders of his superior *officer*, the President."[10]

Even as recently as 1982, the U.S. Supreme Court stated that the "President is the superior officer."[11]

## RELIEF REQUESTED

Pursuant to Fed. R. Evid. 201, Plaintiff moves this Court to take formal judicial notice of these adjudicated facts.

Dated: November 19, 2023.                    Respectfully submitted,

                                             By: /s/ *John Anthony Castro*
                                             John Anthony Castro
                                             12 Park Place
                                             Mansfield, TX  76063
                                             (202) 594 – 4344
                                             J.Castro@JohnCastro.com
                                             **Plaintiff *Pro Se***

---

[7] *Ex parte Milligan*, 71 U.S. 2, 18, 18 L. Ed. 281 (1866).
[8] *Hickory v. U.S.*, 151 U.S. 303, 313 (1894).
[9] *Starr v. U.S.*, 153 U.S. 614, 627 (1894).
[10] *Mechanics' & Traders' Bank v. Union Bank of La.*, 89 U.S. 276, 297 (1874).
[11] *Nixon v. Fitzgerald*, 457 U.S. 731, 774 (1982) (quoting 4 J. Elliot, Debates on the Federal Constitution 48 (1876 ed.)).

## VERIFICATION

Pursuant to 28 U.S.C. § 1746, I John Anthony Castro, verify under penalty of perjury, that the all of the statements of fact and law herein are true and correct.

Executed on November 19, 2023.

/s/ John Anthony Castro
John Anthony Castro

## CERTIFICATE OF SERVICE

On November 19, 2023, I submitted the foregoing document with the Clerk of this Court either by mail, email, or CM/ECF. It is further certified that all other parties are registered CM/ECF users and will be served via that system.

*/s/ John Anthony Castro*
John Anthony Castro