THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

| | |
|---|---|
| JOHN ANTHONY CASTRO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 2:23-cv-00598 |
| ) | |
| ANDREW WARNER, in his official capacity as ) West Virginia Secretary of State, and ) DONALD J. TRUMP, ) | |
| ) | |
| Defendants, ) | |
| ) | |
| And ) | |
| ) | |
| WEST VIRGINIA REPUBLICAN PARTY, ) | |
| ) | |
| Intervenor. ) | |

WEST VIRGINIA REPUBLICAN PARTY'S SUPPLEMENT TO ITS MOTION FOR
SUMMARY JUDGMENT [ECF No. 42]

COMES NOW, Intervenor West Virginia Republican Party (or the "State Party") and, pursuant to the Court's order entered on October 31, 2023, hereby supplements its motion for summary judgment as follows.

I. **ARGUMENT**

The flaws in Plaintiff John Anthony Castro's standing in this case remain unabated, regardless of the submission of his so-called affidavit of candidacy. Moreover, the jurisdictional reasons why the Fourteenth Amendment does not provide Castro a cause of action remain unchanged, as do the legal arguments for dismissing the case regardless of any fact that Castro may aver. Accepting every statement in Castro's affidavit of candidacy

as true, he nonetheless lacks a cause of action to constitutionally disqualify a presidential candidate.

### A. JOHN ANTHONY CASTRO CONTINUES TO LACK STANDING TO BRING HIS NOVEL CLAIM, DESPITE THE FACTUAL ALLEGATIONS CONTAINED IN HIS AFFIDAVIT OF CANDIDACY.

As this Court has converted the motions to dismiss to motions for summary judgment [*see* ECF No. 66], the factual allegations contained in Castro's complaint are no longer taken as true. When a court examines the facts to determine whether a plaintiff has standing, "the presumption of truthfulness normally accorded a complaint's allegations does not apply, and the district court is entitled to decide disputed issues of fact with respect to subject matter jurisdiction." *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009).

The burden of proof lies on the plaintiff to establish standing. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992) ("[E]ach element [of standing] must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, *i.e.*, with the manner and degree of evidence required at the successive stages of the litigation."); *see also TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2209 (Nov. 3, 2023). To establish standing at the summary judgment stage, the "plaintiff can no longer rest on such 'mere allegations,' but must 'set forth' by affidavit or other evidence 'specific facts,' Fed. Rule Civ. Proc. 56(e), which for purposes of the summary judgment motion will be taken to be true." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992); *see also Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Thus, to prevail, Castro must demonstrate his standing by a preponderance of the evidence.

Summary judgment is appropriate under Rule 56 if "the movant shows that there is

2

no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[W]hen a court considers a summary judgment motion, '[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor.'" *Greater Baltimore Ctr. for Pregnancy Concerns, Inc. v. Mayor & City Council Baltimore*, 721 F.3d 264, 283 (2013) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)). But, as the Supreme Court has made clear in *Celotex Corp. v. Catrett*, 477 U.S. 317, 319 (1986), in some circumstances a moving party for summary judgment may not need itself to provide extensive affirmative evidence. As the Court explained, "the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id.* at 322. Thus, "the movant may rely on depositions, answers to interrogatories, and the like, to demonstrate that the plaintiff has no evidence to prove his case and hence that there can be no factual dispute." *Id.* at 328 (White, J., concurring).

While the West Virginia Republican Party primarily adheres to this nuanced summary-judgment posture to address this standing question, the West Virginia Republican Party nonetheless does introduce two particular items of material evidence to support summary judgment in its favor and to further demonstrate Castro's lack of candidacy. Attached and incorporated herein by reference are two exhibits: Exhibit A, Declaration of Benjean Rapp, Chair of County Chairs for the West Virginia Republican Party, and Exhibit B, Declaration of Kyle David Saunders, Executive Director of the West

3

Virginia Republican Party. Even if all averments in John Anthony Castro's "affidavit of candidacy" are taken as true, he still fails to provide the requisite evidence necessary to establish his standing to bring this lawsuit.

