IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

JOHN ANTHONY CASTRO,

    Plaintiff,

v.

SECRETARY OF STATE ANDREW
WARNER, and DONALD JOHN TRUMP,

    Defendants,

WEST VIRGINIA REPUBLICAN PARTY,

    Intervenor-Plaintiff.

Civil Action No. 2:23-cv-00598
The Honorable Irene C. Berger

## **RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR JUDICIAL NOTICE**

    Defendant Donald John Trump, by counsel, hereby responds in opposition to Plaintiff's November 19, 2023, Motion to Take Notice of Adjudicative Facts from Colorado State District Court Regarding Defendant Donald John Trump, [CM/ECF No. 74.]

    Plaintiff asks this Court to take "formal judicial notice" of certain "adjudicated facts" found in a November 17, 2023, decision of the Colorado State District Court. [CM/ECF No. 74 at 1-2.] But "[o]nly indisputable facts are susceptible to judicial notice." *Nolte v. Capital One Financial Corp.*, 390 F.3d 311, 317 (4th Cir. 2004).[1] It is "well established" in the Fourth Circuit that facts adjudicated in a prior case "do not meet either test of indisputability contained in Rule 201(b)." *Corbitt v. Baltimore City Police Dep't*, 2023 WL 3793997, *6 (D. Md. June 2, 2023) (quoting *United States v. Zayyad*, 741 F.3d 452, 463-64 (4th Cir. 2014)). While a court "may take judicial notice of the proceedings of another court," it may not "take judicial notice of another court's

---

[1] Under Federal Rule of Evidence 201, federal courts "may judicially notice a fact that is not subject to reasonable dispute because it (1) is generally known within the trial court's territorial jurisdiction, or (2) can be accurately and readily be determined from sources whose accuracy cannot reasonably be questioned."

findings of fact for the truth asserted therein." *Hughes v. Freightliner, LLC*, No. 7:04CV00309, 2006 WL 1842997, at *1 (W.D. Va. June 29, 2006). As such, "a court should not take judicial notice of 'any specific factual finding, legal reasoning, or legal conclusion' from another case." *Corbitt*, 2023 WL 3793997, *6 (quoting *United States v. Daley*, 378 F. Supp. 3d 539, 542 (W.D. Va. 2019)).

Judicial notice of the findings of the Colorado court in this instance would be even more inappropriate than in the run of the mill case for two reasons. First, as the opinion itself makes clear, the court ultimately found in President Trump's favor on a legal ground. Every one of its factual findings and legal rulings apart from that legal ruling—that Section 3 of the 14th Amendment did not, as a matter of law, apply to President Trump—was unnecessary to its holding and, therefore, dicta. Which brings us to the second point. Judicial notice is not the proper vehicle to seek judicial recognition of facts found in another proceeding. In appropriate cases, collateral estoppel is, but this is not an appropriate case. As the court explained in *In re Alexander,* 524 B.R. 82, 88 (E.D. Va 2014):

> Generally, even though a court may take judicial notice of a document filed in another court to establish the fact of such litigation, courts cannot take judicial notice of the factual findings of another court. *Taylor v. Charter Med. Corp.,* 162 F.3d 827, 830 (5th Cir.1998) (noting agreement by the Courts of Appeal for the Second, Eighth, and Eleventh Circuits). "If it were permissible for a court to take judicial notice of a fact merely because it has been found to be true in some other action, the doctrine of collateral estoppel would be superfluous." *United States v. Jones,* 29 F.3d 1549, 1553 (11th Cir.1994).

*Id.*

Collateral estoppel "forecloses the relitigation of issues of fact or law that are identical to issues which have been actually determined and necessarily decided in prior litigation in which the party against whom [collateral estoppel] is asserted had a full and fair opportunity to litigate." *In re Microsoft Corp. Antitrust Litigation*, 355 F.3d 322, 326 (4th Cir. 2004) (quoting *Sedlack v.*

2

*Braswell Servs. Group, Inc.*, 134 F.3d 219, 224 (4th Cir. 1998).  Here, collateral estoppel cannot lie for two reasons.  First, collateral estoppel applies only where there has been a final, non-appealable judgment.  *See, e.g., Ramsay v. United States Immigration & Naturalization Serv.*, 14 F.3d 206, 210 (4th Cir. 1994) ("the prior judgment must be final").  The Colorado trial court's ruling—issued just last Friday—is a far cry from final.

Second, collateral estoppel precludes relitigation of issues that were "actually litigated and resolved in a prior judgment" if, but only if, "that issue was essential" to the judgment. *Zappin v. Ramey*, No. 3:22-0080, 2023 WL 1469995, *10 (S.D.W. Va. Feb. 2, 2023).  "When the jury or the court makes findings of fact, but the judgment is not dependent those findings, they are not conclusive between the parties in a subsequent action."  18 James W. Moore, et al., *Moore's Federal Practice* ¶ 132.03 (2011).  In other words, if the finding was dicta or otherwise unnecessary to the decision, it cannot have preclusive effect.  *In re Microsoft*, 355 F.3d at 327 (gathering cases construing "necessary" to mean "material," "indispensable," and "requisite"); *id.* at 332 (Gregory, J., concurring) (reaching a narrower reading of "necessary" than the majority, but still finding that collateral estoppel "prevents nonessential dicta and ancillary findings from being afforded preclusive effect"); *Steele v. Sailing Vessel Polaris*, 508 F. Supp. 3d 1, 9 (D. Md. 2020) (concluding that "mere[] dictum" is not "essential to the judgment" for purposes of collateral estoppel).

