IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

JOHN ANTHONY CASTRO,

    *Plaintiff*,

v.

SECRETARY OF STATE
ANDREW WARNER and
DONALD JOHN TRUMP,

    *Defendants*.

WEST VIRGINIA REPUBLICAN PARTY
and STATE OF WEST VIRGINIA,

    *Intervenors*.

Civil Action No. 2:23-cv-00598

Honorable Irene C. Berger

## STATE OF WEST VIRGINIA'S RESPONSE TO PLAINTIFF'S MOTION TO TAKE NOTICE OF ADJUDICATIVE FACTS

Plaintiff John Anthony Castro requests this Court to take "formal judicial notice" of certain supposed "adjudicative facts." ECF No. 74, at 3. Castro asks the Court to notice three things: (1) dictum from a Colorado state court decision explaining why the Fourteenth Amendment is purportedly self-executing, (2) dictum from the same decision finding that President Donald Trump allegedly engaged in insurrection,[*] and (3) a holding from that decision that the Fourteenth Amendment does not apply to President Trump because he is not an "officer of the United States." *Id.* at 1-2.

The first and third items are not subject to judicial notice because they are not facts but conclusions. The Court "may judicially notice a *fact*." Fed. R. Evid. 201(b) (emphasis added).

---

[*] It's not clear from his motion whether Castro wants this Court to take judicial notice of the Colorado court's conclusion that President Trump "engaged in insurrection" or its finding that President Trump "endorsed the actions of the mob" and "sympathized with … and praised" the mob's activities. *See* ECF No. 74, at 2.

1

Meanwhile, "judicial notice of legal conclusions or legal reasoning … would be inappropriate." *United States v. Daley*, 378 F. Supp. 3d 539, 546 (W.D. Va. 2019); *see also*, *e.g.*, *Boshea v. Compass Mktg., Inc.*, No. 21-00309, 2023 WL 7089917, at *5 (D. Md. Oct. 26, 2023); *France v. Mackey*, No. 2:20-CV-2424, 2020 WL 6385562, at *9 (D.S.C. Oct. 7, 2020) (same). "[A] court may take notice of another court's order only for the limited purpose of recognizing the 'judicial act' that the order represents or the subject matter of the litigation." *United States v. Jones*, 29 F.3d 1549, 1553 (11th Cir. 1994). But Castro inappropriately asks the Court to take judicial notice for the truth of the matters contained in the opinion.

In any event, these legal conclusions from an out-of-state trial court add nothing new. The State has already explained why the Fourteenth Amendment is not, in fact, self-executing. *See* ECF No. 44, at 17-18. The Colorado decision—which provides no substantive discussion of the "self-execution" issue—does not change that analysis. *See* ECF No. 74-1, at 6. Nor does it change the reality that the Fourth Circuit has already held otherwise. *See Cale v. City of Covington*, 586 F.2d 311, 316 (4th Cir. 1978). And the Colorado court *agreed* with the State's argument that President Trump is not an "officer" subject to disqualification under the Fourteenth Amendment. *Compare* ECF No. 74-1, at 95-101 (applying a textual approach to conclude that presidents are not "officers" under the amendment), *with* ECF No. 44, at 18-20 (same). To be sure, Castro tries to supplement his briefing on this latter point against him, ECF No. 74, at 2-3, but his preferred 1800s-era dicta do not even pertain to the Fourteenth Amendment. "[T]he argument overlooks the cardinal rule to construe provisions in context." *United States v. Balsys*, 524 U.S. 666, 673 (1998); *see also Lamar v. United States*, 240 U.S. 60, 65 (1916) ("The same words may have different meanings in different parts of the same act, and of course words may be used in a statute in a different sense from that in which they are used in the Constitution.").

As for the second item—that is, the Colorado court's factual finding that President Trump supposedly engaged in insurrection—the Court cannot take judicial notice of that finding, either. Even this so-called "finding" reflects numerous embedded conclusions of law—like the meaning of "insurrection" and "engage," *see* ECF 74-1, at 66-78—and amounts to a legal conclusion about an element of eligibility under Amendment 14, Section 3. (There's a reason the "finding" appears in a section titled "conclusions of law." *Id.* at 95.) Regardless, "it is well established within the United States Court of Appeals for the Fourth Circuit that facts adjudicated in a prior case do not meet either test of indisputability contained in Rule 201(b)." *Corbitt v. Baltimore City Police Dep't*, No. CV 20-3431, 2023 WL 3793997, at *5 (D. Md. June 2, 2023) (quoting *United States v. Zayyad*, 741 F.3d 452, 463-64 (4th Cir. 2014)). For good reason. Most obviously, judicial notice is reserved for undisputed facts, and "another court['s] factual findings … do not satisfy the not-subject-to-reasonable-dispute requirement." *New Mexico ex rel. Balderas v. Real Est. L. Ctr., P.C.*, 430 F. Supp. 3d 761, 875 (D.N.M. 2019). But other "evidentiary problems lurk when taking judicial notice of another court's factual findings in a different case." *Mueller v. Syrian Arab Republic*, No. 1:18-CV-01229, 2023 WL 1398434, at *2 (D.D.C. Jan. 31, 2023). Among other things, "they are not a first-hand account of the actual events," so "they constitute hearsay." *Id.*

Here again, the Colorado court's dictum is not helpful, anyway. The State—alongside other parties, for that matter—has explained why "President Trump did not engage in any acts that would disqualify him under Section 3." ECF No. 44, at 22-23. That discussion centered on the allegation in *this* complaint, not the roving-commission-style exposition found in the Colorado court's discussion. *See, e.g.*, ECF No. 74-1, at 25 n.12 (making findings of facts and conclusions of law on concededly moot issues "[b]ecause of the Parties' extraordinary efforts in this matter"). And to get to its conclusion, the Colorado court embraced broad definitions of "engage" and

3

"insurrection" while giving short shrift to the First Amendment—evidently (at least in large part) because the court found President Trump's past rhetoric distasteful. *See, e.g.*, *id.* at 94-95; *contra Rowan v. Greene*, No. 2222582, slip op. at 16 (Ga. Off. Admin. Hearing May 6, 2022), *available at* https://bit.ly/3MOcoRO (refusing to find that a representative had engaged in insurrection in connection with the January 6 events by "expressing constitutionally-protected political views").

If the Court is inclined to take its cues from out-of-state decisions, it would do better to look to decisions from Michigan (where the court dismissed a similar challenge to Trump's candidacy under the political-question doctrine) or Minnesota (where the Minnesota Supreme Court found that similar claims were unripe or inappropriate for court decision). *See Growe v. Simon*, No. A23-1354, slip op. (Minn. Nov. 16, 2023), *available at* https://bit.ly/3R7XmsE; *LaBrant v. Benson*, No. 23-000137-MZ, slip op. (Mich. Ct. Cl. Nov. 14, 2023), *available at* https://bit.ly/3R6VWyI. But for all the reasons the parties have already laid out, the law is clear enough that Castro's complaint should be dismissed even without that persuasive authority.

The Court should deny Castro's motion for the Court to take judicial notice.

Respectfully submitted,

**THE STATE OF WEST VIRGINIA**

PATRICK MORRISEY
ATTORNEY GENERAL

*/s/ Michael R. Williams*
Michael R. Williams (WV Bar # 14148)
  *Principal Deputy Solicitor General*
David E. Gilbert (WV Bar # 12157)
  *Deputy Attorney General*
State Capitol Complex
Building 1, Room E-26
michael.r.williams@wvago.gov
dgilbert@wvago.gov
Telephone: (304) 558-2021
Dated: November 21, 2023      Facsimile: (304) 558-0140