IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

JOHN ANTHONY CASTRO,

    *Plaintiff*,　　　　　　　　　　　　　Civil Action No. 2:23-cv-00598

    v.　　　　　　　　　　　　　　　　Honorable Irene C. Berger

SECRETARY OF STATE
ANDREW WARNER and
DONALD JOHN TRUMP,

    *Defendants*.

WEST VIRGINIA REPUBLICAN PARTY
and STATE OF WEST VIRGINIA,

    *Intervenors*.

## STATE OF WEST VIRGINIA'S OPPOSITION TO PLAINTIFF'S OBJECTION, MOTION TO BE HEARD, AND MOTION FOR RECONSIDERATION

    Plaintiff John Anthony Castro has filed an "objection" to the Court's purported choice to take "judicial notice of adjudicative facts in another case without notice to Plaintiff" when the Court recently dismissed Castro's suit for lack of standing. ECF No. 92, at 1. Castro asks for an opportunity to be heard and requests that the Court reconsider its decision on summary judgment. For several reasons, the Court should deny Castro all the relief he asks for.

    *First*, the Court did not take judicial notice of anything. Instead, the Court merely described the reasoning and holdings of other courts that have addressed similar claims from Castro filed in other districts. *See* ECF No. 88, at 10-12. After noting how it found those opinions persuasive, the Court then drew its own independent conclusions from the facts of this case. *Id.* at 12-14. Using prior opinions as persuasive authority in this way—without taking formal judicial notice of those opinions—is the daily fare of common-law courts. "Not surprisingly, a judge is not required

1

to take judicial notice of a judicial decision under Rule 201 because a judicial decision is a matter of law, not evidence." *Mitchell v. United States*, No. 1:15-CR-00040-JAW-3, 2020 WL 5942316, at *7 (D. Me. Oct. 7, 2020); *see also, e.g.*, *Eidmann v. Walgreen Co.*, 522 F. Supp. 3d 634, 642 (N.D. Cal. 2021) ("[T]he Court may consider these cases as persuasive authority, but need not grant judicial notice of the orders."). So Castro's entire filing rests on a faulty premise.

*Second*, even if the Court had taken judicial notice of evidence in other cases, Castro has already had his opportunity to be heard. Federal Rule of Evidence 201(e) does not require "under all circumstances, a formal hearing." *Amadasu v. The Christ Hosp.*, 514 F.3d 504, 508 (6th Cir. 2008) (cleaned up). As many courts have recognized, when one party proposes that a court take judicial notice, then the opposing party has a sufficient opportunity to be heard if it can address that request in its next brief. *See, e.g.*, *In re Lisse*, 905 F.3d 495, 497 (7th Cir. 2018); *Am. Stores Co. v. Comm'r of Internal Revenue*, 170 F.3d 1267, 1271 (10th Cir. 1999); *Ricketts v. CBS Corps.*, No. CV1903895DSFMRWX, 2020 WL 3124218, at *4 n.8 (C.D. Cal. Mar. 19, 2020); *Stevens v. Roy*, No. 17-CV-4921 (SRN/TNL), 2018 WL 4907593, at *8 (D. Minn. May 29, 2018); *MAZ Encryption Techs., LLC v. Blackberry Ltd.*, 347 F. Supp. 3d 283, 293 (N.D. Tex. 2018). Here, Castro already had an opportunity to address the use of material from other courts in his response briefs, his supplemental submissions on standing, his responses to notices of supplemental authority, and this very "objection." But even now, his objection only alludes vaguely to hearsay concerns. No further hearing, then, would be necessary.

*Third*, assuming again that the Court had taken judicial notice (which it did not), that choice would have been appropriate here. The Court may "take judicial notice of the records of a court of record." *Lolavar v. de Santibanes*, 430 F.3d 221, 225 n.2 (4th Cir. 2005); *see also Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989). At most, that's all the Court chose to

do in its opinion. In response, Castro can only suggest that one of the decisions that the Court cited in turn "improperly relied on hearsay in media reports." ECF No. 92, at 1 (apparently referencing *Castro v. Fontes*, No. CV-23-01865-PHX-DLR, 2023 WL 8436435, at *1 (D. Ariz. Dec. 5, 2023)). But Castro never identifies the specific objectionable content, never explains how it constituted hearsay, never describes why that hearsay poisoned the entirety of the Arizona court's decision, and never addresses why that fatal flaw would in turn undermine this Court's reliance on the decision. In essence, Castro offers only a conclusory collateral attack on another district-court's opinion. That attack is no reason for *this* Court to revisit its work—especially because, if he's referring to his own statements, the material isn't even hearsay. *See* Fed. R. Evid. 801(d)(2). Beyond his "hearsay" objection to the Arizona decision, Castro also refers to certain "other cases." But without more explanation, that passing reference is no basis for relief, either.

*Fourth*, and finally, Castro believes that this Court's decision was "premature" because he expects to "file[] to be on the ballot in West Virginia" "in two weeks." ECF No. 92, at 1-2. Castro says the Court should have "postponed consideration of this matter," *id.* at 2, even though Castro never sought a stay or took any other steps to delay the case. Yet in rendering its decision, this Court "presumed that both Mr. Trump and Mr. Castro will take the necessary procedural steps to appear on the ballot." ECF No. 88, at 13 n.3. In other words, Castro's plan to file as a candidate in West Virginia—however true it might be—made no ultimate difference to Court's decision. The Court did not "prematurely" act when it declined to wait for an immaterial event to occur. And at bottom, Castro has not identified any "intervening change in controlling law," "new evidence not available" on summary judgment, or "clear error of law or … manifest injustice" that would justify post-judgment reconsideration. *Long v. Richmond*, No. 2:22-CV-00274, 2022 WL 14915627, at *2 (S.D.W. Va. Oct. 25, 2022).

For these reasons, the Court should deny Castro's motion.  Castro has already tried to appeal the Court's decision to the Fourth Circuit, and that appeal has only been delayed by Castro's own meritless post-judgment filing.  Quickly denying this motion would allow the appeal to advance—and allow the parties to end this unjustified lawsuit completely, once and for all.

        Respectfully submitted,

        **THE STATE OF WEST VIRGINIA**

        PATRICK MORRISEY
        ATTORNEY GENERAL

        */s/ Michael R. Williams*
        Michael R. Williams (WV Bar # 14148)
         *Principal Deputy Solicitor General*
        David E. Gilbert (WV Bar # 12157)
         *Deputy Attorney General*
        State Capitol Complex
        Building 1, Room E-26
        michael.r.williams@wvago.gov
        dgilbert@wvago.gov
        Telephone: (304) 558-2021
Dated: January 3, 2024        Facsimile: (304) 558-0140