      **i.    Plaintiff Castro has Failed to Provide Sufficient Evidentiary Support for His Claim That His Presidential-Qualification Lawsuit is Ripe.**

As has been noted by previous filings in this case, standing is a jurisdictional threshold requirement for lawsuits, including declaratory lawsuits. Standing continues to pose problems for those who try to challenge the constitutional qualifications for presidential candidates, including most recently Plaintiff Castro himself in many cases, including *Castro v. Trump*, 2023 U.S. Dist. LEXIS 194440, *1 (S.D. Fla. June 23, 2023) (ruling that "Plaintiff's Complaint is DISMISSED for lack of Article III standing and ripeness.") and *Castro v. N.H. Sec'y of State*, 2023 U.S. Dist. LEXIS 192925, *1 (D. N.H. October 27, 2023) (same).

The problem with the "political competitor" exception upon which Plaintiff Castro relies (a problem that the New Hampshire District Court discussed in detail in its examination of that issue), is that a plaintiff purporting to rely on that exception must "truly [be] in competition" with the allegedly ineligible candidate. *Liberty Legal Found. v. Nat'l Dem. Party of the USA, Inc.*, 875 F. Supp. 2d 791, 800-01 (W.D. Tenn. 2012). *One* of the reasons why Castro cannot claim to be a political competitor is that he is not challenging a rival on any ballot.

As discussed in the State Party's previous filing, an individual is not even eligible to receive votes in the primary in West Virginia unless the person has filed a certificate of

announcement with the Secretary of State, and such individual is not an official ballot candidate until such a filing has occurred. W. Va. Code § 3-5-7. Plaintiff Castro fails to aver in his affidavit of candidacy that he or President Trump have filed the statutorily required certificate of announcement. Instead, he avers that he intends "either appear on the 2024 Republican primary ballot in this state or to file documentation to be a formally recognized write-in candidate in the primary election." [ECF No. 68, Affidavit of Candidacy and Media Coverage, ¶ 3], and that he intends to pay a nominal fee to appear on the ballot. [*Id.* ¶ 4]. In fact, this Court's order converting the motions to dismiss to motions for summary judgment correctly notes that "candidates must file certificates of announcement for the upcoming primary between January 8 and January 27, 2024." [ECF No. 66, Court's Order Converting Motions to Dismiss to Motions for Summary Judgment]. Without having actually filed a certificate of candidacy in West Virginia, Castro simply cannot claim to be a candidate for political office in West Virginia.

Plaintiff Castro devotes the bulk of his evidentiary submission to listing the publications that have discussed the various circumstances wherein his other similar cases have been dismissed. Such discussion of in similar cases hardly provides him standing here. In his "affidavit of candidacy," Castro fails to identify *any* actual steps he has taken to be placed on the West Virginia presidential ballot. Nothing about his affidavit changes the fact that he has failed to present a ripe claim. He is not challenging a rival on the ballot, as neither he nor President Trump, has filed certificates of announcement to be placed on the ballot. Nothing about his submitted affidavit casts any genuine dispute on the material fact that Castro is not currently a candidate for President in the State of West Virginia.

      ii.    **The Harm Castro Asserts is Highly Speculative and Will not Be Redressed by Disqualifying President Trump.**

Plaintiff Castro continues to speculate that if President Trump is not disqualified as a presidential candidate, Plaintiff Castro's prospects for success as a presidential candidate will be injured. But Castro's Affidavit of Candidacy does not allege that he has campaigned in West Virginia, that he has voters or contributors in West Virginia, or that he will benefit from voter or contributor defections from President Trump to himself. He does not allege that he has any serious campaign action at all in the state or that any Trump supporter, in any circumstance whatsoever, would change their support from President Trump to Castro should President Trump be disqualified. Castro does not point to any current political activity in West Virginia at all. In his Complaint, Plaintiff Castro speculates that people might support him if President Trump was disqualified from office, speculating that "thousands" of voters would support him if President Trump were disqualified from office. [Verified Complaint, ECF No. 1, ¶25, at p. 10].

Despite these speculative claims, Castro has failed to, despite being given the opportunity to do so by this Court, provide any evidentiary support for those speculations. Though this Court has specifically and directly given Castro the opportunity to support his assertions, he failed to do so, choosing instead to share news articles about his other dismissed cases thereby multiplying the time and expense necessary to oppose his unfounded positions. Castro does not point to any West Virginia voter that intends to support him or that he has conducted any political activity in West Virginia. Accordingly, the fact remains that he lacks a valid legal claim.