As a practical matter, this means that President Trump, as the prevailing party in the Colorado litigation, cannot be collaterally estopped by any of the court's adverse findings or rulings because they were, by definition, not essential to the judgment.  *See* Restatement (Second) of Judgments § 28 cmt. a (collateral estoppel does not apply if "the party who lost on the issue obtained a judgment in his favor"); *Bobby v. Bies*, 556 U.S. 825, 829 ("Issue preclusion, in short,

3

does not transform final judgment losers . . . into partially prevailing parties."); *Partmar Corp. v. Paramount Pictures Theatre Corp.*, 347 U.S. 89, n.6 ("[W]hen a finding of law or fact is not necessary for a decree . . . the prevailing party may not appeal and the finding does not form the basis for collateral estoppel.").

Because President Trump *prevailed* on a separate legal issue, all of the Colorado trial court's findings and legal rulings adverse to him were, by definition, not necessary to its holding and therefore cannot form the basis for collateral estoppel against him. Nor can Castro avoid the requirements for the application of collateral estoppel by calling it "judicial notice."

Accordingly, President Trump has no objection to this Court taking notice of the decision itself (like the supplemental authorities noticed previously). [*See* CM/ECF Nos. 56, 59, 64, 69.] But Plaintiff's request for judicial notice of the legal holdings and factual findings of the Colorado District Court is improper. These issues are far from undisputed; in *this* case, the parties have filed significant briefing on disputed issues that cannot be disregarded by judicial notice. Doubly so, here, given that Plaintiff himself disputes the core holding of the Colorado State District Court decision. [CM/ECF No. 74 at 2.][2] This Court can take judicial notice of the decision itself, but not the legal holdings and factual findings, which remain disputed.

For these reasons, President Trump opposes Plaintiff's Motion for Judicial Notice, [CM/ECF No. 74.]

---

[2] Plaintiff improperly takes the opportunity to argue against the Colorado State Court decision and to supplement the legal arguments he made in dismissal briefing. [*See* CM/ECF No. 74 at 2-3.]

5

DONALD JOHN TRUMP,

By Counsel,

*/s/ J. Mark Adkins*
J. Mark Adkins (WVSB #7414)
Richard R. Heath, Jr. (WVSB #9067)
William M. Lorensen (WVSB #13223)
BOWLES RICE LLP
600 Quarrier St.
Charleston, West Virginia 25301
(304) 347-1100
madkins@bowlesrice.com
rheath@bowlesrice.com
wlorensen@bowlesrice.com

## **CERTIFICATE OF SERVICE**

The undersigned counsel does hereby certify that on the **21st** day of **November, 2023**, the foregoing ***Response in Opposition to Plaintiff's Motion for Judicial Notice*** was served upon all parties of record electronically via the Court's CM/EMF system as follows:

John Anthony Castro
12 Park Place
Mansfield, Texas 76063
J.Castro@CastroAndCo.com
*Pro Se Plaintiff*

Elgine Heceta McArdle
MCARDLE LAW OFFICE
2139 Market Street
Wheeling, West Virginia 26002
elgine@mcardlelawoffice.com

-and-

Jay Alan Sekulow
Jordan A. Sekulow
Stuart J. Roth
Andrew J. Economou
Benjamin P. Sisney
Nathan J. Moelker
THE AMERICAN CENTER FOR LAW
AND JUSTICE
201 Maryland Avenue, NE
Washington, DC 20002
sekulow@aclj.org
jordansekulow@aclj.org
sroth@aclj.org
aekonomou@aclj.org
bsisney@aclj.org
nmoelker@aclj.org
*Counsel for Intervenor-Plaintiff West Virginia Republican Party*

Douglas P. Buffington, II
 Chief Deputy Attorney General
Curtis R. A. Capehart
 Deputy Attorney General
Chanin Wolfinbarger Krivonyak
 Deputy Attorney General
Office of the Attorney General
1900 Kanawha Blvd. E., Bldg 1, Rm 26E
Charleston, West Virginia 25305
Doug.P.Buffington@wvago.gov
Curtis.R.A.Capehart@wvago.gov
ckrivonyak@wvago.gov
*Counsel for Defendant Andrew Warner, West Virginia Secretary of State*

Michael R. Williams
 Principal Deputy Solicitor General
David E. Gilbert
 Deputy Attorney General
State Capitol Complex
Building 1, Room E-26
michael.r.williams@wvago.gov
dgilbert@wvago.gov
*Counsel for Intervenor The State of West Virginia – Patrick Morrisey, Attorney General*

                    */s/ J. Mark Adkins*
                    J. Mark Adkins (WVSB #7414)