In contrast, the West Virginia Republican Party attaches hereto documentary evidence demonstrating the speculative nature of Castro's claims. Benjean Rapp, Chair of County Chairs for the West Virginia Republican Party [Rapp Dec. ¶ 2, Exh. A], explains in her declaration that based upon her personal knowledge of Republican political activity throughout each county in West Virginia, John Castro has not actually conducted any campaign efforts in West Virginia. [Rapp Dec. ¶ 8]. furthers. Ms. Rapp's declaration provides affirmative evidence that Castro is not now, nor has he ever been a political candidate in West Virginia and is therefore not entitled to the special solicitude of standing that political candidates can receive.

    **B.    ASIDE FROM HIS LACK OF STANDING, PLAINTIFF CASTRO LACKS A CAUSE OF ACTION BECAUSE THE FOURTEENTH AMENDMENT DOES NOT PROVIDE A SELF-EXECUTING FORM OF AFFIRMATIVE RELIEF.**

Regardless of the veracity of any of Plaintiff Castro's actual factual allegations, he lacks any affirmative cause of action or enforcement mechanism under Section Three of the Fourteenth Amendment. In its earlier filing (incorporated herein by reference) the State Party detailed specific legal precedents, particularly *Griffin's Case*, 11 F. Cas. 7, 22 (C.C.D. Va. 1869), which thoroughly demonstrates that only Congress can provide the means of enforcing Section Three of the Fourteenth Amendment. As discussed in more detail in that brief, many courts have since continued to follow that rule and recognized that the Fourteenth Amendment is not self-executing. *see Rothermel v. Meyerle*, 136 Pa. 250, 254 (1890) (citing *Griffin's Case*, 11 F. Cas. at 26) ("[I]t has also been held that the fourteenth amendment, as indeed is shown by the provision made in its fifth section, did not execute itself."); *see also Cale v. Covington*, 586 F.2d 311 (4th Cir. 1978).

In Footnote 2 of Castro's document styled "Motion to Take Notice of Adjudicative Facts," [ECF No. 74], Castro attempts to respond to this argument. Ignoring the other cases cited for this argument, he solely focuses on *Griffin's Case*. He cites *Case of Davis*, 7 F. Cas. 63, 90 (C.C.D. Va. 1871), attempting to cast doubt on the conclusion in *Griffin's Case*. However, there are several problems with this argument. First and most importantly, Plaintiff Castro falsely claims to be quoting the Fourth Circuit. He is not. *Cawthorn v. Amalfi*, 35 F.4th 245, 279 (4th Cir. 2022), is a citation to a concurrence, not the majority opinion of the court, which solely addressed a statutory issue. The governing majority opinion on this issue remains *Cale v. Covington*, 586 F.2d 311 (4th Cir. 1978), a case Plaintiff Castro ignores, which cites *Griffin's Case* approvingly and agrees with its conclusion.

Second, this attack on Chief Justice Chase's credibility is both irrelevant, in light of the Fourth Circuit's approval of his conclusion, and simply false: Chief Justice Salmon Chase was a Republican member of Lincoln's cabinet, the treasury secretary who funded the Civil War, and a close associate of the Republicans of the 1860s. *See* Randy Barnett, *From Antislavery Lawyer to Chief Justice: The Remarkable but Forgotten Career of Salmon P. Chase*, 63 CASE W. RES. 653, 659 (2013). He made significant contributions to antislavery legal history, arguing against the constitutionality of the Fugitive Slave Act in the United States Supreme Court. *Jones v. Van Zandt*, 46 U.S. 215, 223 (1847).

Third, Plaintiff Castro misunderstands the way in which *Griffin's Case* and *Case of Davis* are in fact consistent. *Case of Davis* deals with whether the Fourteenth Amendment is self-executing as a shield or defense. This is a very different thing from the issue

8

presented both in this case and in *Griffin's Case* which was whether the Fourteenth Amendment provides a self-executing cause of action. The Fourth Circuit confirmed in detail in *Covington* that those are separate questions. In short, the Fourteenth Amendment provides a self-executing defense, but it does *not* create a cause of action.

*No* provision of the Fourteenth Amendment provides a self-executing cause of action. For a cause of action to exist under federal law, Congress must specifically authorize it. *Alexander v. Sandoval*, 532 U.S. 275, 286 (2001) ("Like substantive federal law itself, private rights of action to enforce federal law must be created by Congress."). Section 5 of the Fourteenth Amendment explicitly confers enforcement power on Congress to determine "whether and what legislation is needed to" enforce the Fourteenth Amendment. *Katzenbach v. Morgan*, 384 U.S. 641, 651 (1966); *Pac. Mut. Life Ins. Co. v. Haslip*, 499 U.S. 1, 33 (1991) (Scalia, J., concurring) ("It cannot rightly be said that the Fourteenth Amendment furnishes a universal and self-executing remedy. Its function is negative, not affirmative, and it carries no mandate for particular measures of reform."); *Ownbey v. Morgan*, 256 U.S. 94, 112 (1921) ("[I]t cannot rightly be said that the Fourteenth Case Amendment furnishes a universal and self-executing remedy."); *see Cedar-Riverside Associates, Inc. v. City of Minneapolis*, 606 F.2d 254 (8th Cir. 1979) (stating that Congress intended 42 U.S.C. § 1983 as an exclusive remedy for constitutional violations committed by municipalities and that "no reason exists to imply a direct cause of action (for such violations) under the fourteenth amendment."); *Foster v. Michigan*, 573 F. App'x. 377, 391 (6th Cir. 2014) ("[W]e have long held that § 1983 provides the exclusive remedy for constitutional violations."); *Burns-Toole v. Byrne*, 11 F.3d 1270, 1273 n.3 (5th Cir. 1994)

9

(providing that § 1983 is the appropriate vehicle for asserting violations of constitutional rights); *Azul-Pacifico, Inc. v. City of Los Angeles*, 973 F.2d 704, 705 (9th Cir. 1992) ("We have previously held that a litigant complaining of a violation of a constitutional right must utilize 42 U.S.C. § 1983."). Section 1 of the Fourteenth Amendment is not self-executing, as courts have made repeatedly clear. Castro advances no legal reason – and there is none – that this could any different for any other provision of the Fourteenth Amendment.

Congress enforces the Fourteenth Amendment, not individual plaintiffs. Plaintiff Castro simply has no individual right to seek to enforce the Amendment with congressional authorization. The Fourth Circuit made this clear in *Cale v. Covington*, 586 F.2d 311 (4th Cir. 1978).

For these reasons, and those advanced in the West Virginia Republican Party's Motion to Dismiss, now converted to a Motion for Summary Judgment, its Memorandum of Law in Support [ECF No. 42], as well as those reasons advanced by the Defendants and Intervenor President Donald Trump, the West Virginia Republican Party urges this Court to GRANT its Motion for Summary Judgment in this matter.

Dated:  November 21, 2023.  Respectfully submitted,

/S/ELGINE HECETA MCARDLE
Elgine Heceta McArdle, WVID 6249
MCARDLE LAW OFFICE
2139 Market Street
Wheeling, West Virginia 26003
Phone: 304-232-0700
Fax: 304-214-1703
elgine@mcardlelawoffice.com

THE AMERICAN CENTER FOR LAW AND JUSTICE
JAY ALAN SEKULOW*
  (D.C. Bar No. 496335)
JORDAN SEKULOW*
  (D.C. Bar No. 991680)
STUART J. ROTH*
  (D.C. Bar No. 475937)
ANDREW J. EKONOMOU*
  (GA Bar No. 242750)

BENJAMIN P. SISNEY*
 (D.C. Bar No. 1044721)
NATHAN MOELKER*
 (VA Bar No. 98313)
201 Maryland Avenue, NE
Washington, D.C. 20002
Telephone: (202) 546-8890
Facsimile: (202) 546-9309
Email: bsisney@aclj.org

*Counsel for Intervenor*

*Admitted pro hac vice.

## CERTIFICATE OF SERVICE

I hereby certify that on this 21st day of November, 2023, the foregoing document was electronically transmitted to the Clerk of Court using the ECF System for filing and was transmitted to those individuals receiving Notice of Electronic Filings in this matter.

/s/ELGINE HECETA MCARDLE
Elgine Heceta McArdle, WVID 6249
MCARDLE LAW OFFICE
2139 Market Street
Wheeling, West Virginia 26003
Phone: 304-232-0700
Fax: 304-214-1703
elgine@mcardlelawoffice.com

*Counsel for Intervenor*

11